## IN THE UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF ALABAMA
### RECEIVED DIVISION

WILLIAM CALVIN BULLARD, 2007 SEP 10 P 4:49

      **Plaintiff,**

v.

**STEVEN GALLAHER; FRITO LAY,
INC.; ROLLING FRITO LAY SALES,
L.P.; FRANKLIN TIRE & AUTO, INC.,**

      **Defendants.**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**Case No.** 3:07CV 812-WKW

\*
\*   **Removed from the Circuit Court of**
\*   **Russell County, Alabama,**
\*   **Case No. CV-07-900077**
\*
\*

### NOTICE OF REMOVAL

**Frito Lay Inc., Rolling Frito Lay Sales LP** and **Steven Gallaher** (collectively referred

to as "Frito Lay") file this Notice of Removal of Civil Action No. CV-07-9-077 from the Circuit

Court of Russell County, Alabama, to the United States District Court for the Middle District of

Alabama, Eastern Division, respectfully showing the Court as follows:

#### Preliminary Statement

1.     The jurisdictional bases for this removal are 28 U.S.C. §§ 1332, 1441, and 1446

because there is diversity of citizenship between Plaintiff and all properly joined defendants and

the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In addition,

venue is proper in this court under 28 U.S.C. § 81(b)(3).

2.     On August 8, 2007, Plaintiff William Calvin Bullard ("Plaintiff") filed a

Complaint in the Circuit Court of Russell County, Alabama, styled *William Calvin Bullard v.*

*Steven Gallaher, et al.,* Civil Action No. 07-900077. A true and correct copy of all process,

pleadings, and other papers served on Defendants in that action is attached as Exhibit A.

1/1616578.1

3.      Defendant Franklin Tire & Auto Inc. ("Franklin Tire") was served by certified mail on August 11, 2007; Defendant Steven Gallaher was served by certified mail on August 18, 2007; and the Frito Lay Defendants were served by certified mail on August 13, 2007. *See* Exhibit A.

4.      Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty (30) days of service of the Summons and the Complaint.

5.      The time in which Defendants are required by state law or rules of court to answer or plead in response to the Complaint in state court has not expired.

6.      This action could have been filed in this Court pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and the only properly joined Defendant, and the amount-in-controversy requirement is satisfied.

### The Parties

7.      Plaintiff is a resident citizen of Alabama. (Compl. ¶ 1.)

8.      Defendant Steven Gallaher is a resident citizen of Georgia. *Id.* at ¶ 4.

9.      Defendant Frito Lay Inc. is a Delaware corporation with its principal place of business in Texas, and Rolling Frito Lay Sales LP is a Delaware limited partnership with its principal place of business in Texas; however, they are incorrectly named in the Complaint. *Id.* at ¶¶ 2-3.

10.     Defendant Franklin Tire is an Alabama corporation with its principal place of business in Alabama.  However, as shown below, Franklin Tire has been fraudulently joined and, as such, its citizenship is properly disregarded for jurisdictional purposes. *Id.* at ¶ 5.

11.     For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

12.    Complete diversity of citizenship exists between Plaintiff and the properly joined Defendants.

### Plaintiff's Complaint

13.    Plaintiff's Complaint contains five counts.

14.    Counts One and Two allege negligence and wantonness against Frito Lay Inc., Rolling Frito Lay Sales LP, and Steven Gallaher. *Id.* at ¶¶ 11-26.

15.    Counts Three and Four allege negligent and wanton entrustment and negligent and wanton hiring against Frito Lay Inc. and Rolling Frito Lay Sales LP. *Id.* at ¶¶ 27-36.

16.    Count Five seeks workers' compensation benefits from Defendant Franklin Tire. *Id.* at ¶ 37-43.

### Diversity Jurisdiction—Citizenship and Fraudulent Joinder

17.    The Alabama citizenship of Franklin Tire is not a bar to removal.  Franklin Tire has been fraudulently joined, and, therefore, its citizenship must be disregarded. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

18.    A party has been fraudulently joined when (1) there is no possibility that the plaintiff can establish a cause of action against that party, (2) the plaintiff fraudulently pleaded jurisdictional facts, or (3) or a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and the claim has no real connection to the claim against the non-diverse defendant. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). *See also Tapscott,* 77 F.3d at 1360 n. 17.

19.    In this case, there is no possibility that the Plaintiff can establish a cause of action against Franklin Tire for workers' compensation benefits.  First, the Plaintiff was an independent

contractor and not eligible for workers' compensation benefits from Franklin Tire.  Second, even

if the Plaintiff were an employee and not an independent contractor, the Plaintiff is barred from

seeking workers' compensation benefits due to his failure to give notice of his claim.

20.    Plaintiff works for Franklin Tire as a tow truck driver on an on-call, as-needed

basis.  *See* Affidavit of R. Franklin (attached as Exhibit B) at ¶ 2.  He is not a regular, full-time

employee of Franklin Tire, and Franklin Tire considers him to be an independent contractor.  *Id.*

Even though he drives Franklin Tire's wrecker to do the towing, Franklin Tire does not direct the

manner in which he does his work.  *Id.*  Thus, as an independent contractor, Mr. Bullard would

not be eligible for workers' compensation benefits from Franklin Tire.  *Birmingham Post Co. v.*

*Sturgeon*, 227 Ala. 162, 149 So. 74 (Ala.1933)

21.    Even if there is a dispute about the Plaintiff's status as an independent contractor,

Plaintiff's recovery of any workers' compensation benefits is still barred pursuant to *Mid-South*

*Electric Co. Inc. v. Jones*, 848 So. 2d 998 (Ala. Civ. App. 2002), as explained below.

22.    The Plaintiff's accident occurred on June 30, 2006, over fourteen months ago.

(Franklin Aff. at ¶ 3.)  Although Mr. Bullard did notify Franklin Tire that he had been involved

in an accident, he never indicated to Franklin Tire that he would be making a workers'

compensation claim, he never filed a claim, and he never asked to be referred to Franklin Tire's

workers' compensation doctor.  *Id.*

23.    Alabama's workers' compensate statute requires an employee to give notice of an

accident to his employer.  ALA. CODE § 25-5-78 (1975).  Section 25-5-79 goes on to describe the

contents required for the notice of the accident, which includes the fact "that compensation may

be claimed therefor...."  The purpose of the notice requirement is to give an employer an

opportunity to make a prompt examination, provide proper treatment, and protect itself against

simulated or exaggerated claims. *Ex parte Brown & Root Inc.*, 726 So. 2d 601, 602 (Ala. 1998), quoting *Russell Coal Co. v. Williams*, 550 So. 2d 1007, 1012 (Ala. Civ. App. 1989).

24.     Defendants do not dispute that Franklin Tire knew an accident had occurred; however, in the fourteen months since the accident, the Plaintiff has never sought workers' compensation benefits, has never asked to be referred to a medical provider through Franklin Tire or its workers' compensation carrier, and has never indicated that there was a possibility he would be making a workers' compensation claim. (Franklin Aff. ¶ 3.)   Mr. Bullard's concealment of his intention to seek workers' compensation benefits deprived Franklin Tire of the ability to investigate the claim, provide medical treatment, oversee the medical treatment, and protect itself against exaggerated claims.

25.     Plaintiff's medical treatment over the past fourteen months has been extensive. According to a letter and medical records received from Plaintiff's counsel, the Plaintiff has already incurred $28,000 in medical expenses, including surgical repair of his cervical spine, and he expects to incur, by Plaintiff's own conservative estimate, an additional $61,000 in future medical expenses. *See* Exhibit C (Letter from Plaintiff's counsel dated May 7, 2007).   Plaintiff was first treated by his own family physician. *Id.*  He was then treated by a second doctor who performed a CT scan of his brain.  *Id.*  Next, he was treated for six months by a third doctor at Herring Spine & Rehabilitation. *Id.*  He was then referred to a fourth doctor at The Orthopaedic Clinic. *Id.* After five months at The Orthopaedic Clinic, the fourth doctor ordered an MRI and, a couple of months later, performed a cervical fusion. *Id.*  Franklin Tire has had no involvement in selecting the Plaintiff's medical providers or overseeing his medical treatment. (Franklin Aff. ¶ 4.)

26.    In *Mid-South*, the plaintiff gave verbal notice to her employer of the accident, but she told her treating physician that she had been injured at home.    *Mid-South*, 848 So. 2d at 999. She did not file a workers' compensation claim because she wanted to go back to work and she did not want to be treated by a physician selected by her employer. *Id.* at 1000.    She waited eleven months before making a workers' compensation claim. *Id.*    In reversing the trial court's award of workers' compensation benefits to the plaintiff, the Court held:

> We conclude that the employee cannot now, after making a deliberate decision not to elect workers' compensation coverage and to receive extensive medical treatment (including two surgeries) from a physician of her own choosing, decide to seek workers' compensation benefits.    The employee testified that she was injured at work in January 1998.    She filed her workers' compensation claim in November 1998.    Dr. White performed surgery on the employee after the injury in January 1998 and again in 1999.
>
> The purpose of the notice requirement of § 25-5-78 is to enable the employer to "make a prompt examination, provide proper treatment, and protected itself against simulated or exaggerated claims."
>
> The employee's deliberate decision to conceal the fact that she suffered a work-related injury defeats these purposes because the employer did not have the opportunity to investigate the employee's injury and did not have the opportunity to monitor or manage the employee's medical treatment. Therefore, we conclude that the employee is now barred from seeking workers' compensation benefits after she made a deliberate and calculated decision to seek medical treatment under her health insurance coverage and to take disability leave from work instead of filing a workers' compensation claim.

*Id.* (citations omitted).

27.    Like the plaintiff in *Mid-South*, the Plaintiff in this case made a deliberate decision not to seek medical care through Franklin Tire's workers' compensation insurance and to receive extensive medical treatment, including surgical repair of his cervical spine, from four physicians of his own choosing.    Because Franklin Tire has been denied the opportunity to

monitor or manage his medical treatment, under *Mid-South* he is now barred from seeking workers' compensation benefits. *Id.*

28.    Adding local defendants to a case to defeat diversity jurisdiction, when the Plaintiff has no possibility of establishing a cause of action against the defendant "can only be characterized as a sham, at the unfair expense of not only [the target defendant] but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication of lawsuits against [the real target defendant] in a federal forum." *Legg v. Wyeth*, 428 F.3d 1317, 1321 (11th Cir. 2005) (discussing the "common strategy" of adding local sales representatives used by the plaintiffs in the Wyeth diet drug litigation).

29.    It is obvious from Plaintiff's conduct in never seeking workers' compensation coverage and receiving extensive medical care from four physicians of his own choosing, which included surgery on his cervical spine, that the real target in this case is Frito Lay. The only possible reason for adding Franklin Tire to this lawsuit is to carry out a "sham" on the Court and the parties in order to keep this case from being litigated in federal court. This tactic is unfair to Frito Lay and especially to Franklin Tire, which will be forced to hire counsel and litigate this matter.

30.    If this Court determines that Franklin Tire has not been fraudulently joined, Frito Lay requests that the Court sever the workers' compensation claim from the remaining claims and remand the workers' compensation claim to state court. Because Franklin Tire's consent to removal is required if Franklin Tire is not a fraudulently joined defendant, Frito Lay has attached Franklin Tire's Consent to Removal (attached as Exhibit D). Frito Lay is filing a separate Motion to Sever and Remand with this Notice of Removal, in accordance with *Bryant v. Wausau Underwriters Ins. Co.*, 2007 WL 1159699 (M. D. Ala. Apr. 18, 2007). In *Bryant*, the defendants

removed a case containing an outrage claim and a workers' compensation claim. In finding that the outrage claim was properly removed, Judge Fuller retained jurisdiction over the outrage claim, severed the workers' compensation claim, and remanded the workers' compensation claim to state court. *Id.* at *2. A copy of Judge Fuller's opinion is attached as Exhibit E. Frito Lay also attaches as Exhibit F a copy of the order in *White v. Travelers Ins. Co.*, Case No. 01-0398-S from the Southern District of Alabama, in which Judge Steele severed a workers' compensation claim and remanded it to state court.

31.    As demonstrated above, Franklin Tire has been fraudulently joined to this lawsuit simply to defeat diversity jurisdiction. The Plaintiff was an independent contractor who is not covered under Alabama's workers' compensation statute. Further, even if the Plaintiff were an employee of Franklin Tire, his fourteen-month delay in seeking benefits, coupled with his receiving extensive medical treatment by physicians of his own choosing, denied Franklin Tire of the right to investigate the claim and manage his medical treatment. This delay is a bar to recovery for workers' compensation benefits, making it impossible for the Plaintiff to establish a cause of action against Franklin Tire, a fraudulently joined defendant who citizenship should be disregarded. Finally, even if Franklin Tire is not fraudulently joined, removal is still proper; the Court should retain jurisdiction of the claims against Frito Lay and sever and remand the workers' compensation claim.

**Diversity Jurisdiction—Amount in Controversy**

32.    Diversity jurisdiction also exists in this case because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

33.    When a plaintiff makes an unspecified claim for damages, as in this case, the removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Tapscott*, 77 F.3d at 1359.

34.    In addition to mental anguish and punitive damages, the Plaintiff's Complaint seeks compensation for his past and future injuries and lost wages. These components alone exceed $75,000. According to the letter from Plaintiff's counsel attached as Exhibit C, the Plaintiff's medical expenses thus far are over $28,000; the Plaintiff's own conservative estimate of future medical expenses is $61,000; and the Plaintiff has over $2000 in lost wages, for a total of $91,000. The attached letter demands $600,000 to settle the case, but, based *only* on the Complaint's request for compensation for past and future medical expenses and lost wages, without any consideration for future loss of income or the other damages sought (including mental anguish and punitive damages), it is clear that the amount in controversy exceeds $75,000.[1]

35.    Frito Lay acknowledges that *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir., 2007), the Eleventh Circuit's recent case addressing removals when there is an unspecified amount of damages in the complaint, is controlling law. In *Lowery*, while discussing the difficulty of applying the preponderance of evidence standard when there is no evidence before the court to consider, the court stated that "...any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon.") *Id.* at 1211. Nonetheless, the Court recognized that the

---

[1] It is interesting to note that the attached settlement demand letter from Plaintiff contemplates filing a lawsuit in the Middle District of Alabama. The letter states: "If my client were to commence litigation, he would do so in the United States District Court for the Middle District of Alabama...." *See* Exhibit C. Plaintiff's counsel enclosed jury venire information for the Middle District of Alabama and enclosed a copy of the Complaint to be filed in the Middle District of Alabama. *Id.*

Eleventh Circuit has adopted the preponderance standard in the "naked pleading" context. *Id.* at 1210.

36.    Unlike *Lowery*, however, in this case the Court does have evidence before it to make an informed assessment of the amount in controversy.  The attached letter from Plaintiff's counsel establishes that the Plaintiff's past medical expenses, future medical expenses, and lost wages satisfy the amount-in-controversy requirement.   The instant case, in which the Court has evidence to consider, is similar to the cases distinguished by the *Lowery* court in discussing the difficulty of applying the preponderance standard: *Tapscott*, 77 F.3d at 1357 n. 10 ("At oral argument, attorney for Appellants conceded that if considered in the aggregate, punitive damages would exceed [the jurisdictional amount]"); *Gafford v. General Elec. Co.*, 997 F.2d 150, 160-61 (6th Cir. 1993) (noting that the defendant's employee testified during a pretrial hearing on jurisdiction that the plaintiff's claims for back pay would satisfy the amount in controversy requirements); and *Garza v. Bettcher Indus. Inc.*, 752 F.Supp. 753 (E.D. Mich. 1990) (determining that additional evidence submitted by the defendant in support of its motion for reconsideration indicated that it was "more likely than not" that the amount in controversy was satisfied)). *Lowery*, 483 F.3d at 1209-10.

37.    The *Lowery* court goes on to state that "the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents.  If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Id.* at 1211.

38.    In addressing the scope of evidence on which a removing defendant may rely to establish jurisdiction, the court stated:

Thus, under §1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under §1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars.

*Id.* at 1214-15 (internal footnotes and citations omitted).

39.    In the instant case, neither the Court nor Frito Lay must speculate or "look to the stars" to see that the amount in controversy exceeds $75,000. The Complaint and demand letter, signed by Plaintiff's counsel and received by Defendants from the Plaintiff, unambiguously seeks compensation for Plaintiff's past and future medical treatment and lost wages. The Plaintiff himself valued these items at hard dollar amounts totaling approximately $91,000 and then demanded $600,000 to settle the case. Therefore, the Court can readily deduce from the documents before it that the amount in controversy requirement is satisfied.

WHEREFORE, Frito Lay prays that the action bearing Civil Action No. CV-07-9-077 in the Circuit Court of Russell County, Alabama, be removed to and proceed in this Court and that no further proceedings be had in said case in the Circuit Court of Russell County, Alabama.

Respectfully submitted,

_____

Charles A. Stewart III (CAS067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of this document on the following on the _10th_ day of September, 2007, by United States Mail, properly addressed and first class postage prepaid:

       Michael Slocumb
       Slocumb Law Firm LLC
       2006 Executive Park Drive, Suite A
       Opelika, AL  36801

       Franklin Tire & Auto, Inc.
       1975 East University Drive
       Auburn, Alabama  36830

_____
OF COUNSEL

ELECTRONICALLY FILED
8/8/2007 3:33 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM CALVIN BULLARD | ) |
| | ) |
|     **Plaintiff,** | )    Civil Action No.: CV 07-9-077 |
| **v.** | ) |
| | ) |
| ROLLING FRITO LAY SALES, L.P., and | ) |
| FRITO LAY, INC., and STEVEN GALLAHER, | ) |
| Individually, and FRANKLIN TIRE & AUTO, | ) |
| INC., And Fictitious Defendants "A", "B", and | ) |
| "C", whether singular or plural, those other | ) |
| persons, corporations, firms or other entities | ) |
| whose wrongful conduct caused or contributed | ) |
| to cause the injuries and damages to Plaintiff, | ) |
| all of whose true and correct names are | ) |
| unknown to Plaintiff at this time, but will be | ) |
| added by amendment when ascertained, | ) |
| | ) |
|     **Defendants.** | |

---

### COMPLAINT

This is an action by Plaintiff, William Calvin Bullard, individually, against

Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, individually,

and Franklin Tire & Auto, Inc., for personal injuries and damages sustained by the

Plaintiff as the result of a motor vehicle collision that occurred on June 30, 2006.

### PARTIES, JURISDICTION, VENUE

1.

The Plaintiff, Calvin Bullard, was a resident and citizen of Lee County, Alabama

and employee of Franklin Tire & Auto, Inc., at all times material to the issues in this

case.

2.

Defendant, Rolling Frito Lay Sales, L.P., is a limited partnership organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

3.

Defendant, Frito Lay, Inc., is the general partner of Defendant Rolling Frito Lay Sales, L.P., and is organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

4.

Defendant, Steven Gallaher, is a citizen of Bonaire, Georgia and was an employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., and was doing business for said Defendants, Rolling Frito Lay Sale, L.P., and Frito Lay, Inc., in Russell County, Alabama at all times material to the issues in this case.

5.

Defendant Franklin Tire & Auto, Inc., is the employer of Plaintiff, William Calvin Bullard and is organized under the laws of the State of Alabama, maintains its principal place of business in Lee County, Alabama and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On June 30, 2006, Defendant, Steven Gallaher, individually, (hereinafter referred to as "Defendant Gallaher") was operating a tractor trailer owned by Defendants, Rolling

Frito Lay Sales, L.P., (hereinafter referred to as "Frito Lay") and Frito Lay, Inc., in a southerly manner along and upon United States Highway 280 in Russell County, Alabama.

7.

At said time and place, Plaintiff, William Calvin Bullard, was operating a tow truck in a southerly manner, along and upon United States Highway 280 and ahead of the tractor trailer being operated by Defendant Gallaher.

8.

At said time and place, Plaintiff was stopped in traffic on said U.S. Highway 280.

9.

At said time and place, Defendant Rolling Frito Lay Sales, L.P., and Defendant Frito Lay's agent and/or employee, Defendant Gallaher, failed to yield to Plaintiff's stopped tow truck in the southbound lane of said Highway 280, collided with said tow truck Plaintiff was operating, and caused the Plaintiff to suffer and sustain the injuries and damages described and referred to in the Counts that follow hereinbelow.

10.

At the time of the motor vehicle collision that is the subject of this case, Defendant Gallaher was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

## COUNT ONE
### (Based On Negligence)

11.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., Frito Lay, Inc., and Steven Gallaher, individually.

12.

Plaintiff, William Calvin Bullard, re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

13.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a negligent manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield of said tow truck, (c) cause the rear windshield to shatter as a result of Plaintiff's head striking the same and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 16 hereinbelow.

14.

In causing said tractor trailer to crash into the tractor trailer in which Plaintiff was riding, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., agent and/or employee, Defendant Gallaher:

    (a).    Negligently failed to exercise ordinary care.

    (b).    Negligently failed to keep a proper look out.

    (c).    Negligently failed to maintain proper control of said tractor trailer.

    (d).    Negligently failed to yield the tow truck Plaintiff was operating.

(e)     Otherwise acted in negligent disregard of the rights and safety of the

Plaintiff and others traveling on said public highway at said time and

place.

15.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, on said

occasion constitutes common law negligence. The Plaintiff further avers that the acts and

conduct of the said Defendant Gallaher on said occasion were in violation of one or more

of the following Rules of the Road of the State of Alabama which constitute negligence

as a matter of law:

(a).    Too Fast For Conditions
(b)     Speeding
(c).    Reckless Driving
(d)     Following Too Closely
(e)     Defective Equipment

16.

As the proximate consequence of said negligence, Defendants' agent and/or

employee, Defendant Gallaher, (a) in violating said Rules of the Road, and (b) in

colliding with the tow truck Plaintiff was operating, Plaintiff, Calvin Bullard, was caused

to suffer and sustain the following injuries and damages:

**Plaintiff Calvin Bullard was injured externally and internally. He
trauma to the front and back of his neck. He was caused to undergo a
cervical fusion and discetomy. He was caused to have foreign material
placed in his cervical spine as a result of said cervical fusion, which
said foreign material is permanent. He was rendered incapable of
performing his normal work functions and his future ability to earn
income has been limited. He suffered lost wages and will be caused to
suffer lost wages in the future. He was rendered less able to perform
his normal daily activities. He suffered physical pain, mental anguish,**

anxiety and emotional distress. He was otherwise injured and
damaged.

17.

The Plaintiff avers that said negligent acts and conduct of the said Defendant

Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales, L.P., and

Defendant Frito Lay, Inc., and Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.,

and Defendant Gallaher, are jointly and severally liable to the Plaintiff for all injuries and

damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain

and suffer in the future, as a results of said negligent acts and conduct of the said

Defendant Gallaher.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against the

Defendants for compensatory damages (general and special) in such an amount as this

Court may award, together with all costs and expenses incurred in the prosecution of this

case.

## COUNT TWO
### (Based On Recklessness and Wantonness)

18.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this

Count are Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher,

individually.

19.

Plaintiff, Calvin Bullard, re-alleges, adopts and incorporates herein by reference

as a part of this Count all of the averments of paragraphs 1 through 10 and Count One

hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a reckless and wanton manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield in said tow truck, (c) cause the rear windshield to shatter upon being struck by Plaintiff's head, and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 23 hereinbelow.

21.

In causing said tractor trailer to crash into the tow truck in which Plaintiff was operating, Defendants, Rolling Frito Lay Sales and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher:

  (a).   Recklessly and Wantonly failed to exercise ordinary care.

  (b).   Recklessly and Wantonly failed to keep a proper look out.

  (c).   Recklessly and Wantonly failed to maintain proper control of said tractor trailer.

  (d).   Recklessly and Wantonly failed to yield the tow truck Plaintiff was operating.

  (e)    Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

22.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher,

on said occasion constitutes statutory recklessness and wantonness.

23.

As the proximate consequence of said recklessness and wantonness of

Defendants, Rolling Frito Lay Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee,

Defendant Gallaher, in colliding with the tow truck Plaintiff was operating, Plaintiff was

caused to suffer and sustain the following injuries and damages:

> **Plaintiff Calvin Bullard was injured externally and internally. He
> trauma to the front and back of his neck. He was caused to undergo a
> cervical fusion. He was caused to have foreign material placed in his
> cervical spine as a result of said cervical fusion and discetomy, which
> said foreign material is permanent. He was rendered incapable of
> performing his normal work functions and his future ability to earn
> income has been limited. He suffered lost wages and will be caused to
> suffer lost wages in the future. He was rendered less able to perform
> his normal daily activities. He suffered physical pain, mental anguish,
> anxiety and emotional distress. He was otherwise injured and
> damaged.**

24.

The Plaintiff avers that said reckless and wanton acts and conduct of the said

Defendant Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales,

L.P., and Frito Lay, Inc., and  Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.,

and Steven Gallaher, are jointly and severally liable to the Plaintiff for all injuries and

damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain

and suffer in the future, as a results of said reckless and wanton acts and conduct of the

said Defendant Gallaher.

25.

The Plaintiff claims both compensatory and punitive damages of the Defendants.

26.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that, at said time and place, Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, consciously or deliberately engaged in reckless, willful and wanton conduct with regard to the Plaintiff.

WHEREFORE, Plaintiff, Calvin Bullard, demands judgment against the Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher, individually, for compensatory damages (general and special) and for punitive damages, in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT THREE
## (Based On Negligent and Wanton Entrustment)

27.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

28.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

29.

The Plaintiff avers that on the occasion made the basis of this case, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., negligently and wantonly entrusted said tractor trailer to the said Steven Gallaher; that the said Steven Gallaher was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor trailer entrusted to him; and that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., knew, or by the exercise of reasonable care should have known, that the said Steven Gallaher was unsuitable to have said vehicle entrusted to him.

30.

The Plaintiff avers that through the exercise of reasonable care, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., would have discovered that Defendants' agent and/or employee, Steven Gallaher, had a poor driving history.

31.

The Plaintiff further avers that said negligent and wanton entrustment of said tractor trailer to the said Steven Gallaher (a) is combined with the negligent, reckless and wanton acts and conduct of the said Steven Gallaher, and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs, William Calvin Bullard, demands judgment against Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for compensatory and punitive damages in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT FOUR
### (Based On Negligent and Wanton Hiring, Training, Retention and Supervision)

32.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., and Frito Lay, Inc.

33.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

34.

The Plaintiff avers that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., hired, trained, retained and supervised Defendant Gallaher as a driver for an 18-wheel tractor-trailer.

35.

The Plaintiff avers that the Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.:

(a).    Acted in a negligent, reckless and wanton manner in hiring Defendant Gallaher as a tractor-trailer truck driver,

(b).    Acted in a negligent, reckless and wanton manner in retaining Defendant Gallaher as a tractor-trailer truck driver,

(c).    Acted in a negligent, reckless and wanton manner in failing to properly train, monitor and supervise Defendant Gallaher as a tractor-trailer truck driver, and

(d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Gallaher qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., entrusted to Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

36.

The Plaintiff further avers that his injuries and damages are the proximate result of said negligence and wantonness of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., in negligently, recklessly and wantonly hiring, training, retaining, monitoring and supervising the said Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

WHEREFORE, the Plaintiff, William Calvin Bullard, demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc. (a) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff has suffered and sustained, and that the Plaintiff will suffer and sustain in the future, as the results of said motor vehicle collision, and (b) for all compensatory damages (and all elements of compensatory damages) that it will take to make the Plaintiff fully whole, and (c) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff may be entitled to recover of said Defendants upon the testimony and evidence adduced on the trial of this case in such an amount as this Court may award.

The Plaintiff, William Calvin Bullard, also demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for punitive damages in such an amount as this Court may award in order to punish said Defendants and in order to deter said Defendants and others from committing similar acts and conduct in the future.

### COUNT FIVE
### (Workers Compensation)

37.

Plaintiff in this Count is Calvin Bullard. The Defendant in this Count is Franklin Tire & Auto, Inc.

38.

On June 30, 2006, the relationship of employer and employee, or master and servant, existed between Plaintiff and Defendant Franklin Tire and Auto, Inc., and Plaintiff and Defendant were on said dates subject to the Workers' Compensation Act of Alabama, as amended.

39.

Plaintiff further avers that while so employed and engaged in the business of Defendant Franklin Tire & Auto, Inc., and while acting within the line and scope of employment with said Defendant, the Plaintiff suffered injuries and damages which were the proximate result of the motor vehicle collision alleged hereinabove and that said collision arose out of and during the course of Plaintiff's employment by the Defendant as aforesaid. Plaintiff was temporarily totally disabled and was permanently, partially and totally disabled and can no longer complete the requirements of his occupation with the same efficiency as he could prior to these accidents or conditions.

40.

A controversy has arisen as to the benefits to be paid by Defendant Franklin Tire & Auto, Inc., to Plaintiff under the Workers' Compensation Act of Alabama, as amended, and no settlement has been made between Plaintiff and Defendant for and on account of said injuries to Plaintiff.

41.

At the time of the aforesaid injuries on or about June 30, 2006, Plaintiff was performing his duties for Defendant and, in performance of said duties, Plaintiff was caused to suffer permanent injuries to his neck and body as a whole.

42.

Plaintiff further avers Defendant had immediate legal and actual notice or knowledge of said injuries and claims, that Defendant has refused and declined to pay Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought in a timely fashion for the purpose of recovering the amounts to which Plaintiff is entitled thereunder, including, but not limited to, reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent total disability.

43.

Plaintiff avers that at the time of the aforesaid collision and resulting injuries and damages, Plaintiff was receiving compensation from Defendant Franklin Tire & Auto, Inc., in the form of wages, salary and other benefits and compensation as a consequence of his employment by and with Defendant. Plaintiff is not now in possession of sufficient information to enable Plaintiff to accurately determine his average weekly wage. Plaintiff will supplement and provide this information once it becomes available to Plaintiff.

WHEREFORE, Plaintiff claims of the Defendant such benefits as Plaintiff is entitled to receive under the Workers' Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to Defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff workers' compensation benefits as allowed by law, plus costs of this action.

### COUNT SIX
### (Against Fictitious Defendants)

44.

Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

45.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two, Count Three, Count Four and Count Five hereinabove as fully and completely as if the same were set forth verbatim herein.

46.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are

those other persons, firms, corporations, or other entities whose negligent, wanton

reckless and wrongful conduct contributed to cause the injuries to Plaintiff, William

Calvin Bullard, all of whose true and correct names are unknown to Plaintiff at this time,

but will be substituted by amendment when ascertained.

47.

The Plaintiff claims both compensatory and punitive damages.

48.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that,

at said time and place, Fictitious Defendant's "A", "B" and "C", consciously or

deliberately engaged in wantonness with regard to the Plaintiff, within the meaning of

O.C.G.A. § 51-12-5.1, with a reckless and/or conscious disregard for the rights and safety

of the Plaintiff and others.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against

Fictitious Defendants "A", "B" and "C", for all compensatory and punitive damages in

such an amount as this Court may award, together with all costs and expenses incurred in

the prosecution of this case.

This 8th day of August, 2007.

Respectfully submitted,

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Steven Gallaher, by United States Certified Mail, as follows:

Steven Gallaher
115 Brandonshire Lane
Bonaire, Georgia 31005

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Frito Lay, Inc., by United States Certified Mail, as follows:

Frito Lay, Inc.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Rolling Frito Lay Sales, L.P., by United States Certified Mail, as follows:

Rolling Frito Lay Sales, L.P.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Franklin Tire & Auto, Inc., by United States Certified Mail, as follows:

Franklin Tire & Auto, Inc.
C/O Robert Franklin
1975 East University Drive
Auburn, Alabama 36830

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB
ATTORNEY FOR THE PLAINTIFFS

*alacourt.com's*

**Alabama SJIS Case Detail**

EXHIBIT

A

| Settings | Parties | Case Action Summary | Witness List | Financial | Images | Consolidated CA |
|---|---|---|---|---|---|---|

**Case**

| County | 57 | Case Number | CV 2007 900077 00 | JID | ALJ | Trial | B |
|---|---|---|---|---|---|---|---|
| Style | WILLIAM CALVIN BULLARD V. STEVEN GALLAHER ET AL | | | | | | |
| Code | TOMV | Type | NEGLIGENCE MOTOR VEH | Filed | 08082007 | Track | |
| Amount | | Status | ACTIVE | Plaintiffs | 001 | Defendants | 004 |
| DJID | | Court Action | 00000000 | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | No Damages | |
| Trial Days | | Lien | | | | | |

**Settings**

| Date 1 | | Que 1 | | Time 1 | | Description | |
|---|---|---|---|---|---|---|---|
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | | 0000 000000 00 | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

**Party 1**

| Party | C 001 | Name | BULLARD WILLIAM CALVIN | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | D GALLAHER | ANAM | | | | JID | ALJ |
| SSN | | Address 1 | 2006 EXECUTIVE PARK DRIVE | | | Sex | |
| DOB | | Address 2 | SUITE A | | | Race | |
| Country | US | City | OPELIKA AL 36801 0000 | | | Phone | 334 000 0000 |
| Atty 1 | SLOCUMB MICHAEL WILS | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Party 2**

| Party | D 001 | Name | GALLAHER STEVEN | | | Type | INDIVIDUAL |
|---|---|---|---|---|---|---|---|
| INDX | C BULLARD | ANAM | | | | JID | ALJ |
| SSN | | Address 1 | 115 BRANDONSHIRE LANE | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | BONAIRE AL 31005 0000 | | | Phone | 334 000 0000 |
| Atty 1 | PRO SE | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 08082007 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 08142007 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Party 3**

| Party | D 002 | Name | FRITO LAY, INC. | | | Type | BUSINESS |
|---|---|---|---|---|---|---|---|
| INDX | C BULLARD | ANAM | | | | JID | ALJ |
| SSN | | Address 1 | C/O THE CORPORATION CO. | | | Sex | |
| DOB | | Address 2 | 2000 INTERSTATE PARK DR. | | | Race | |

| Country | US | City | MONTGOMERY AL 36109 0000 | | | Phone | 334 000 0000 |
|---|---|---|---|---|---|---|---|
| Atty 1 | PRO SE | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 08082007 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 08132007 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Party 4**

| Party | D 003 | Name | ROLLING FRITO LAY SALES, L.P. | | | Type | BUSINESS |
|---|---|---|---|---|---|---|---|
| INDX | C BULLARD | ANAM | | | | JID | ALJ |
| SSN | | Address 1 | C/O THE CORPORATION CO. | | | Sex | |
| DOB | | Address 2 | 2000 INTERSTATE PARK DR. | | | Race | |
| Country | US | City | MONTGOMERY AL 36109 0000 | | | Phone | 334 000 0000 |
| Atty 1 | PRO SE | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 08082007 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 08132007 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Party 5**

| Party | D 004 | Name | FRANKLIN TIRE & AUTO, INC. | | | Type | BUSINESS |
|---|---|---|---|---|---|---|---|
| INDX | C BULLARD | ANAM | | | | JID | ALJ |
| SSN | | Address 1 | C/O ROBERT FRANKLIN | | | Sex | |
| DOB | | Address 2 | 1975 EAST UNIVERSITY DR. | | | Race | |
| Country | US | City | AUBURN AL 36830 0000 | | | Phone | 334 000 0000 |
| Atty 1 | PRO SE | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 08082007 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 08112007 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 08082007 | 1522 | ETXT | COMPLAINT E-FILED. | AJA |
| 08082007 | 1523 | ETXT | COMPLAINT - SUMMONS | AJA |
| 08082007 | 1527 | FILE | FILED THIS DATE: 08/08/2007 (AV01) | AJA |
| 08082007 | 1527 | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | AJA |
| 08082007 | 1527 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 08082007 | 1527 | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 08082007 | 1527 | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 08082007 | 1527 | ASSJ | ASSIGNED TO JUDGE: ALBERT L. JOHNSON (AV01) | AJA |
| 08082007 | 1527 | PART | BULLARD WILLIAM CALVIN ADDED AS C001 (AV02) | AJA |
| 08082007 | 1527 | ATTY | LISTED AS ATTORNEY FOR C001: SLOCUMB MICHAEL WILS | AJA |
| 08082007 | 1527 | PART | GALLAHER STEVEN ADDED AS D001 (AV02) | AJA |
| 08082007 | 1527 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 08082007 | 1527 | SUMM | CERTIFIED MAI ISSUED: 08/08/2007 TO D001 (AV02) | AJA |
| 08082007 | 1527 | PART | FRITO LAY, INC. ADDED AS D002 (AV02) | AJA |
| 08082007 | 1527 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE (AV02) | AJA |
| 08082007 | 1527 | SUMM | CERTIFIED MAI ISSUED: 08/08/2007 TO D002 (AV02) | AJA |
| 08082007 | 1527 | PART | ROLLING FRITO LAY SALES, L.P. ADDED AS D003 (AV02) | AJA |
| 08082007 | 1527 | ATTY | LISTED AS ATTORNEY FOR D003: PRO SE (AV02) | AJA |

| 08082007 | 1527 | SUMM | CERTIFIED MAI ISSUED: 08/08/2007 TO D003 (AV02) | AJA |
| 08082007 | 1527 | PART | FRANKLIN TIRE & AUTO, INC. ADDED AS D004 (AV02) | AJA |
| 08082007 | 1527 | ATTY | LISTED AS ATTORNEY FOR D004: PRO SE (AV02) | AJA |
| 08082007 | 1527 | SUMM | CERTIFIED MAI ISSUED: 08/08/2007 TO D004 (AV02) | AJA |
| 08092007 | 1247 | TRAN | TRANSMITTAL NOTICE SENT TO PLAINTIFF ATTORNEY | JBC |
| 08132007 | 1330 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |
| 08132007 | 1333 | SERC | SERVICE OF CERTIFIED MAI ON 08/11/2007 FOR D004 | AJA |
| 08142007 | 1024 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |
| 08142007 | 1024 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |
| 08142007 | 1130 | SERC | SERVICE OF CERTIFIED MAI ON 08/13/2007 FOR D002 | AJA |
| 08142007 | 1130 | SERC | SERVICE OF CERTIFIED MAI ON 08/13/2007 FOR D003 | AJA |
| 08172007 | 0739 | ETXT | SERVICE RETURN - TRANSMITTAL | AJA |
| 08172007 | 0743 | SERC | SERVICE OF CERTIFIED MAI ON 08/14/2007 FOR D001 | AJA |

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/13/2007
Log Number 512491291

| | |
|---|---|
| **TO:** | Kelly Tullier<br>Frito-Lay, Inc.<br>7701 Legacy Dr., Mail Stop 3A-391<br>Plano, TX, 75024-4099 |

**LAW DEPT.**

**AUG 1 5 2007**

**G. ROGERS**

**RE:** **Process Served in Alabama**

**FOR:** Frito-Lay, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | William Calvin Bullard, Pltf. vs. Rolling Frito Lay Sales, L.P., et al. including Frito Lay, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Request, First Interrogatories, Requests for Production of Documents |
| **COURT/AGENCY:** | Russell County Circuit Court, AL<br>Case # CV 2007 900077 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - Negligence in entrusting the said vehicle to driver which negligently and/or wantonly operated said vehicle injuring the Plaintiff on or about 6/30/06 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Montgomery, AL |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/13/2007 postmarked on 08/10/2007 |
| **APPEARANCE OR ANSWER DUE:** | within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Michael W. Slocumb<br>Slocumb Law Firm, LLC<br>2006 Executive Park Dr.<br>Ste. A<br>Opelika, AL, 36801<br>334-741-4110 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791364679584<br>Email Notification, Melanie Fricke Melanie.fricke@fritolay.com |
| **SIGNED:**<br>**ADDRESS:** | The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL, 36109 |
| **TELEPHONE:** | 334-387-7680 |

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>57-CV-2007-900077.00 |
|---|---|---|

### IN THE CIVIL COURT OF RUSSELL, ALABAMA
### WILLIAM CALVIN BULLARD v. STEVEN GALLAHER ET AL

**NOTICE TO**   FRITO LAY, INC., C/O THE CORPORATION CO. 2000 INTERSTATE PARK DR., MONTGOMERY AL, 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL SLOCUMB

WHOSE ADDRESS IS 2006 EXECUTIVE PARK DRIVE, SUITE A, OPELIKA AL, 36801

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   WILLIAM CALVIN BULLARD
pursuant to the Alabama Rules of the Civil Procedure

| 8/8/2007 3:22:19 PM | /s KATHY S. COULTER | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested   /s MICHAEL SLOCUMB
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____         _____
Date                                    Server's Signature

### 57-CV-2007-900077.00
WILLIAM CALVIN BULLARD v. STEVEN GALLAHER ET AL

| C001 - WILLIAM CALVIN BULLARD | v.   D002 - FRITO LAY, INC. |
|---|---|
| **Plaintiff** | **Defendant** |


57-CV-2007-900077.00  D002

## SERVICE RETURN COPY

ELECTRONICALLY FILED
8/3/2007 3:12 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| WILLIAM CALVIN BULLARD | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: CV 07-9-077 |
| v. | ) | |
| | ) | |
| ROLLING FRITO LAY SALES, L.P., and | ) | |
| FRITO LAY, INC., and STEVEN GALLAHER, | ) | |
| Individually, and FRANKLIN TIRE & AUTO, | ) | |
| INC., And Fictitious Defendants "A", "B", and | ) | |
| "C", whether singular or plural, those other | ) | |
| persons, corporations, firms or other entities | ) | |
| whose wrongful conduct caused or contributed | ) | |
| to cause the injuries and damages to Plaintiff, | ) | |
| all of whose true and correct names are | ) | |
| unknown to Plaintiff at this time, but will be | ) | |
| added by amendment when ascertained, | ) | |
| | ) | |
| **Defendants.** | | |

---

### COMPLAINT

This is an action by Plaintiff, William Calvin Bullard, individually, against

Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, individually,

and Franklin Tire & Auto, Inc., for personal injuries and damages sustained by the

Plaintiff as the result of a motor vehicle collision that occurred on June 30, 2006.

### PARTIES, JURISDICTION, VENUE

1.

The Plaintiff, Calvin Bullard, was a resident and citizen of Lee County, Alabama

and employee of Franklin Tire & Auto, Inc., at all times material to the issues in this

case.

2.

Defendant, Rolling Frito Lay Sales, L.P., is a limited partnership organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

3.

Defendant, Frito Lay, Inc., is the general partner of Defendant Rolling Frito Lay Sales, L.P., and is organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

4.

Defendant, Steven Gallaher, is a citizen of Bonaire, Georgia and was an employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., and was doing business for said Defendants, Rolling Frito Lay Sale, L.P., and Frito Lay, Inc., in Russell County, Alabama at all times material to the issues in this case.

5.

Defendant Franklin Tire & Auto, Inc., is the employer of Plaintiff, William Calvin Bullard and is organized under the laws of the State of Alabama, maintains its principal place of business in Lee County, Alabama and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On June 30, 2006, Defendant, Steven Gallaher, individually, (hereinafter referred to as "Defendant Gallaher") was operating a tractor trailer owned by Defendants, Rolling

Frito Lay Sales, L.P., (hereinafter referred to as "Frito Lay") and Frito Lay, Inc., in a southerly manner along and upon United States Highway 280 in Russell County, Alabama.

7.

At said time and place, Plaintiff, William Calvin Bullard, was operating a tow truck in a southerly manner, along and upon United States Highway 280 and ahead of the tractor trailer being operated by Defendant Gallaher.

8.

At said time and place, Plaintiff was stopped in traffic on said U.S. Highway 280.

9.

At said time and place, Defendant Rolling Frito Lay Sales, L.P., and Defendant Frito Lay's agent and/or employee, Defendant Gallaher, failed to yield to Plaintiff's stopped tow truck in the southbound lane of said Highway 280, collided with said tow truck Plaintiff was operating, and caused the Plaintiff to suffer and sustain the injuries and damages described and referred to in the Counts that follow hereinbelow.

10.

At the time of the motor vehicle collision that is the subject of this case, Defendant Gallaher was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

## COUNT ONE
### (Based On Negligence)

11.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., Frito Lay, Inc., and Steven Gallaher, individually.

12.

Plaintiff, William Calvin Bullard, re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

13.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a negligent manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield of said tow truck, (c) cause the rear windshield to shatter as a result of Plaintiff's head striking the same and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 16 hereinbelow.

14.

In causing said tractor trailer to crash into the tractor trailer in which Plaintiff was riding, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., agent and/or employee, Defendant Gallaher:

    (a).    Negligently failed to exercise ordinary care.

    (b).    Negligently failed to keep a proper look out.

    (c).    Negligently failed to maintain proper control of said tractor trailer.

    (d).    Negligently failed to yield the tow truck Plaintiff was operating.

(e)    Otherwise acted in negligent disregard of the rights and safety of the

Plaintiff and others traveling on said public highway at said time and

place.

15.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, on said

occasion constitutes common law negligence. The Plaintiff further avers that the acts and

conduct of the said Defendant Gallaher on said occasion were in violation of one or more

of the following Rules of the Road of the State of Alabama which constitute negligence

as a matter of law:

(a).    Too Fast For Conditions
(b)    Speeding
(c).    Reckless Driving
(d)    Following Too Closely
(e)    Defective Equipment

16.

As the proximate consequence of said negligence, Defendants' agent and/or

employee, Defendant Gallaher, (a) in violating said Rules of the Road, and (b) in

colliding with the tow truck Plaintiff was operating, Plaintiff, Calvin Bullard, was caused

to suffer and sustain the following injuries and damages:

**Plaintiff Calvin Bullard was injured externally and internally. He
trauma to the front and back of his neck. He was caused to undergo a
cervical fusion and discetomy. He was caused to have foreign material
placed in his cervical spine as a result of said cervical fusion, which
said foreign material is permanent. He was rendered incapable of
performing his normal work functions and his future ability to earn
income has been limited. He suffered lost wages and will be caused to
suffer lost wages in the future. He was rendered less able to perform
his normal daily activities. He suffered physical pain, mental anguish,**

anxiety and emotional distress. He was otherwise injured and damaged.

### 17.

The Plaintiff avers that said negligent acts and conduct of the said Defendant Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales, L.P., and Defendant Frito Lay, Inc., and Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Defendant Gallaher, are jointly and severally liable to the Plaintiff for all injuries and damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain and suffer in the future, as a results of said negligent acts and conduct of the said Defendant Gallaher.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against the Defendants for compensatory damages (general and special) in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

### COUNT TWO
#### (Based On Recklessness and Wantonness)

### 18.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher, individually.

### 19.

Plaintiff, Calvin Bullard, re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 and Count One hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a reckless and wanton manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield in said tow truck, (c) cause the rear windshield to shatter upon being struck by Plaintiff's head, and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 23 hereinbelow.

21.

In causing said tractor trailer to crash into the tow truck in which Plaintiff was operating, Defendants, Rolling Frito Lay Sales and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher:

(a).    Recklessly and Wantonly failed to exercise ordinary care.

(b).    Recklessly and Wantonly failed to keep a proper look out.

(c).    Recklessly and Wantonly failed to maintain proper control of said tractor trailer.

(d).    Recklessly and Wantonly failed to yield the tow truck Plaintiff was operating.

(e)    Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

22.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher,

on said occasion constitutes statutory recklessness and wantonness.

23.

As the proximate consequence of said recklessness and wantonness of

Defendants, Rolling Frito Lay Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee,

Defendant Gallaher, in colliding with the tow truck Plaintiff was operating, Plaintiff was

caused to suffer and sustain the following injuries and damages:

> **Plaintiff Calvin Bullard was injured externally and internally. He
> trauma to the front and back of his neck. He was caused to undergo a
> cervical fusion. He was caused to have foreign material placed in his
> cervical spine as a result of said cervical fusion and discetomy, which
> said foreign material is permanent. He was rendered incapable of
> performing his normal work functions and his future ability to earn
> income has been limited. He suffered lost wages and will be caused to
> suffer lost wages in the future. He was rendered less able to perform
> his normal daily activities. He suffered physical pain, mental anguish,
> anxiety and emotional distress. He was otherwise injured and
> damaged.**

24.

The Plaintiff avers that said reckless and wanton acts and conduct of the said

Defendant Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales,

L.P., and Frito Lay, Inc., and  Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.,

and Steven Gallaher, are jointly and severally liable to the Plaintiff for all injuries and

damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain

and suffer in the future, as a results of said reckless and wanton acts and conduct of the

said Defendant Gallaher.

25.

The Plaintiff claims both compensatory and punitive damages of the Defendants.

26.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that, at said time and place, Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, consciously or deliberately engaged in reckless, willful and wanton conduct with regard to the Plaintiff.

WHEREFORE, Plaintiff, Calvin Bullard, demands judgment against the Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher, individually, for compensatory damages (general and special) and for punitive damages, in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT THREE
### (Based On Negligent and Wanton Entrustment)

27.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

28.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

29.

The Plaintiff avers that on the occasion made the basis of this case, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., negligently and wantonly entrusted said tractor trailer to the said Steven Gallaher; that the said Steven Gallaher was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor trailer entrusted to him; and that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., knew, or by the exercise of reasonable care should have known, that the said Steven Gallaher was unsuitable to have said vehicle entrusted to him.

30.

The Plaintiff avers that through the exercise of reasonable care, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., would have discovered that Defendants' agent and/or employee, Steven Gallaher, had a poor driving history.

31.

The Plaintiff further avers that said negligent and wanton entrustment of said tractor trailer to the said Steven Gallaher (a) is combined with the negligent, reckless and wanton acts and conduct of the said Steven Gallaher, and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs, William Calvin Bullard, demands judgment against Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for compensatory and punitive damages in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

## COUNT FOUR
### (Based On Negligent and Wanton Hiring, Training, Retention and Supervision)

32.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., and Frito Lay, Inc.

33.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

34.

The Plaintiff avers that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., hired, trained, retained and supervised Defendant Gallaher as a driver for an 18-wheel tractor-trailer.

35.

The Plaintiff avers that the Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.:

(a).    Acted in a negligent, reckless and wanton manner in hiring Defendant Gallaher as a tractor-trailer truck driver,

(b).    Acted in a negligent, reckless and wanton manner in retaining Defendant Gallaher as a tractor-trailer truck driver,

(c).    Acted in a negligent, reckless and wanton manner in failing to properly train, monitor and supervise Defendant Gallaher as a tractor-trailer truck driver, and

(d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Gallaher qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., entrusted to Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

36.

The Plaintiff further avers that his injuries and damages are the proximate result of said negligence and wantonness of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., in negligently, recklessly and wantonly hiring, training, retaining, monitoring and supervising the said Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

WHEREFORE, the Plaintiff, William Calvin Bullard, demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc. (a) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff has suffered and sustained, and that the Plaintiff will suffer and sustain in the future, as the results of said motor vehicle collision, and (b) for all compensatory damages (and all elements of compensatory damages) that it will take to make the Plaintiff fully whole, and (c) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff may be entitled to recover of said Defendants upon the testimony and evidence adduced on the trial of this case in such an amount as this Court may award.

The Plaintiff, William Calvin Bullard, also demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for punitive damages in such an amount as this Court may award in order to punish said Defendants and in order to deter said Defendants and others from committing similar acts and conduct in the future.

### COUNT FIVE
### (Workers Compensation)

37.

Plaintiff in this Count is Calvin Bullard. The Defendant in this Count is Franklin Tire & Auto, Inc.

38.

On June 30, 2006, the relationship of employer and employee, or master and servant, existed between Plaintiff and Defendant Franklin Tire and Auto, Inc., and Plaintiff and Defendant were on said dates subject to the Workers' Compensation Act of Alabama, as amended.

39.

Plaintiff further avers that while so employed and engaged in the business of Defendant Franklin Tire & Auto, Inc., and while acting within the line and scope of employment with said Defendant, the Plaintiff suffered injuries and damages which were the proximate result of the motor vehicle collision alleged hereinabove and that said collision arose out of and during the course of Plaintiff's employment by the Defendant as aforesaid. Plaintiff was temporarily totally disabled and was permanently, partially and totally disabled and can no longer complete the requirements of his occupation with the same efficiency as he could prior to these accidents or conditions.

40.

A controversy has arisen as to the benefits to be paid by Defendant Franklin Tire & Auto, Inc., to Plaintiff under the Workers' Compensation Act of Alabama, as amended, and no settlement has been made between Plaintiff and Defendant for and on account of said injuries to Plaintiff.

41.

At the time of the aforesaid injuries on or about June 30, 2006, Plaintiff was performing his duties for Defendant and, in performance of said duties, Plaintiff was caused to suffer permanent injuries to his neck and body as a whole.

42.

Plaintiff further avers Defendant had immediate legal and actual notice or knowledge of said injuries and claims, that Defendant has refused and declined to pay Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought in a timely fashion for the purpose of recovering the amounts to which Plaintiff is entitled thereunder, including, but not limited to, reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent total disability.

43.

Plaintiff avers that at the time of the aforesaid collision and resulting injuries and damages, Plaintiff was receiving compensation from Defendant Franklin Tire & Auto, Inc., in the form of wages, salary and other benefits and compensation as a consequence of his employment by and with Defendant. Plaintiff is not now in possession of sufficient information to enable Plaintiff to accurately determine his average weekly wage. Plaintiff will supplement and provide this information once it becomes available to Plaintiff.

WHEREFORE, Plaintiff claims of the Defendant such benefits as Plaintiff is entitled to receive under the Workers' Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to Defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff workers' compensation benefits as allowed by law, plus costs of this action.

### COUNT SIX
### (Against Fictitious Defendants)

44.

Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

45.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two, Count Three, Count Four and Count Five hereinabove as fully and completely as if the same were set forth verbatim herein.

46.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are

08/16/2007   11:39AM

those other persons, firms, corporations, or other entities whose negligent, wanton

reckless and wrongful conduct contributed to cause the injuries to Plaintiff, William

Calvin Bullard, all of whose true and correct names are unknown to Plaintiff at this time,

but will be substituted by amendment when ascertained.

47.

The Plaintiff claims both compensatory and punitive damages.

48.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that,

at said time and place, Fictitious Defendant's "A", "B" and "C", consciously or

deliberately engaged in wantonness with regard to the Plaintiff, within the meaning of

O.C.G.A. § 51-12-5.1, with a reckless and/or conscious disregard for the rights and safety

of the Plaintiff and others.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against

Fictitious Defendants "A", "B" and "C", for all compensatory and punitive damages in

such an amount as this Court may award, together with all costs and expenses incurred in

the prosecution of this case.

This 8th day of August, 2007.

Respectfully submitted,

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs request that the Summons and Complaint in this case be served

upon Defendant, Steven Gallaher, by United States Certified Mail, as follows:

       Steven Gallaher
       115 Brandonshire Lane
       Bonaire, Georgia 31005

The Plaintiffs request that the Summons and Complaint in this case be served

upon Defendant, Frito Lay, Inc., by United States Certified Mail, as follows:

       Frito Lay, Inc.
       C/O The Corporation Company
       2000 Interstate Park Drive
       Suite 204
       Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served

upon Defendant, Rolling Frito Lay Sales, L.P., by United States Certified Mail, as

follows:

       Rolling Frito Lay Sales, L.P.
       C/O The Corporation Company
       2000 Interstate Park Drive
       Suite 204
       Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served

upon Defendant, Franklin Tire & Auto, Inc., by United States Certified Mail, as follows:

       Franklin Tire & Auto, Inc.
       C/O Robert Franklin
       1975 East University Drive
       Auburn, Alabama 36830

                     s/ Michael W. Slocumb
                     MICHAEL W. SLOCUMB
                     ATTORNEY FOR THE PLAINTIFFS

ELECTRONICALLY FILED
3/8/2007 3:22 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

WILLIAM CALVIN BULLARD )
                             )
      Plaintiff, )
v. )
                             )
ROLLING FRITO LAY SALES, L.P., and )
FRITO LAY, INC., and STEVEN GALLAHER, )
Individually, and FRANKLIN TIRE & AUTO, )
INC., And Fictitious Defendants "A", "B", and )
"C", whether singular or plural, those other )
persons, corporations, firms or other entities )
whose wrongful conduct caused or contributed )
to cause the injuries and damages to Plaintiff, )
all of whose true and correct names are )
unknown to Plaintiff at this time, but will be )
added by amendment when ascertained, )
                             )
      Defendants.

Civil Action No.: CU-07-9-077

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFEDANT STEVEN GALLAHER

COMES NOW the Plaintiff in the above-styled action, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the interrogatories set out hereinbelow to Defendant, Steven Gallaher.

Defendant, Steven Gallaher, is required to answer each of the interrogatories set out hereinbelow fully in writing under oath, and to serve his answers to said interrogatories upon the undersigned attorneys for the Plaintiff, within the time prescribed by the Alabama Rules of Civil Procedure: AND IN ANSWERING the interrogatories that follow hereinbelow, Defendant, Steven Gallaher, is required to *furnish all information requested in each of said interrogatories that is available to said Defendant*.

1.    Identify yourself by stating your full name, present address, date and place of birth, social security number, and name of spouse.

1

2.     State whether, at the time of the occurrence which is the subject of this case, you had a prescription for glasses or corrective lenses.

3.     State if you have ever been charged with or convicted of any criminal offense, including traffic violations. If your answer is in the affirmative, state:

      (a)     The name of the offense(s), and

      (b)     The state, county and city of the offense(s), and

      (c)     The date or approximate date you were charged and convicted of such offense(s).

4.     As to each motor vehicle accident you have been involved in for the last ten (10) years, give the following information:

      (a)     Where it occurred, and

      (b)     When it occurred.

5.     Have you or any persons acting on your behalf, including but not limited to your insurance carrier, obtained any written or recorded statement from any person concerning the occurrence which is the subject of this claim? If so, please state:

      (a)     The name, address, and telephone number of the person who gave the written or recorded statement.

6.     State whether you, your agents, or attorneys have possession or knowledge of any photographs depicting the occurrence itself, scene of the occurrence, injuries of any party, or any other photograph depicting the subject of this claim.

7.     State whether you consumed any alcoholic beverages, drugs, or medications of any kind whatsoever within twenty-four (24) hours preceding the accident

8.     Give the dates, times and places, together with the names and addresses of

2

persons and organizations who have provided drug or alcohol counseling or treatment to you at any time during the past ten (10) years.

9.    Describe in your own words how and why your vehicle collided with the vehicle being operated by the plaintiff.

10.    Describe as completely as possible the weather, road conditions, lighting conditions, precipitation, if any, and temperature at the time of the collision.

11.    Have you ever had your driver's license revoked or suspended prior to the collision on June 30, 2006, and, if so, please set forth the state which revoked or suspended said license and the reason for such revocation or suspension.

12.    With respect to your experience as a truck driver, give the following information:

(a)    The name, address and telephone number together with the dates you were driving trucks for every motor carrier who has employed you or contracted your services for the past ten (10) years;

(b)    The number of hours of driving experience you had prior to the collision at issue in operating the truck you were driving when you struck the vehicle occupied by plaintiffs.

(c)    The number of hours of driving experience you had prior to the collision at issue in operating vehicles similar to the vehicle you were driving when you struck the vehicle occupied by plaintiffs.

13.    With respect to your employment at or with Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., give the following information:

(a)    The date you began your employment with Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P.;

3

(b)     The date or dates you have been terminated by Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., and the reasons for said termination;

(c)     Each and every position you have held as an employee at Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., along with the dates you held such position and your rate of pay.

14.     Do you keep copies of your driving logs and/or time sheets? If you answers is in the affirmative, please state:

(a)     How long said logs and/or time sheets are retained before they are destroyed?

(b)     Do you have the logs and/or time sheets for the period of time in which the collision in question occurred?

(c)     If not, why not?

(d)     Has Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., ever questioned the falsity of your logs?

(e)     Has Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., ever criticized you or requested you to observe the regulations with respect to the maximum legal hours you are permitted to operate their trucks?

15.     What credit cards were issued to you and/or used by you on the trip in question for purchasing gasoline, oil, food, and lodging?

16.     If Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., gave you cash for trip expenses, please state the amount of cash you were given and the name of the person who gave it to you.

17.     What trip expenses were incurred by you on the trip in question prior to the

4

collision at issue (i.e., including credit cards and cash expenses)? In response to this interrogatory, please state the name of the business where each expense was incurred, the address of each such business, and the approximate time of each such expense.

18.    As to the governor on the truck at the time of the collision at issue, give the following information:

(a)    Its make and model;

(b)    Whether or not it was operable at the time of the accident and, if not, why not?

(c)    The speed limit imposed by said governor.

19.    Detail each complaint you made about defects and needed repairs and maintenance of the truck you were operating at the time of the collision made the subject of this case to Frito Lay, Inc., and/or Rolling Frito Lay Sales, L.P., for the six (6) month period prior to the collision in question, together with the exact dates of each complaint and the extent to which such complaints were satisfied or not satisfied.

20.    As to the trip in which you were engaged at the time of the collision in question, give the following information:

(a)    The date, place and time you started the trip;

(b)    The times and places of each stop to pick up or deliver any load;

(c)    The places and times you stopped for any reason on the trip in question prior to impact with the vehicle occupied by plaintiff;

(d)    Did you continue the trip in question after you were released from the scene by the authorities? If not, where did you go and what did you do?

21.    Describe the normal basis for your pay from Frito Lay, Inc., and/or Rolling Frito

5

Lay Sales, L.P.. (i.e., by the mile, by the load, by the hour, straight salary or explain any other basis) and explain any deviation from the normal basis, if any, concerning the load and trip you were on at the time of the collision at issue.

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFFS

OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

**REQUEST FOR SERVICE**

The Plaintiffs request that the foregoing Interrogatories be served upon Defendant, Steven Gallaher, together with the Summons and Complaint in the above styled case, at the following address:

Steven Gallaher
115 Brandonshire Lane
Bonaire, Georgia 31005

s/ Michael W. Slocumb
ATTORNEY FOR THE PLAINTIFF

6

ELECTRONICALLY FILED
8/8/2007 3:22 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM CALVIN BULLARD<br><br>    Plaintiff,<br><br>v.<br><br>ROLLING FRITO LAY SALES, L.P., and<br>FRITO LAY, INC., and STEVEN GALLAHER,<br>Individually, and FRANKLIN TIRE & AUTO,<br>INC., And Fictitious Defendants "A", "B", and<br>"C", whether singular or plural, those other<br>persons, corporations, firms or other entities<br>whose wrongful conduct caused or contributed<br>to cause the injuries and damages to Plaintiff,<br>all of whose true and correct names are<br>unknown to Plaintiff at this time, but will be<br>added by amendment when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.: CV-07-9-077 |

---

### PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRITO LAY, INC.

---

COMES NOW the Plaintiff, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that Defendant, Frito Lay, Inc., produce for inspection and/or copying by Plaintiff's counsel the following documents set forth below. As an alternative, the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within thirty (30) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiff may take appropriate remedial steps if necessary.

1

A privilege log shall be produced for any request to which an objection is made on the basis of privilege.

The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, e-mails, information stored electronically, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

### Numbered Requests

1.    With regard to the vehicle  involved in the collision in question, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)* for a period of one (1) month prior to the collision through (1) week after the collision unless specifically otherwise indicated:

(a.)    Trip reports;

(b.)    Fuel receipts;

(c.)    Bills of lading;

(d.)    Dispatch records;

(e.)    Contracts of hire;

(f.)    On-board computer records;

(g.)    Time and speed records;

(h.)    Inspection, repair, service and maintenance records on the involved vehicle including parts list and expenses for all work performed subsequent to this collision;

(i.)    Pre-inspection and post-inspection reports;

2

(j.)    Repair orders for <u>six</u> (6) months before the collision until the repairs were complete, including all parts and labor used for such repairs.

2.    As to the driver, Steven Gallaher, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

(a.)    Qualification file;

(b.)    Personnel file;

(c.)    Any and all written tests;

(d.)    Any and all disciplinary actions;

(e.)    Any and all violations of company policy;

(f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

(g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

(h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

(i.)    Results of all drug and alcohol tests;

(j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the entire month in which the collision occurred;

(k.)    Driver manuals [given to the driver by the motor carrier or others];

(l.)    Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

3

      (m.)    Trip receipts for three (3) months prior to the collision including the entire month in which the collision occurred;

      (n.)    Any and all log audit summaries and time sheet summaries for three (3) months prior to the collision;

      (o.)    Documentation given at driver safety meetings, including visual aids;

      (p.)    Documentation regarding phone calls to and from **Steven Gallaher** regarding accident at issue;

      (q.)    1-800 complaints.

3.    As to the defendant motor carrier, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)*:

      (a.)    Accident register for the past five (5) years;

      (b.)    State DOT audits for the past ten (10) years;

      (c.)    Federal DOT audits for the past ten (10) years;

      (d.)    Company's policy manual in effect at the time of the accident;

      (e.)    Motor carrier safety profile;

      (f.)    Violations from DOT inspections for the past three (3) years prior to the collision;

      (g.)    Violations from DOT inspections subsequent to the collision;

      (h.)    Safety policies and procedures manual in effect at the time of the collision.

4.    Produce any and all documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)* which have anything to do with Steven Gallaher, the collision at issue, and the

4

vehicle involved in said collision, including but not limited to, the following:

    (a.)    Registration and Title;

    (b.)    Bill of Sale;

    (c.)    Repairs from any and all previous collisions involving the vehicle in

question;

    (d.)    Letters to Steven Gallaher;

    (e.)    Training and educational documentation;

    (f.)    Documentation regarding phoned in reports concerning accident at issue;

    (g.)    All documentation indicating collision at issue was non-preventable;

    (h.)    All documentation indicating collision at issue was preventable;

    (i.)    Accident policy and procedures manual in effect at time of collision;

    (j)    Accident investigation policies and procedures in effect at time of

collision.

    5.    Produce copies of all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of plaintiffs, that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit.

    6.    Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

    7.    Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

    8.    Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all

other information which has anything to do with the collision at issue.

    9.    Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering this Defendant or the vehicle driven, owned, or controlled by this Defendant at the time of the collision.3

    10.    Produce any and all Accident Register's for the three (3) years preceeding the collision which occurred on June 30, 2006.

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Telephone No. (334) 741-4110
Facsimile No.  (334) 742-0525

**REQUEST FOR SERVICE**

    The Plaintiffs request that the foregoing Interrogatories be served upon Defendant, Frito Lay, Inc., together with the Summons and Complaint in the above styled case, at the following address:

    Frito Lay, Inc.
    C/O The Corporation Company
    2000 Interstate Park Drive
    Suite 204
    Montgomery, Alabama 36109

s/ Michael W. Slocumb
ATTORNEY FOR THE PLAINTIFF

6

ELECTRONICALLY FILED
8/8/2007 3:22 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM CALVIN BULLARD )<br><br>    **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**ROLLING FRITO LAY SALES, L.P., and** )<br>**FRITO LAY, INC., and STEVEN GALLAHER,** )<br>**Individually, and FRANKLIN TIRE & AUTO,** )<br>**INC., And Fictitious Defendants "A", "B", and** )<br>**"C", whether singular or plural, those other** )<br>**persons, corporations, firms or other entities** )<br>**whose wrongful conduct caused or contributed** )<br>**to cause the injuries and damages to Plaintiff,** )<br>**all of whose true and correct names are** )<br>**unknown to Plaintiff at this time, but will be** )<br>**added by amendment when ascertained,** )<br> )<br>    **Defendants.** | Civil Action No.: CV-07-9-077 |

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFEDANT ROLLING FRITO LAY SALES, L.P.

---

COMES NOW the Plaintiff in the above-styled action, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, and propounds the interrogatories set out hereinbelow to Defendant, Rolling Frito Lay Sales, L.P.

Defendant, Rolling Frito Lay Sales, L.P., is required to answer each of the interrogatories set out hereinbelow fully in writing under oath, and to serve their answers to said interrogatories upon the undersigned attorney for the Plaintiff, within the time prescribed by the Alabama Rules of Civil Procedure: AND IN ANSWERING the interrogatories that follow hereinbelow, Defendant, Rolling Frito Lay Sales, L.P., is required to *furnish all information requested in each of said interrogatories that is available to said Defendant.*

### Numbered Interrogatories

1.    Identify the person(s) answering and/or assisting with answering these interrogatories, and include the name, residence, and official capacity with this defendant.

1

2.     Please state this defendant's correct name and/or correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this action and at the time these interrogatories are answered).

3.     State the name and address of the owner and all occupants of the tractor-trailer involved in the collision on June 30, 2006.

4.     If the driver of the tractor-trailer at issue in this case was performing a mission, errand or duty for anyone whatsoever, please, state the following:

        (a)   The type of product or cargo he was hauling at the time of the collision;

        (b)   The location where said product or cargo was picked up by said driver;

        (c)   The weight of the truck at the time of the collision;

        (d)   The intended destination of the product or cargo said driver was hauling;

        (e)   The date and time the product or cargo was to arrive at its intended destination.

5.     Please state with, specificity, where the driver of the tractor-trailer at issue in this action was going at the time of the collision made the basis of this action.

6.     Did Steven Gallaher use an asset protection kit or accident documentation kit of any kind regarding the collision at issue?

7.     Is the tractor and/or trailer in the same condition it was immediately after the collision? If not, please list in detail all repairs made to the tractor and/or trailer subsequent to the collision.

8.     Identify all people who did any maintenance or repair work on the tractor-trailer at issue for the six (6) month period preceding the June 30, 2007 collision.

9.     Identify each person(s) that drove the vehicle at issue on June 30, 2006.

10.    With respect to the tractor-trailer at issue, give its complete configuration (including at least the following information):

        (a)   Weight of vehicle;

        (b)   Empty weight of vehicle;

        (c)   What the load was at the time of the accident;

        (d)   The weight of the load at the time of the accident;

2

     (e)    The maximum weight recommended to be carried in or on the vehicle by the manufacturer;

     (f)    The make and model of governor on the vehicle; and

     (g)    The make and model of each of the following that may have been onboard the vehicle in question at the time of the collision, to-wit:

     (1)    Radar detector;

     (2)    Computer;

     (3)    Electronic Control Module (ECM); and

     (4)    Recording or data storage devices.

11.    Describe the basis for the manner in which you compensate your drivers (i.e. by the hour, by the miles traveled, by the load, by commissions, by straight salary, or explain any other method used) and any variations as to Steven Gallaher's pay for the load that was involved in the collision at issue.

12.    State your policy with respect to retention and destruction of driver's logs, time sheets, and trip receipts and explain any differences between that policy and the manner in which Steven Gallaher's logs, time sheets, and trip expenses for the trip in questions were treated.

13.    Describe what training you require your drivers to receive prior to operating a Company vehicle the same as or similar to the one involved in the collision at issue.

14.    State your policy with respect for testing your drivers for substance abuse and explain any differences between that policy and the manner in which you treated Steven Gallaher in the case at issue.

15.    Was a urine sample taken from Steven Gallaher within thirty-two (32) hours of the June 30, 2006 collision involving plaintiff, and if not, why not?

16.    Describe any insurance agreements under which any insurance business may be liable to satisfy part or all of the judgments that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability and/or umbrella policy.

3

17.     State the full name, address, and telephone number of each person who is purported to have knowledge of any facts regarding the collision described and referred to in the Plaintiffs' complaint in this case.

18.     State the number of tractor-trailer rigs owned by Rolling Frito Lay Sales, L.P.

19.     At the time of the motor vehicle collision that is the subject of this case, was Steven Gallaher acting in the line and scope of his employment as an employee of Rolling Frito Lay Sales, L.P.?

20.     State all prior motor vehicle accidents involving Rolling Frito Lay Sales, L.P., for the three (3) year period preceding June 30, 2006.

21.     State the names, addresses and telephone numbers of any person who operated the truck at issue within six (6) months prior to June 30, 2006.

22.     State the name and address of the person(s) employed by this Defendant who is most knowledgeable regarding the following:

        (a)     The interviewing of Steven Gallaher;
        (b)     The hiring of Steven Gallaher;
        (c)     The training of Steven Gallaher;
        (d)     Any background checks of Steven Gallaher prior to and/or after his employment with Rolling Frito Lay Sales, L.P.

23.     Please state the name, address and phone number of each person, driver or company representative who went to the accident site and picked up Steven Gallaher and/or his cargo to complete the deliveries.

24.     Please state the name and address of all general and limited partners of Rolling Frito Lay Sales, L.P.

25.     State the name, address and telephone number of any and all individuals whom you have knowledge were injured in the collision made the basis of Plaintiff's Complaint.

You are reminded that, under the provisions of Rule 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to supplement your disclosures and responses to the foregoing interrogatories under certain circumstances.

This 8th day of August, 2007.

Respectfully submitted,

4

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

## REQUEST FOR SERVICE

The Plaintiffs request that the foregoing Interrogatories be served upon

Defendant, Rolling Frito Lay Sales, L.P., together with the Summons and Complaint in

the above styled case, at the following address:

Rolling Frito Lay Sales, L.P.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

s/ Michael W. Slocumb
ATTORNEY FOR THE PLAINTIFFS

5

ELECTRONICALLY FILED
8/8/2007 3:23 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| WILLIAM CALVIN BULLARD )<br><br>      Plaintiff,      )<br>                        )<br>v.                      )<br>                        )<br>ROLLING FRITO LAY SALES, L.P., and )<br>FRITO LAY, INC., and STEVEN GALLAHER, )<br>Individually, and FRANKLIN TIRE & AUTO, )<br>INC., And Fictitious Defendants "A", "B", and )<br>"C", whether singular or plural, those other )<br>persons, corporations, firms or other entities )<br>whose wrongful conduct caused or contributed )<br>to cause the injuries and damages to Plaintiff, )<br>all of whose true and correct names are )<br>unknown to Plaintiff at this time, but will be )<br>added by amendment when ascertained, )<br><br>      Defendants.      | Civil Action No.: CV-07-9-077 |

## PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FRITO LAY, INC.

COMES NOW the Plaintiff, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that Defendant, Frito Lay, Inc., produce for inspection and/or copying by Plaintiff's counsel the following documents set forth below. As an alternative, the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within thirty (30) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such documents, state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiff may take appropriate remedial steps if necessary.

1

A privilege log shall be produced for any request to which an objection is made on the basis of privilege.

The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, e-mails, information stored electronically, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing,

## Numbered Requests

1.      With regard to the vehicle  involved in the collision in question, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)* for a period of one (1) month prior to the collision through (1) week after the collision unless specifically otherwise indicated:

        (a.)    Trip reports;

        (b.)    Fuel receipts;

        (c.)    Bills of lading;

        (d.)    Dispatch records;

        (e.)    Contracts of hire;

        (f.)    On-board computer records;

        (g.)    Time and speed records;

        (h.)    Inspection, repair, service and maintenance records on the involved

vehicle including parts list and expenses for all work performed subsequent to this collision;

        (i.)    Pre-inspection and post-inspection reports;

2

(j.)    Repair orders for six (6) months before the collision until the repairs were complete, including all parts and labor used for such repairs.

2.    As to the driver, Steven Gallaher, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

(a.)    Qualification file;

(b.)    Personnel file;

(c.)    Any and all written tests;

(d.)    Any and all disciplinary actions;

(e.)    Any and all violations of company policy;

(f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

(g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

(h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

(i.)    Results of all drug and alcohol tests;

(j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the entire month in which the collision occurred;

(k.)    Driver manuals [given to the driver by the motor carrier or others];

(l.)    Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

3

          (m.)    Trip receipts for three (3) months prior to the collision including the entire

month in which the collision occurred;

          (n.)    Any and all log audit summaries and time sheet summaries for three (3)

months prior to the collision;

          (o.)    Documentation given at driver safety meetings, including visual aids;

          (p.)    Documentation regarding phone calls to and from **Steven Gallaher**

regarding accident at issue;

          (q.)    1-800 complaints.

    3.    As to the defendant motor carrier, produce any and all of the following documents

and records *(including documents which are not now in existence but which can be generated*

*by computer from information stored by or in computers)*:

          (a.)    Accident register for the past five (5) years;

          (b.)    State DOT audits for the past ten (10) years;

          (c.)    Federal DOT audits for the past ten (10) years;

          (d.)    Company's policy manual in effect at the time of the accident;

          (e.)    Motor carrier safety profile;

          (f.)    Violations from DOT inspections for the past three (3) years prior to the

collision;

          (g.)    Violations from DOT inspections subsequent to the collision;

          (h.)    Safety policies and procedures manual in effect at the time of the collision.

    4.    Produce any and all documents and records *(including documents which are not*

*now in existence but which can be generated by computer from information stored by or in*

*computers)* which have anything to do with Steven Gallaher, the collision at issue, and the

4

vehicle involved in said collision, including but not limited to, the following:

        (a.)    Registration and Title;

        (b.)    Bill of Sale;

        (c.)    Repairs from any and all previous collisions involving the vehicle in

question;

        (d.)    Letters to Steven Gallaher;

        (e.)    Training and educational documentation;

        (f.)    Documentation regarding phoned in reports concerning accident at issue;

        (g.)    All documentation indicating collision at issue was non-preventable;

        (h.)    All documentation indicating collision at issue was preventable;

        (i.)    Accident policy and procedures manual in effect at time of collision;

        (j)    Accident investigation policies and procedures in effect at time of

collision.

    5.    Produce copies of all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of plaintiffs, that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit.

    6.    Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

    7.    Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

    8.    Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all

5

other information which has anything to do with the collision at issue.

9.    Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering this Defendant or the vehicle driven, owned, or controlled by this Defendant at the time of the collision.3

10.    Produce any and all Accident Register's for the three (3) years preceeding the collision which occurred on June 30, 2006.

s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB
ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Telephone No. (334) 741-4110
Facsimile No.  (334) 742-0525

## REQUEST FOR SERVICE

The Plaintiffs request that the foregoing Interrogatories be served upon Defendant, Frito Lay, Inc., together with the Summons and Complaint in the above styled case, at the following address:

Frito Lay, Inc.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

s/ Michael W. Slocumb_____
ATTORNEY FOR THE PLAINTIFF

6



ELECTRONICALLY FILED
9/8/2007 3:22 PM
CV-2007-900077.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
KATHY S. COULTER, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM CALVIN BULLARD | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: CU-07-9-077 |
| | ) | |
| v. | ) | |
| | ) | |
| ROLLING FRITO LAY SALES, L.P., and | ) | |
| FRITO LAY, INC., and STEVEN GALLAHER, | ) | |
| Individually, and FRANKLIN TIRE & AUTO, | ) | |
| INC., And Fictitious Defendants "A", "B", and | ) | |
| "C", whether singular or plural, those other | ) | |
| persons, corporations, firms or other entities | ) | |
| whose wrongful conduct caused or contributed | ) | |
| to cause the injuries and damages to Plaintiff, | ) | |
| all of whose true and correct names are | ) | |
| unknown to Plaintiff at this time, but will be | ) | |
| added by amendment when ascertained, | ) | |
| | ) | |
| Defendants. | | |

### PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ROLLING FRITO LAY SALES, L.P.

COMES NOW the Plaintiff, by and through counsel, who request pursuant to Rule 34 of the Alabama Rules of Civil Procedure that Defendant, Rolling Frito Lay Sales, L.P., produce for inspection and/or copying by Plaintiff's counsel the following documents set forth below. As an alternative, the Defendant may produce true and accurate photocopies of the documents set forth. Such documents requested shall be produced at the offices of the undersigned counsel within thirty (30) days from the date of service or at such other time or place as mutually agreed upon by the parties.

If any of the documents requested are not produced because of privilege or other reason, please identify such document(s), state the nature of the objection or nature of the privilege or other reason for non-production so the Plaintiff may take appropriate remedial steps if necessary.

1

A privilege log shall be produced for any request to which an objection is made on the basis of privilege.

The word document shall include, but not necessarily be limited to, all written or printed matter of any kind, copies of books, records, reports, e-mails, information stored electronically, sketches, drawings, advertisements, notes, letters, schedules, contracts, purchase orders, bills, or any other document relating to this claim which is discoverable by law, as well as any other tangible thing upon which information is recorded in writing.

### Numbered Requests

1.      With regard to the vehicle involved in the collision in question, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)* for a period of one (1) month prior to the collision through (1) week after the collision unless specifically otherwise indicated:

        (a.)     Trip reports;

        (b.)     Fuel receipts;

        (c.)     Bills of lading;

        (d.)     Dispatch records;

        (e.)     Contracts of hire;

        (f.)     On-board computer records;

        (g.)     Time and speed records;

        (h.)     Inspection, repair, service and maintenance records on the involved vehicle including parts list and expenses for all work performed subsequent to this collision;

        (i.)     Pre-inspection and post-inspection reports;

2

(j.)    Repair orders for <u>six</u> (6) months before the collision until the repairs were complete, including all parts and labor used for such repairs.

2.    As to the driver, Steven Gallaher, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from the information stored by or in computers)*:

(a.)    Qualification file;

(b.)    Personnel file;

(c.)    Any and all written tests;

(d.)    Any and all disciplinary actions;

(e.)    Any and all violations of company policy;

(f.)    Medical Examination Report Form completed by Medical Examiner prior to issuing Medical Certificate;

(g.)    Log books for three (3) months prior to collision, including the entire month in which the collision occurred;

(h.)    Time sheets for three (3) months prior to collision, including the entire month in which the collision occurred;

(i.)    Results of all drug and alcohol tests;

(j.)    Gas receipts, charge card receipts, hotel receipts, and restaurant receipts for three (3) months prior to the collision, including the entire month in which the collision occurred;

(k.)    Driver manuals [given to the driver by the motor carrier or others];

(l.)    Payroll records for three (3) months prior to the collision including the entire month in which the collision occurred;

3

(m.)    Trip receipts for three (3) months prior to the collision including the entire month in which the collision occurred;

(n.)    Any and all log audit summaries and time sheet summaries for three (3) months prior to the collision;

(o.)    Documentation given at driver safety meetings, including visual aids;

(p.)    Documentation regarding phone calls to and from **Steven Gallaher** regarding accident at issue;

(q.)    1-800 complaints.

3.    As to the defendant motor carrier, produce any and all of the following documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)*:

(a.)    Accident register for the past five (5) years;

(b.)    State DOT audits for the past ten (10) years;

(c.)    Federal DOT audits for the past ten (10) years;

(d.)    Company's policy manual in effect at the time of the accident;

(e.)    Motor carrier safety profile;

(f.)    Violations from DOT inspections for the past three (3) years prior to the collision;

(g.)    Violations from DOT inspections subsequent to the collision;

(h.)    Safety policies and procedures manual in effect at the time of the collision.

4.    Produce any and all documents and records *(including documents which are not now in existence but which can be generated by computer from information stored by or in computers)* which have anything to do with Steven Gallaher, the collision at issue, and the

4

vehicle involved in said collision, including but not limited to, the following:

      (a.)    Registration and Title;

      (b.)    Bill of Sale;

      (c.)    Repairs from any and all previous collisions involving the vehicle in

question;

      (d.)    Letters to Steven Gallaher;

      (e.)    Training and educational documentation;

      (f.)    Documentation regarding phoned in reports concerning accident at issue;

      (g.)    All documentation indicating collision at issue was non-preventable;

      (h.)    All documentation indicating collision at issue was preventable;

      (i.)    Accident policy and procedures manual in effect at time of collision;

      (j)    Accident investigation policies and procedures in effect at time of

collision.

    5.    Produce copies of all videotapes, movie films, photographs, sound recordings, or any other video or audio production which is of plaintiffs, that were taken at any time, either before, during or after the occurrence made the basis of this lawsuit.

    6.    Produce any and all photographs taken by or on behalf of the Defendants which depict any and all vehicles involved in the collision.

    7.    Produce any and all photographs taken by or on behalf of the Defendants which depict the accident scene.

    8.    Produce copies of any and all accident documentation kit materials, including, but not limited to, photographs, diagrams, scene information forms, notes by the driver or his companion, exoneration cards, emergency telephone aid cards, witness cards, and any and all

5

other information which has anything to do with the collision at issue.

9.     Produce any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment that may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering this Defendant or the vehicle driven, owned, or controlled by this Defendant at the time of the collision.3

10.    Produce any and all Accident Register's for the three (3) years preeceding the collision which occurred on June 30, 2006.

> s/ Michael W. Slocumb
> MICHAEL W. SLOCUMB
> ATTORNEY FOR THE PLAINTIFF

OF COUNSEL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive, Suite A
Opelika, Alabama 36801
Telephone No. (334) 741-4110
Facsimile No. (334) 742-0525

### REQUEST FOR SERVICE

The Plaintiffs request that the foregoing Interrogatories be served upon Defendant, Frito Lay, Inc., together with the Summons and Complaint in the above styled case, at the following address:

> Rolling Frito Lay Sales, L.P.
> C/O The Corporation Company
> 2000 Interstate Park Drive
> Suite 204
> Montgomery, Alabama 36109

> s/ Michael W. Slocumb
> ATTORNEY FOR THE PLAINTIFF

6

FRITO LAY, INC.
C/O THE CORPORATION CO.
2000 INTERSTATE PARK DR.
MONTGOMERY, AL 36109

7006 0810 0003 9478 6775

UNITED STATES POSTAGE

$ 06.96°
02 1M
0004237634 AUG10 2007
MAILED FROM ZIP CODE 36957

08/16/2007    11:39AM

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

WILLIAM CALVIN BULLARD,

RECEIVED

     Plaintiff,

2007 SEP 10 P 4· 50

v.

DEBRA P. HACKETT, CLK

Case No. CV-07-900077

U.S. DISTRICT COURT

MIDDLE DISTRICT ALA

STEVEN GALLAHER; FRITO LAY,
INC.; ROLLING FRITO LAY SALES,
L.P.; FRANKLIN TIRE & AUTO, INC.,

     Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

### NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), **Frito Lay Inc., Rolling Frito Lay Sales LP** and

**Steven Gallaher** hereby give notice to the Circuit Court of Russell County, Alabama; Michael

Slocumb, counsel for Plaintiff; and Franklin Tire & Auto Inc., that they filed a Notice of

Removal with the United States District Court for the Middle District of Alabama, Eastern

Division, and that this case has been removed to that Court.  Attached is a copy of the Notice of

Removal (without exhibits).

Respectfully submitted,

Charles A. Stewart III (CAS067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email:  cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

1/1616725.1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a copy of this document on the following on the 10th day of September, 2007, by United States Mail, properly addressed and first class postage prepaid:

Michael Slocumb
Slocumb Law Firm LLC
2006 Executive Park Drive, Suite A
Opelika, AL  36801

Franklin Tire & Auto, Inc.
1975 East University Drive
Auburn, Alabama  36830

_____
OF COUNSEL

STATE OF ALABAMA                    *
                                    *
COUNTY OF _Lee_                     *

## AFFIDAVIT OF ROBERT G. FRANKLIN

BEFORE ME, a notary public in and for said county in said state, personally

appeared Robert G. Franklin, who, being by me first duly sworn, deposes and says on

oath that he has read this Affidavit and that he is informed and believes that the

following facts are true and correct:

1.    My name is Robert G. Franklin.  I am employed at Franklin Tire & Auto

Inc. ("Franklin Tire").  I have personal knowledge of the facts set forth in this affidavit,

and I am authorized to make this affidavit on behalf of Franklin Tire.

2.    Calvin Bullard does towing for Franklin Tire on an as-needed, on-call

basis.  He is not a full-time employee of Franklin Tire, and Franklin Tire considers him

to be an independent contractor.  Even though he uses Franklin Tire's wrecker to do

towing, Franklin Tire does not direct the manner in which he does his work.

3.    Calvin Bullard was involved in an accident on June 30, 2006.  Although

Mr. Bullard informed of us the accident, he never indicated that he would be filing a

workers' compensation claim, he never filed a claim, and he never asked to be referred

to our workers' compensation doctor.

4.    Franklin Tire has had no involvement in selecting Mr. Bullard's medical

providers or overseeing his medical treatment.



EXHIBIT

B

FURTHER THE AFFIANT SAITH NOT.

ROBERT G. FRANKLIN

SWORN to and subscribed before me this the _10th_ day of September, 2007.

[SEAL]

Notary Public
My commission expires

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 15, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS



# SLOCUMB LAW FIRM, LLC

MICHAEL W. SLOCUMB, ESQ.

2006 EXECUTIVE PARK DRIVE, SUITE A
OPELIKA, ALABAMA 36801

TELEPHONE: (334) 741-4110
FACSIMILE: (334) 742-0525
WWW.SLOCUMBLAW.COM
E-MAIL: MIKE@SLOCUMBLAW.COM

Monday, May 7, 2007

**VIA FEDERAL EXPRESS**

Harvey Jones
Sedgwick CMS
750 State Highway 121 Bypass
Suite 190
Lewisville, Texas 75067

> Re:  **My Client:    William Calvin Bullard**
> **Your Client: Pepsico, Inc./Rolling Frito Lay Sales, L.P.**
> **Date of Loss: June 30, 2006**
> **Claim #:      2007 066 0230**

Dear Harvey:

Please find the following medical records and expenses pertaining to Calvin Bullard's personal injury claim.

## Medical Records and Expenses:

| | | | |
|---|---|---|---:|
| 1. | Auburn Urgent Care | $ | 622.00 |
| 2. | Herring Spine & Rehab, Inc. | | 5,045.00 |
| 3. | Alabama Imaging, P.C. | | 205.00 |
| 4. | Orthopaedic Clinic, P.C. | | 9,025.25 |
| 5. | East Alabama Medical Center | | 11,250.86 |
| 6. | Anesthesia Associates of East Alabama | | 1,690.00 |
| 6. | The Drug Store | | 174.91 |

| | |
|---|---:|
| **TOTAL MEDICAL EXPENSES** | **$ 28,013.02** |
| **Lost Wages (21 Weeks x $600/Week)** | **$ 2,047.00** |
| **Future Medical ($2,000/Annum x 30.92 years)** | **$ 61,840.00** |

### Summary of Accident

The day is Friday, June 30, 2006. The location is U.S. Highway 280 in Russell County, Alabama. The weather is clear and dry. Twelve fifty in the afternoon. Steven Gallaher, an employee of Frito Lay, Inc., drives south on U.S. Highway 280. He is exceeding the posted speed limit of 55 miles per hour. Up ahead, a tow truck is stopped in traffic in the southbound lane of U.S. Highway 280. Mr. Gallaher applies his brakes. He is unable to stop. He strikes the rear bumper of the tow truck stopped in traffic. The tow truck moves forward from a stopped position and strikes the vehicle in front of it. The struck vehicle then moves forward from a stopped position and collides with a fourth vehicle in front of it. The fourth vehicle then moves forward and strikes a fifth vehicle in



EXHIBIT

C

Harvey Jones
May 7, 2007
Page Two

front of it. After impacting the tow truck, the driver's head strikes the rear windshield. The windshield shatters. Glass from the windshield is lodged in the driver's head. The driver of the tow truck is my client, Calvin Bullard. You will find a copy of the accident report under **Exhibit A**.

## Venue

As you are aware, the collision occurred in Russell County, Alabama. Your clients are non-residents of the state of Alabama. If my client were to commence litigation, he would do so in the United States District Court for the Middle District of Alabama, Eastern Division. The Middle District of Alabama is a very favorable venue for my client. For more information relating to the counties comprising the Middle District of Alabama and the makeup of the jury venire, please refer to **Exhibit C**.

## Federal Motor Carrier Safety Administration Regulation Violations

This collision involved a commercial motor vehicle on the part of your client's employee, Steven Gallaher. The use, maintenance and operation of the subject tractor and trailer on the part of your client is therefore regulated by the United States Department of Transportation Federal Motor Carrier Safety Administration Regulations (hereinafter FMCSA).

An investigation conducted of the subject collision revealed several FMCSA Regulation violations. As set forth in § 571.105, § 571.121, § 393.40, and § 393.52, a commercial tractor-truck must be capable of stopping within certain parameters, governed by factors such as the gross weight of the vehicle together with a given speed. Your client's employee was exceeding the speed limit of the traveled roadway. Further, the braking equipment on your client's tractor and trailer was not in compliance with the FMCSA. The defective braking system on said tractor and trailer is evidenced by the fact that your client's employee applied the brakes prior to impact, but was unsuccessful in bringing the tractor and trailer to a timely stop.

You will locate the applicable FMCSA Regulations under **Exhibit D** hereto.

## Calvin Bullard's Medical Treatment

Following the collision, Calvin Bullard was transported to his family physician, Dr. Franklin Bufford, at Auburn Urgent Care in Auburn, Alabama. Upon arrival at Dr. Bufford's office, Mr. Bullard reports *striking his head during the collision, loss of consciousness, neck pain, multiple contusions, shoulder pain, hand pain, elbow pain, forearm pain, arm pain, back pain, and complaints of a headache*. An examination

Harvey Jones
May 7, 2007
Page Three

revealed a *laceration in the back of his head*. Following consultation and evaluation, Mr. Bullard was prescribed *Celbrex, Cyclobenzaprine, Propozyphene (a/k/a Darvocet)* and discharged with instructions to follow up in 1-2 days.

Mr. Bullard continued to experience severe pain in his cervical spine with accompanying numbness radiating into his upper extremities. On July 3, 2006, Mr. Bullard returned to Auburn Urgent Care with complaints of *cervical pain, headaches, arm pain and shoulder pain*. Following consultation and evaluation, Dr. Edvin Larson instructed Mr. Bullard to undergo a CT Scan of his brain.

On July 3, 2006 Mr. Bullard reported to East Alabama Medical Center for CT Scan of his brain. Fortunately, Mr. Bullard's brain was found to not have suffered intracranial bleeding. Interestingly, an MRI or CT Scan of Mr. Bullard's cervical spine was not obtained.

On July 6, 2006, Mr. Bullard was referred to Herring Spine & Rehabilitation for conservative treatment of his cervical spine. Mr. Bullard reported complaints of *arm/shoulder pain, back pain, back stiffness, dizziness, ear buzzing, ear ringing, feet/toe numbness, hand/finger numbness, headaches, neck pain, neck stiffness, sleep difficulty, tension, burning sensation in his neck, pain associated with rotating his neck and pain in his shoulder*. Mr. Bullard reported that his *pain symptoms began following a collision* where the wrecker he was operating was struck from the rear by a tractor trailer. Mr. Bullard stated that he was leaning forward when his trailer was struck which caused his body to move forward and then backward. He *reported striking his head on the rear windshield*, which caused his *head to bleed and swell*.

Mr. Bullard received treatment from Dr. Ronnie Herring at Herring Spine & Rehabilitation over the course of six months. He was treated using manipulation and electrical stimulation. Due to a lack of consistent pain relief, Dr. Herring referred Mr. Bullard to Dr. Frazier Jones, an orthopaedic surgeon at The Orthopaedic Clinic in Opelika, Alabama.

On August 23, 2006 Mr. Bullard reported to Dr. Jones at The Orthopaedic Clinic for evaluation. A history of Mr. Bullard revealed that his *pain symptoms began following a tractor trailer collision on June 30, 2006*. It further revealed that conservative treatment, including chiropractic care and pain medicine, was failing to bring permanent relief. Following consultation, Dr. Jones elected to prescribe Mr. Bullard *Ultram* for his pain. If Mr. Bullard did not improve, he was instructed to return to The Orthopaedic Clinic at which point Dr. Jones would consider additional options.

Harvey Jones
May 7, 2007
Page Four

While Mr. Bullard continued with chiropractic treatment, he reported back to Dr. Jones on September 11, 2006. He complained of *axial pain in his cervical spine* and occasional *paresthesias* (tingling/numbness) in his hand. Following consultation, Dr. Jones opined that Mr. Bullard's pain symptoms, at the time, did not warrant surgical intervention (i.e. pain had only persisted for one month) and offered Mr. Bullard epidural injections. Mr. Bullard declined an epidural injection and elected to continue with chiropractic care. ·

Mr. Bullard returned to Dr. Jones on September 25, 2006 with continued complaints of cervical pain. He reported that the combination of therapy and pain medication was helping.

On November 6, 2006 Mr. Bullard returned to Dr. Jones with complaints of cervical pain. He reported *recurrent stiffness in his cervical spine* and *occasional paresthesias in his hand*. Dr. Jones opined that he would recheck Mr. Bullard as needed if chiropractic care and anti-inflammatories did not bring permanent relief.

Mr. Bullard continued treating with Dr. Herring through January 4, 2007 at which point it was determined that Mr. Bullard had reached maximum medical improvement with regards to chiropractic care.

On January 22, 2007 Mr. Bullard returned to Dr. Jones for evaluation of his neck and right arm pain. Mr. Bullard reported having an *increase in pain symptoms*. As stated hereinabove, it was noted that *Mr. Bullard was at the point where chiropractic manipulations were of less and less benefit*. Dr. Jones noted that Mr. Bullard was on pain medication and anti-inflammatories and *nothing seemed to bring permanent pain* relief. Dr. Jones further that *little progress was being made as far as Mr. Bullard's discomfort*. Due to Mr. Bullard's symptoms and lack of improvement and his motion on his films, Dr. Jones opined that surgical intervention was not unreasonable. Dr. Jones further opined that *surgical intervention would have a reasonable chance of helping his pain*. Dr. Jones ordered an MRI can and instructed Mr. Bullard to return after an MRI was obtained.

An MRI of Mr. Bullard's cervical spine was obtained on January 23, 2007. An MRI revealed *disc desiccation and slight bulge at C4-5*, a *disc protrustion at C5-6* and a *broad-based disc bulge at C6-7*.

Mr. Bullard returned to Dr. Jones on January 25, 2007 following the results of his MRI scan. Dr. Jones stated that the injury was sustained in the collision and that an *anterior cervical fusion at C4-5 and C5-6 was the only remaining treatment option*.

Harvey Jones
May 7, 2007
Page Five

On February 8, 2007 Mr. Bullard returned to Dr. Jones for final pre-operative consultation. He reported *continued significant pain*. Dr. Jones opined that he had *exhausted nonoperative management*. Mr. Bullard returned to Dr. Jones on February 26, 2007 for pre-operative consultation. It was determined that Mr. Bullard's surgery would be performed on March 13, 2007 at East Alabama Medical Center in Opelika, Alabama.

### Cervical Fusion

Mr. Bullard reported to East Alabama Medical Center in Opelika, Alabama on March 13, 200 to undergo surgical repair of his cervical spine. He was placed under *general anesthesia*. A skin incision was outlined and infiltrated with 1% xylocaine with epinephrine. A *transverse skin incision was then made*. Dr. Jones *opened the incision and exposed the platysma*. Dr. Jones then *exposed the esophagus* and retracted it medially. He then identified the *C4-5 level and C5-6 level*. There were large anterior osteophytes present which Dr. Jones removed with a *TPS drill at C5-6*. He then decompressed the spinal cord and nerve roots bilaterally. He then placed a *7 millimeter corticocancellous graft at the C5-6* which was machined from Synthes. A similar procedure was carried out at the C4-5 interspace. He then placed a *30 millimeter plate with 16 millimeter screws* and affixed them over the area. The wound was then closed and Mr. Bullard was monitored as he recovered. For more information on an anterior cervical fusion, please see the diagram immediately following this narrative.

### Post Operative Care

On March 22, 2007 Mr. Bullard returned to Dr. Jones for post-operative evaluation and consultation. Mr. Bullard reported feeling much better than he did pre-surgery. He denied any pain, numbness or tingling in his arms or hands. He did report being sore in his neck, as expected. Mr. Bullard returned to Dr. Jones on April 5, 2007 where it was noted that Mr. Bullard could return to light duty work. *Importantly, Dr. Jones has no plans to remove the hardware installed for the fusion, meaning said hardware will remain permanently affixed to Mr. Bullard's cervical spine*.

Today, Mr. Bullard has returned to work as a tow truck driver. The *metal plates, screws and associated hardware will remain permanently in his cervical spine. They will not be removed.*

### Future Medical Care

Due to the serious nature of Mr. Bullard's injuries, the anterior cervical fusion performed, and his age, future medical care is certain. Based upon the mortality table provided by the Alabama Department of Industrial Relations, Mr. Bullard has a life

Harvey Jones
May 7, 2007
Page Six

expectancy of 30.92 years remaining. Future care is conservatively estimated at $2,000.00 per annum. You will find a copy of the mortality table produced by the Alabama Department of Industrial Relations under **Exhibit E**.

### Conclusion

Calvin Bullard has been caused much physical pain, suffering and mental anguish as a result of the injuries he sustained on June 30, 2006. He has further suffered and will continue to suffer from permanent injuries and impairments to his neck and body as a whole. He has had to endure the inconvenience and financial hardship of numerous doctors' appointments and has been caused to lose significant time from work. Your client should be aware that the numerous Federal Motor Carrier Safety Administration Regulations that were violated in regards to this collision imputes a punitive element to the level of damages recoverable in this matter. Based upon these circumstances, I am demanding **$600,000.00** to settle my client's personal injury claim. In the event this mater cannot be resolved without litigation, I have enclosed a copy of the Complaint I will file in the United States District Court for the Middle District of Alabama for your review under **Exhibit I**.

I look forward to hearing from you within ten (10) days of the date of this demand. If you have any questions, please do not hesitate to contact my office.

With best regards, I am

Very truly yours,

Michael W. Slocumb

MWS/gw
Encl.

**Exhibits**

| | |
|---|---|
| Accident Report | "A" |
| Photographs | "B" |
| Venue Information | "C" |
| FMCSA Regulations | "D" |
| Mortality Table | "E" |
| Lost Wage Support | "F" |
| Medical Expenses | "G" |
| Medical Records | "H" |
| Complaint | "I" |

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILLIAM CALVIN BULLARD,                    *
                                           *
        Plaintiff,                         *
                                           *
v.                                         *    Case No. 3:07CV 812 - WKW
                                           *    Removed from the Circuit Court of
STEVEN GALLAHER; FRITO LAY,                *    Russell County, Alabama,
INC.; ROLLING FRITO LAY SALES,             *    Case No. CV-07-90007
L.P.; FRANKLIN TIRE & AUTO, INC.,          *
                                           *
        Defendants.                        *

## CONSENT TO REMOVAL

**Franklin Tire & Auto, Inc.** consents to the removal of Civil Action No. CV-07-9-077
from the Circuit Court of Russell County, Alabama, to the United States District Court for the
Middle District of Alabama, Eastern Division.

Dated this _10th_ day of September, 2007.

BY: _____

FOR FRANKLIN TIRE & AUTO, INC.

EXHIBIT
ALL-STATE LEGAL®
D



Slip Copy                                                                                          Page 1

Slip Copy, 2007 WL 1159699 (M.D.Ala.)

**(Cite as: Slip Copy)**

Bryant v. Wausau Underwriters Ins. Co.
M.D.Ala.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,Northern
Division.
Ashby Shawn BRYANT, Plaintiff,
v.
WAUSAU UNDERWRITERS INSURANCE
COMPANY, et al., Defendants.
**No. 2:06-cv-1002-MEF.**

April 18, 2007.

Lister Hill Proctor, Proctor & Vaughn, Sylacauga,
AL, Ryan Wesley Shaw, Beers, Anderson, Jackson,
Patty, Van Heest & Fawal, P.C., Montgomery, AL,
for Plaintiff.
Richard B. Garrett, Rushton Stakely Johnston &
Garrett PC, Montgomery, AL, Earl Howard Lawson,
Jr., Law Office of Earl H Lawson, Jr, Birmingham,
AL, for Defendants.

***MEMORANDUM OPINION AND ORDER***
MARK E. FULLER, Chief United States District
Judge.
**\*1** On October 6, 2006, Plaintiff Ashby Shawn
Bryant (" Plaintiff" ) filed suit against Wausau
Underwriters Insurance Company (" Wausau" ) and
Madix, Inc. (" Madix" ) in the Circuit Court of Coosa
County.[FN1] On November 3, 2006, Wausau and
Madix (collectively " Defendants" ) filed a Notice of
Removal in this Court (Doc. # 1). On the same day,
Defendants filed a Motion to Sever and Remand
(Doc. # 5). On November 22, 2006, Plaintiff filed a
Motion to Remand (Doc. # 8). Those motions are
presently before the Court. For the reasons set forth
below, Defendants' motion is due to be GRANTED
and Plaintiff's motion is due to be GRANTED IN
PART and DENIED IN PART.

> FN1. Plaintiff also named a number of
> fictitious defendants. Federal courts do not
> allow fictitious party practice. New v. Sports
> & Recreation, Inc., 114 F.3d 1092, 1094 n. 1
> (11th Cir.1997) (" [F]ictitious party practice
> is not permitted in federal court." ).
> Therefore, the fictional defendants are due
> to be dismissed. See, e.g., Wiggins v. Risk
> Enterprise Mgmt. Ltd., 14 F.Supp.2d 1279,
> 1279 n. 1 (M.D.Ala.1998) (DeMent, J.)

(dismissing sua sponte fictional defendants).

### I. Standard of Review

Federal courts are courts of limited jurisdiction.
*Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S.
375, 377 (1994); *Burns v.. Windsor Ins. Co.,* 31 F.3d
1092, 1095 (11th Cir.1994); *Wymbs v. Republican
State Executive Comm.,* 719 F.2d 1072, 1076 (11th
Cir.1983). As such, they only have the power to hear
cases that they have been authorized to hear by the
Constitution or the Congress of the United States.
*Kokkonen,* 511 U.S. at 377. Federal courts have
federal question jurisdiction over civil actions that
arise " under the Constitution, laws, or treaties of the
United States." 28 U.S.C. § 1331. Federal courts
have diversity jurisdiction over civil actions between
citizens of different states, in which the jurisdictional
amount of greater than $75,000, exclusive of interest
and costs, is met. See 28 U.S.C. § 1332(a)(1).

The party seeking removal has the burden of
establishing that subject matter jurisdiction exists and
removal is appropriate. See *Burns,* 31 F.3d at 1095.
Because federal court jurisdiction is limited and
removal jurisdiction raises significant federalism
concerns, the Eleventh Circuit Court of Appeals has
held that it favors remand of removed cases when
federal jurisdiction is not absolutely clear, explaining
that " removal statutes are construed narrowly; where
plaintiff and defendant clash about jurisdiction,
uncertainties are resolved in favor of remand." *Id.*

### II. Background

Plaintiff claims that on or about March 14, 2006 he
suffered a ruptured disc in his neck while performing
his job duties as an employee of Madix. He contends
that his neck, shoulder, and arm are permanently
disabled and that he now suffers permanent total
disability.

Count I of the Complaint alleges that Plaintiff is
owed workers' compensation benefits from Madix.
Plaintiff seeks the " compensation, medical expenses
and other benefits to which [he] is entitled under the
Workers' Compensation Act of 1992 of the State of
Alabama." (Doc. 1 Ex. C at 4.) He also seeks costs
and expenses.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT
E
ALL-STATE LEGAL®

Slip Copy                                                                                     Page 2
Slip Copy, 2007 WL 1159699 (M.D.Ala.)
(Cite as: Slip Copy)

Count II alleges that Defendants are liable for the tort of outrage due to their failure to authorize a surgery that an orthopedic surgeon recommended Plaintiff undergo. Plaintiff claims that this failure was intentional or reckless. He alleges that " Defendants' actions are so severe and outrageous that they exceed the bounds of decency." (Doc. 1 Ex. C at 8.) He seeks compensatory and punitive damages, costs, and interest.

### III. Discussion

**\*2** The parties agree that Count I should be remanded. " A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties' motions are due to be GRANTED to the extent that they seek to remand Count I of the Complaint.

The parties disagree as to whether Count II should be remanded. Plaintiff does not dispute that Count II was properly removed based on diversity jurisdiction. However, he argues that his claims may not be severed, and therefore that both should be remanded. He contends that the claims may not be severed because they (1) are part of one action, (2) have not been severed in state court, and (3) are intertwined such that severing them would " compromise[ ] both justice and judicial economy." (Doc. 8 at 2.) He does not cite any support for these propositions. The Court is not convinced that it is precluded from severing Plaintiff's claims. It will grant the motion to sever should it determine that Count II is properly before the Court.

Plaintiff argues that 28 U.S.C. § 1445(c) prohibits remand of Count II because his outrage claim arises under Alabama's workers' compensation laws. The Court agrees that Plaintiff's outrage claim may not be removed to this Court if it " arises under" the Alabama Workers' Compensation Act. See 28 U.S.C. § 1445(c). In Reed v. Heil Co., 206 F.3d 1055 (11th Cir.2000), the Eleventh Circuit held that a claim of retaliatory discharge for filing a workers' compensation claim, a statutory cause of action, arose under Alabama's workers' compensation laws. Id. at 1060. The Eleventh Circuit noted that the retaliatory discharge cause of action was " an integral part of Alabama's workers' compensation regime," having been " passed to enhance the efficacy of the overall workers' compensation system" and codified with the rest of the workers' compensation laws. Id. The

court stated that cases focusing on whether common law causes of action under state workers' compensation laws were inapposite. Id. at 1059. It noted that the Seventh Circuit held that a court-created retaliatory discharge claim for filing for workers' compensation did not arise under the workers' compensation laws. See id. (citing Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.1994)). The court also cited with approval Fourth Circuit precedent holding that an intentional tort action did not arise under state workers' compensation laws for purposes of § 1445(c). See Reed, 206 F.3d at 1060 (citing Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir.1995)).

Outrage is a common law intentional tort. A cause of action for outrage, even if based on a denial of a workers' compensation claim, is not " an integral part of Alabama's workers' compensation regime." See id. The Court concludes that Plaintiff's outrage claim does not arise under the Alabama Workers' Compensation Act. Therefore, § 1445(c) does not require that Count II be remanded. The Court finds that Count II was properly removed based on diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is due to be DENIED with respect to Count II, and Defendants' Motion to Sever and Remand is due to be GRANTED with respect to severance of Plaintiff's claims.

### IV. Conclusion

**\*3** For the reasons set forth above, it is hereby ORDERED that
1. Plaintiff's Motion to Remand (Doc. # 8) filed November 22, 2006, is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Count I and DENIED as to Count II.
2. Defendants' Motion to Sever and Remand (Doc. # 5) filed November 3, 2006, is GRANTED.
3. Counts I and II are SEVERED.
4. Count I is REMANDED to the Circuit Court of Coosa County, Alabama.
5. The Clerk is DIRECTED to take appropriate steps to effect the remand.
6. Plaintiff's claims against the fictional defendants are DISMISSED.

DONE.

M.D.Ala.,2007.
Bryant v. Wausau Underwriters Ins. Co.
Slip Copy, 2007 WL 1159699 (M.D.Ala.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1159699 (M.D.Ala.)

**(Cite as: Slip Copy)**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FILED JUL 20 '01 PM 3:19 USDCALS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

HELEN WHITE,                              )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )      CIVIL ACTION  01-0398-S
                                          )
TRAVELERS INSURANCE CO., et al.,          )
                                          )
    Defendants.                       )

## ORDER

This matter is before the Court on the plaintiff's motion to remand.  (Doc. 9).  The Court has considered the briefs filed by the parties as well as the notice of removal and accompanying documents.  (Doc. 1, 9, 12).  For the reasons set forth below, the Court concludes that the motion to remand is due to be granted in part and denied in part.

## BACKGROUND

The plaintiff named as defendants Travelers Insurance Company ("Travelers") and Physician's Pain Specialists of Alabama, P.C. ("Physician's").[1]  Travelers, the worker's compensation carrier for the plaintiff's employer, is not a citizen of Alabama.  Physician's, a provider of certain health care services to the plaintiff, is reported to be an Alabama citizen, as is the plaintiff.[2]

---

[1] The style of the complaint lists several fictitious defendants.  Fictitious party practice is not recognized in federal court.  *See, e.g., New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094, 1097 (11th Cir. 1997)(trial court did not err in striking fictitious parties); *Weeks v. Benton,* 649 F. Supp. 1297, 1298 (S.D. Ala. 1986); Fed. R. Civ. 10(a).  Accordingly, it is **ordered** that all references to fictitious parties are **stricken** from the complaint.

[2] The parties have assumed that the citizenship of Physician's is to be measured as is that of a garden-variety corporation and not by the citizenship of its shareholders.  *Compare Carden v. Arkona Associates,* 494 U.S. 185, 197 (1990)("We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress ....") *with*

EXHIBIT
F
ALL-STATE LEGAL®

According to the complaint, the plaintiff was injured in the course of her employment and obtained a judgment from the Circuit Court of Mobile County in 1990 holding her employer and/or Travelers responsible for payment of all future medical and prescription costs in connection with her workplace injury.[3] Travelers paid for several back surgeries, but the plaintiff remained in significant pain. In the fall of 1999, her treating orthopaedic surgeon referred the plaintiff to Physician's, which recommended that she receive a morphine pump implant, to be followed, managed and periodically refilled by Physician's. Travelers authorized and paid for the implant surgery but subsequently refused to pay Physician's for refiling the morphine pump. On or before April 23, 2001, Physician's dropped the plaintiff as a patient due to Travelers' failure to pay over $11,000 in past due charges and failure to agree to pay for future treatment.

Count Two of the complaint alleges that Travelers violated Alabama's worker's compensation statutes and the state court judgment. Count Three alleges that Travelers committed the tort of outrage, and Count Four alleges that Travelers committed the tort of wantonness. (Complaint at 6-7).

Count One, styled "Request for Injunctive Relief," is the only count directed to Physician's as well as to Travelers. Count One, after incorporating the allegations of the preceding paragraphs set forth above, alleges that the plaintiff is fully morphine dependent, that she will suffer serious and disabling physical and mental injuries if her pump is not refilled immediately, that Physician's is the only area provider of such services, and that Physician's dropped the plaintiff as a patient due to Travelers' failure to pay for past and current services. "[B]ased on the foregoing," the plaintiff seeks "an Order compelling [Physician's] to provide the

---

*Saecker v. Thorie*, 234 F.3d 1010, 1012 (7th Cir. 2000)("primarily to avoid multiplying confusing distinctions within the category of corporations, ... a professional corporation is to be treated the same as a regular business corporation, even if the professional corporation does not protect its principals from personal liability or serve to raise capital from passive investors"). Since it cannot alter the result, it is unnecessary for the Court to determine how to assess the citizenship of an Alabama professional corporation.

[3]The complaint purports to attach a copy of the judgment and of a stipulation entered between the plaintiff, her employer and Travelers. (Complaint at 2). The copy of the complaint attached to the notice of removal does not include these documents, and Travelers' insurer denies they were attached to the complaint as filed. (Doc. 7 at 1-2).

2

treatment requested and refill the Plaintiff's morphine pump, and Plaintiff further asks the Court to enter and [sic] Order requiring [Travelers] to pay for this service." (Complaint at 5).

## DISCUSSION

Travelers removed on the basis of diversity of citizenship. While recognizing that both the plaintiff and Physician's are citizens of Alabama, Travelers argues that the citizenship of Physician's should be ignored for any of these reasons: (1) Physician's was fraudulently joined; (2) Physician's is a nominal or formal party; and (3) Physician's should be realigned as a plaintiff. The plaintiff disputes these contentions. In addition, the plaintiff argues that removal is barred by 28 U.S.C. § 1445(c) and that the removal is procedurally defective because Physician's did not join in or consent to the removal.

### A. Fraudulent Joinder.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden lies with Travelers to prove that Physician's was fraudulently joined, and the burden "is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Fraudulent joinder "must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964).

Fraudulent joinder can arise in any of three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d at 1287. Travelers addresses only the first of these situations.

"Even if a named defendant is such a citizen [of the state in which the action was brought], however, it is appropriate for a federal court to dismiss such a defendant and retain

diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco Co.*, 2001 WL 661180 at *1 (11th Cir. June 13, 2001). As a threshold matter in this analysis, there must in fact be a cause of action stated in the complaint. "'If there is even a possibility that a state court would find *that the complaint states a cause of action* against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983))(emphasis added); *accord Parks v. New York Times*, 308 F.2d at 477 ("The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability ...."); *Nabors v. Transouth Financial Corp.*, 928 F. Supp. 1085, 1087 (M.D. Ala. 1996)("The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state.").

Count One on its face does not allege a cause of action. On the contrary, while the captions of Counts Two, Three and Four expressly identify causes of action recognized under Alabama law, Count One simply "request[s] injunctive relief." (Complaint at 5). An injunction is not a cause of action but a remedy. *See, e.g., Jefferson County Commission v. ECO Preservation Services, L.L.C.*, 2000 WL 1171962 at 3 n.1 (Ala. 2000)("An injunction is '[a] court order commanding or preventing an action.'")(quoting Black's Law Dictionary 788 (7th ed. 1999)). The plaintiff's request for an injunction is nothing more than a prayer for relief, not the statement of a cause of action whose establishment would allow the granting of injunctive or other relief. *See, e.g., United Companies Lending Corp. v. Autrey*, 723 So. 2d 617, 625 (Ala. 1998)(Houston, J., concurring in the result)("a 'cause of action' is defined ... as '[a] situation or state of facts which would entitle [a] party to sustain [an] action and give him [the] right to seek a judicial remedy in his behalf.'")(quoting Black's Law Dictionary (6th ed. 1990)).

The plaintiff incorrectly suggests that a cause of action is alleged in the body of Count One even if it is misidentified as a remedy in its caption. Count One does not accuse Physician's of any wrongdoing that could form the basis of relief under any conceivable cause of action. On the contrary, the complaint treats Physician's refusal to eternally supply free morphine at the rate

4

several thousand dollars a year as perfectly legitimate – which it undoubtedly is, absent some contractual or legal obligation to do so, neither of which is alleged. [4]

The plaintiff's extensive briefing fails to come to grips with this fundamental problem. Instead, she posits that, "if the allegations in Count One are proven, which they will be, the Plaintiff will get a judgment for the relief requested against Defendant [Physician's]!" (Doc. 9 at 24, 27). Exclamation points, however, are not a substitute for authority and analysis, and the plaintiff's brief is devoid of either.

Because Physician's was fraudulently joined, it is unnecessary to consider Travelers' alternative arguments that Physician's is a formal or nominal party and that Physician's should be realigned as a plaintiff.

## B. Section 1445(c).

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c).

Count Two expressly invokes Alabama's worker's compensation scheme, and Travelers concedes that Count Two falls within Section 1445(c). (Doc. 12 at 3). The plaintiff relies on *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), for the proposition that her tort claims in Counts Three and Four also are captured by Section 1445(c).

*Reed*, however, held only that Alabama's statutory cause of action for wrongful discharge in retaliation for filing a worker's compensation claim "arises under" the state's worker's compensation laws. In so doing, the *Reed* Court stressed that this cause of action is based on statute rather than the common law and, moreover, is codified within Chapter 5 of Title 25 of the Alabama Code, the chapter establishing the state's worker's compensation scheme. 206 F.3d at 1059-60. *Reed* provides no support for the plaintiff's argument.

Courts nationwide have routinely held that state causes of action that are creatures of the

---

[4] In her brief, the plaintiff admits that "[t]his case arises out of Travelers' wrongful conduct." (Doc. 9 at 3 (emphasis added)).

5

common law do not "arise under" the worker's compensation laws. *E.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787-89 (5th Cir. 1996)(breach of the common law duty of good faith and fair dealing may "relate to" the worker's compensation laws of Texas, but it does not arise under them); *Ehler v. St. Paul Fire & Marine Insurance Co.*, 66 F.3d 771, 773 (5th Cir. 1995)(action to set aside a worker's compensation settlement for fraud did not arise under the state's worker's compensation laws, because "the focus must be on the source of the right of action" and, while the plaintiff's claim "may require interpretation of rights or benefits under the Texas Worker's Compensation Act, the Act itself does not provide for the specific right of action asserted"); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir.)(tort of retaliatory discharge does not arise under the worker's compensation laws; "[a] fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it."), *cert. denied*, 513 U.S. 955 (1994); *Hanna v. Fleetguard, Inc.*, 900 F. Supp. 1110, 1116 (N.D. Iowa 1995)("A state could not prevent removal of a tort case by labeling its common law of torts a 'workmen's compensation law.'"); *Gonzales v. City of Mesa*, 779 F. Supp. 1050, 1052 (D. Ariz. 1991) ("[B]oth the substantive right to be free from retaliatory discharge and the remedy must be viewed as an action under Arizona's judicially-created tort law and not as arising under the state's worker's compensation statutes."); *Sorensen v. Holman Erection Co.*, 1991 WL 290670 at 2 (D. Ore. 1991)(Section 1445(c) does not bar removal of a "cause of action based on an independent common law tort"); *Powers v. Travelers Insurance Co.*, 664 F. Supp. 252, 254 (S.D. Miss. 1987)(bad faith action addresses a civil wrong not compensable under Mississippi's worker's compensation act and therefore does not arise under the worker's compensation laws); *Smith v. Union Carbide Corp.*, 664 F. Supp. 290, 292 (E.D. Tenn. 1987)(cause of action for retaliatory discharge is a judicially created tort and therefore does not arise under the worker's compensation laws). *But see Thompson v. Cort Furniture Rental Corp.*, 797 F. Supp. 618, 622 (W.D. Tenn. 1992)(although the cause of action is judicially created, because the right to be free of retaliatory discharge is expressly embedded in the worker's compensation statutes the claim arises under Tennessee's worker's compensation laws).

The legislative history of Section 1445(c) also supports the view that it does not reach the plaintiff's common law causes of action. In discussing the purpose and intended effect of the

6

amendment, the Senate's report describes the Jones Act, the Fair Labor Standards Act and the Railway Employer's Liability Act, which render actions filed thereunder nonremovable to federal court, as "similar to the workmen's compensation *acts* of the states." S. Rep. No. 85-1830 (1958)(emphasis added).

The plaintiff ignores the language of Section 1445(c), its legislative history, and the wealth of cases directly contrary to her position. Instead, she emphasizes an unpublished opinion from the Northern District of Alabama, but Judge Nelson's reasoning that "to determine whether Griner has established the claims of fraud and outrageous conduct, the court will perforce have to resolve whether and to what extent Griner is, in fact, entitled to benefits under Alabama's workers' compensation law," (Doc. 9, Exhibit B at 4), is unaccompanied by analysis of Section 1445(c) or its legislative history or by citation to any authority. As the Fifth Circuit observed in *Patin*, that a claim is "related to" the worker's compensation laws does not establish that it arises under them. 77 F.3d at 789. Rather, as the Fifth Circuit also noted, "the focus must be on the source of the right of action," *Ehler v. St. Paul Fire & Marine*, 66 F.3d at 773, and the source of the plaintiff's right of action for outrage and wantonness is the general tort law of Alabama, not its worker's compensation scheme.

The plaintiff's only other authority in fact confirms that Section 1445(c) is limited to "sections of the [worker's compensation] *act* that were created to facilitate the state compensation scheme." *New v. Sports & Recreation, Inc.*, 947 F. Supp. 453, 457 (S.D. Ala. 1996)(emphasis added), *appeal dismissed*, 114 F.3d 1092 (11th Cir. 1997). Finally, the plaintiff's correct observation that Section 1445(c) was enacted to reduce the congestion of the federal courts provides no license to preclude removal of any case having any tangential connection to the "workmen's compensation laws" of the states.

As noted, Count Two of the complaint does fall within the ambit of Section 1445(c), while Counts Three and Four do not. When a claim made non-removable by Section 1445(c) is joined with one or more over which the federal courts have subject matter and removal jurisdiction, the latter are to be retained in federal court while the former is remanded to state court. *Reed v. Heil Co.*, 206 F.3d at 1061. Accordingly, Count Two of the complaint must be

remanded to state court.[5]

## C. Amount in Controversy.

The complaint does not pray for a specific amount of damages. "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealers Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

Assuming that Count One states a cause of action with respect to Travelers, it seeks an injunction compelling Travelers "to pay for this required service." (Complaint at 5). "For amount in controversy purposes, 'the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1309 (11th Cir. 2001)(quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). To be counted towards the amount in controversy, the value of the requested injunctive relief must be "'sufficiently measurable and certain.'" *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000)(quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 221 (11th Cir. 1997)).

Measured in terms of the cost of providing the service, an injunction compelling Travelers to pay for Physician's future morphine refills and other management of the plaintiff would be sufficiently certain to be considered in assessing the amount in controversy. The plaintiff has alleged that, between the fall of 1999 and April 23, 2001, Physician's post-implant unpaid bills exceed $11,000. At that rate, future charges would exceed $100,000 within approximately twelve years. Even reducing the value of future payments to present value, *see*

---

[5]A federal court ordinarily has the power to hear claims over which it has no independent subject matter jurisdiction if joined with claims over which it does possess such jurisdiction. 28 U.S.C. § 1367(a). That power, however, is qualified by the language, "[e]xcept as ... expressly provided otherwise by Federal statute." *Id.* The *Reed* Court apparently relied on this language. *See* 206 F.3d at 1058; *see also Wall v. Kimberley-Clark*, 2000 WL 1367995 (S.D. Ala. 2000); *Lackey v. Gateway Homes, Inc.*, 944 F. Supp. 870, 871-72 (N.D. Ala. 1996).

*Smith v GTE Corp.*, 236 F.3d at 1309, it would appear that the value to the plaintiff of an injunction extending to all future refills and other management by Physician's would alone establish the amount in controversy.

However, the plaintiff has not in Count One requested an injunction compelling Travelers to pay for all future refills, but only for her next "immediate" refill. (Complaint at 5). While Count Two arguably seeks payment for future refills, that count must be remanded to state court and therefore cannot be considered in assessing the amount in controversy.

Counts Three and Four assert claims for outrage and wantonness. The plaintiff does not seek injunctive relief under these counts but only unspecified compensatory and punitive damages for Travelers' allegedly wrongful conduct. It seems doubtful that the plaintiff could recover as compensatory damages the value of Travelers' missed payments for morphine refills as these amounts are due, not to the plaintiff, but to Physician's Accordingly, the Court assumes that Counts Three and Four properly seek damages only for mental anguish, pain and suffering, and punitive damages.

In April 2001, the Alabama Supreme Court affirmed an award of $500,000 to a tort-of-outrage plaintiff whose employer's worker's compensation carrier paid for spinal-fusion surgery but thereafter refused to pay for a hospital bed, a whirlpool tub or psychiatric treatment ordered by an authorized physician. *Travelers Indemnity Co. v. Griner*, 2001 WL 410454 (Ala. April 20, 2001). The facts in *Griner* bear at least a superficial similarity to those alleged in this case, and the plaintiff has offered no reason why her tort claims, if successful, are not worth at least 15% of the amount awarded in *Griner*. Indeed, the plaintiff does not challenge the amount in controversy at all.

Accordingly, the Court concludes that Travelers has met its burden of showing that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

## D. Defects in Removal Procedure.

Only the citizenship of defendants "properly joined and served" is relevant in determining removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441(b). Likewise, only those defendants that have been "properly joined and served" need join in or consent to remand.

9

*E.g., Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). A fraudulently joined defendant, by definition, is not a defendant "properly" joined. *E.g., Big B., Inc. v. Miler Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981). Therefore, such a defendant need not join in or consent to removal. *E.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Farias v. Bexar County Board of Trustees*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 502 U.S. 866 (1991). Accordingly, the failure of Physician's to join in or consent to removal is immaterial.

## CONCLUSION

Physician's Pain Specialists of Alabama, P.C. is **dismissed** as a party defendant. Count Two of the complaint is **remanded** to the Circuit Court of Mobile County. In all other respects, the plaintiff's motion to remand is **denied**.

DONE AND ORDERED this ___20th___ day of July, 2001.

WILLIAM H. STEELE
UNITED STATES MAGISTRATE JUDGE

10

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000386
Cashier ID: cstrecke
Transaction Date: 09/11/2007
Payer Name: BRADLEY ARANT ROSE AND WHITE
-----------------------------------
CIVIL FILING FEE
  For: BRADLEY ARANT ROSE AND WHITE
  Case/Party: D-ALM-3-07-CV-000812-001
  Amount:        $350.00
-----------------------------------
CHECK
  Remitter: BRADLEY ARANT ROSE AND WHITE L
  Check/Money Order Num: 004579
  Amt Tendered:  $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

DALM307CV000812-WKW

BULLARD V GALLAHER ET AL

BRADLEY ARANT ROSE AND WHITE LLP

P O BOX 1748

MONTGOMERY, AL  36102-1748
```