IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CALVIN BULLARD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Case No. 3:07CV812-WKW |
| | * Removed from the Circuit Court of |
| STEVEN GALLAHER; FRITO LAY, | * Russell County, Alabama, |
| INC.; ROLLING FRITO LAY SALES, | * Case No. CV-07-900077 |
| L.P.; FRANKLIN TIRE & AUTO, INC., | * |
| | * |
| Defendants. | * |

## ANSWER

**Frito Lay Inc., Rolling Frito Lay Sales LP,** and **Steven Gallaher** ("Defendants" or "these Defendants") answer the Plaintiff's Complaint as follows:

### First Defense

1.  The introductory, unnumbered paragraph does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in that paragraph and demand strict proof hereof.

2.  Defendants are without sufficient information to admit or deny that Plaintiff was a resident and citizen of Lee County, Alabama, at all times material to the issues in this case, as alleged in Paragraph 1 of the Complaint. Therefore, Defendants deny this allegation and demand strict proof thereof. Defendants deny that the Plaintiff was an employee of Franklin Auto & Tire Inc. at all times material to the issues in this case, and Defendants demand strict proof thereof.

3.  Defendants admit that Rolling Frito Lay Sales L. P. is a Delaware limited partnership with its principal place of business in Texas. Defendants deny the remaining allegations in Paragraph 2 of the Complaint and demand strict proof thereof.

1/1616575.1

4. Defendants admit that Frito Lay Inc. is a Delaware corporation with its principal place of business in Texas and that it is the general partner of Rolling Frito Lay Sales L.P. Defendants deny the remaining allegations in Paragraph 3 of the Complaint and demand strict proof thereof.

5. Defendants admit that Steven Gallaher is a citizen of Georgia, as alleged in Paragraph 4 of the Complaint. However, Defendants deny that Steven Gallaher was an employee and/or agent of Frito Lay Sales L.P. or Frito Lay Inc. and deny that Steven Gallaher was doing business for Frito Lay Sales L. P. or Frito Lay Inc. in Russell County, Alabama, at all times material to the issues in this case, and Defendants demand strict proof thereof.

6. Defendants admit that Franklin Tire is located in Lee County, Alabama. Defendants deny the remaining allegations in Paragraph 5 of the Complaint and demand strict proof thereof.

7. Defendants deny the material allegations in Paragraphs 6-10 of the Complaint and demand strict proof thereof.

8. Paragraph 11 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 11 and demand strict proof thereof.

9. Paragraph 12 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants adopt their previous responses to Paragraph 1-10 of the Complaint.

10. Defendants deny the material allegations in Paragraphs 13-17 of the Complaint and demand strict proof thereof.

11. Paragraph 18 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 18 and demand strict proof thereof.

12. Paragraph 19 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants adopt their previous responses to Paragraph 1-10 and Count One of the Complaint.

13. Defendants deny the material allegations in Paragraphs 20-24 of the Complaint and demand strict proof thereof.

14. Defendants admit that Plaintiff seeks both compensatory and punitive damages, as alleged in Paragraph 25 of the Complaint; however, Defendants deny that the Plaintiff is entitled to compensatory or punitive damages in this case.

15. Defendants deny the material allegations in Paragraph 26 of the Complaint and demand strict proof thereof.

16. Paragraph 27 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 27 and demand strict proof thereof.

17. Paragraph 28 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants adopt their previous responses to Paragraph 1-10, Count One, and Count Two of the Complaint.

18. Defendants deny the material allegations in Paragraphs 29-31 of the Complaint and demand strict proof thereof.

19. Paragraph 32 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 32 and demand strict proof thereof.

20. Paragraph 33 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants adopt their previous responses to Paragraph 1-10, Count One, Count Two, and Count Three of the Complaint.

21. Defendants deny the material allegations in Paragraphs 34-36 of the Complaint and demand strict proof thereof.

22. Paragraph 37 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 37 and demand strict proof thereof.

23. Defendants deny the material allegations in Paragraphs 38-43 of the Complaint and demand strict proof thereof.

24. Paragraph 44 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in Paragraph 44 and demand strict proof thereof.

25. Paragraph 45 of the Complaint does not require a response by Defendants; however, to the extent one is deemed required, Defendants adopt their previous responses to Paragraph 1-10, Count One, Count Two, Count Three, and Count Four of the Complaint.

26. Defendants deny the material allegations in Paragraphs 46-48 of the Complaint and demand strict proof thereof.

27. The unnumbered, "wherefore" paragraphs in the Plaintiff's complaint do not require a response by Defendants; however, to the extent one is deemed required, Defendants deny the material allegations in those paragraphs and demand strict proof thereof.

### Second Defense

These Defendants aver that the Plaintiff's Complaint fails to state a cause of action against them.

### Third Defense

These Defendants deny each and every material allegation in the Plaintiff's Complaint to the extent not admitted above and demand strict proof thereof.

### Fourth Defense

These Defendants plead the general issue.

### Fifth Defense

These Defendants contest the injuries and damages alleged in Plaintiff's Complaint and demand strict proof of any alleged injury or damage.

### Sixth Defense

These Defendants state that they are not indebted or liable to Plaintiff in any manner or amount whatsoever.

### Seventh Defense

These Defendants state that the sole proximate cause of the injuries and damages alleged in Plaintiff's Complaint may have been the actions, non-actions, or negligence of a person or persons other than these Defendants for whose actions, non-actions, or negligence these Defendants are in no way liable. Plaintiff is not therefore entitled to recover from these Defendants in this action.

### Eighth Defense

These Defendants state that the Plaintiff has failed to mitigate any alleged damages.

### Ninth Defense

These Defendants assert the defense of contributory negligence.

### Tenth Defense

These Defendants assert the defense of assumption of the risk.

### Eleventh Defense

Plaintiff's claims, if any, for the recovery of punitive damages are in contravention of these Defendants' rights under each of the following constitutional provisions: (a) the Commerce Clause of Article I, Section 8 of the United States Constitution; (b) the Contracts Claim of Article I, Section 10 of the United States Constitution; (c) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (d) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (e) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; (f) the federal constitutional prohibition against vague and over-broad laws; (g) the Excessive Fines Clause of Article I, Section 15 of the Alabama Constitution; (h) the *Ex Post Facto* Clause of Article I, Section 15 of the Alabama Constitution; (i) the Contracts Clause of Article I, Section 22 of the Alabama Constitution; and (j) the Due Process Clause of Article I, Section 6 and/or 13 of the Alabama Constitution, on the following separate and several grounds:

1. The procedures fail to provide a limit on the amount of the award of punitive damages.

2. The procedures fail to provide specific standards for determining whether an award of punitive damages is justified.

3. The procedures fail to provide specific standards for determining the amount of the award of punitive damages.

4. The procedures permit the imposition of an excessive fine in contravention of constitutional prohibitions.

5. The procedures permit the imposition of a fine that is criminal in nature without requiring a burden of proof commensurate with that in a criminal case.

6. The procedures permit multiple awards of punitive damages for the same alleged act.

7. The procedures fail to provide a clear and consistent appellate standard of review of an award of punitive damages.

8. The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

9. The procedures may result in the award of joint and several judgments against multiple defendants for different acts of wrongdoing.

**Twelfth Defense**

The award of discretionary, compensatory damages for physical pain and mental suffering on behalf of Plaintiffs violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) According to Alabama law, the purpose of awarding compensatory damages is to reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for physical pain and mental suffering. The amount of damage for such a

claim is left to the sound discretion of the jury with no specific much less objective standards for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for physical pain and mental suffering are awarded violate the Constitution for the following reasons:

    (i)    It fails to provide a reasonable limit on the amount of the award against defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

    (ii)    It fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

    (iii)    It results in position of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution.

    (iv)    It constitutes depravation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

    (b)    The award of discretionary compensatory damages for physical pain and mental suffering to the plaintiffs violate the due process clause of Article One, Section 6 of the Constitution of Alabama on the following grounds:

    (i)    It fails to provide a limit on the amount of the award against the defendant;

    (ii)    It is unconstitutionally vague,

    (iii)    It fails to provide specific standards in the amount of the award of such damages; and

    (vi)    It constitutes a deprivation of property without the due process of the law.

**Thirteenth Defense**

Plaintiff's Complaint seeks to make Defendants liable for punitive damages. These Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (May 20, 1996).

**Fourteenth Defense**

Any demand for punitive damages in this case is limited by the provisions of Act No. 358 of the 1999 Regular Session of the Alabama Legislature.

**Fifteenth Defense**

These Defendants aver the defense of sudden emergency.

**Sixteenth Defense**

Any award of punitive damages to Plaintiff in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007).

**Seventeenth Defense**

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendants without due process, to the extent that Plaintiff seeks to punish Defendants for an injury inflicted upon nonparties to this litigation (e.g. victims whom the Plaintiff does not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties…, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007). The Due Process Clause

prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

### Eighteenth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in the State deprives Defendant of "fair notice…of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1062 (2007) (citations omitted).

### Nineteenth Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### Twentieth Defense

Plaintiff's claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendants' conduct toward actual parties imposes "one State's (or one jury's) "policy choice" upon "neighboring states" with different public policies," in violation of the Due Process Clause of the United States

Constitution. *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (quoting *BMW of North America v. Gore,* 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

### Twenty-First Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[I]t is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007).

### Twenty-Second Defense

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one…a court, upon request, must protect against that risk." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1065 (2007). [F]ederal constitutional law obligates [courts] to provide *some* form of protection [to defendants] in appropriate cases." *Id.* (emphasis in original).

### Twenty-Third Defense

Defendants assert the defenses of waiver and estoppel

### Twenty-Fourth Defense.

These Defendants plead the doctrine of unclean hands as a defense.

### Twenty-Fifth Defense

These Defendants plead laches as a defense.

### Twenty-Sixth Defense

These Defendants plead lack of service of process as a defense.

### Twenty-Seventh Defense

These Defendants plead insufficient service of process.

### Twenty-Eighth Defense

These Defendants deny the Plaintiff was injured and/or damaged to the nature and extent claimed and contest damages.

*(signature)*
Charles A. Stewart III (CAS067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this document on the following on the 10th day of September, 2007, by United States Mail, properly addressed and first class postage prepaid:

Michael Slocumb
Slocumb Law Firm LLC
2006 Executive Park Drive, Suite A
Opelika, AL 36801

Franklin Tire & Auto, Inc.
1975 East University Drive
Auburn, Alabama 36830

*(signature)*
OF COUNSEL

1/1616575.1                               13