IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WILLIAM CALVIN BULLARD, | * |
| Plaintiff, | * |
| v. | * Case No. 3:07cv812-WKW |
| | * Removed from the Circuit Court of |
| STEVEN GALLAHER; FRITO LAY, | * Russell County, Alabama, |
| INC.; ROLLING FRITO LAY SALES, | * Case No. CV-07-900077 |
| L.P.; FRANKLIN TIRE & AUTO, INC., | * |
| Defendants. | * |

(Received stamp: DEBRA P. HACKETT, CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA, 2007 SEP 10 P 4:51)

## MOTION TO SEVER AND REMAND

**Frito Lay Inc., Rolling Frito Lay Sales LP** and **Steven Gallaher** (collectively referred to as "Frito Lay") move this Court to sever and remand the workers' compensation claim in Plaintiff's Complaint. In support of this motion, Frito Lay states as follows:

1. The Plaintiff filed a five-count Complaint in the Circuit Court of Russell County, Alabama.

2. Counts One through Four are tort claims against Frito Lay containing a jury demand and have been properly removed to this Court pursuant to 28 U.S.C. §1332 based on diversity of citizenship and amount in controversy.

3. Count Five of the Complaint is a claim for workers' compensation benefits against Defendant Franklin Tire & Auto Inc. In the Notice of Removal, Frito Lay establishes that Franklin Tire & Auto Inc. has been fraudulently joined because the Plaintiff has no possibility of establishing a cause of action against Franklin Tire & Auto Inc. in this case.

1/1616588.1

4. However, if the Court determines that Franklin Tire & Auto Inc. has not been fraudulently joined, Count Five, the workers' compensation claim, should be remanded to state court for adjudication there.

5. In further support of this motion, Frito Lay attaches the orders in (a) *Bryant v. Wausau Underwriters Ins. Co.*, 2007 WL 1159699 (M. D. Ala. Apr. 18, 2007), where Judge Fuller retained jurisdiction over an outrage claim, severed the workers' compensation claim, and remanded the workers' compensation claim to state court and (b) *White v. Travelers Ins. Co.*, Case No. 01-0398-S from the Southern District of Alabama, where Judge Steele severed a workers' compensation claim and remanded it to state court.

WHEREFORE, premises considered, Frito Lay moves this Court to sever Count Five of the Plaintiff's Complaint and to remand it to the Circuit Court of Russell County, Alabama.

Respectfully submitted,

*[signature]*

Charles A. Stewart III (CAS067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email: cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this document on the following on the 10th day of September, 2007, by United States Mail, properly addressed and first class postage prepaid:

Michael Slocumb
Slocumb Law Firm LLC
2006 Executive Park Drive, Suite A
Opelika, AL 36801

Franklin Tire & Auto, Inc.
1975 East University Drive
Auburn, Alabama 36830

*[signature]*

OF COUNSEL



Slip Copy                                                                                                         Page 1
Slip Copy, 2007 WL 1159699 (M.D.Ala.)
(Cite as: Slip Copy)

Bryant v. Wausau Underwriters Ins. Co.
M.D.Ala.,2007.
Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,Northern Division.
Ashby Shawn BRYANT, Plaintiff,
v.
WAUSAU UNDERWRITERS INSURANCE COMPANY, et al., Defendants.
No. 2:06-cv-1002-MEF.

April 18, 2007.

Lister Hill Proctor, Proctor & Vaughn, Sylacauga, AL, Ryan Wesley Shaw, Beers, Anderson, Jackson, Patty, Van Heest & Fawal, P.C., Montgomery, AL, for Plaintiff.
Richard B. Garrett, Rushton Stakely Johnston & Garrett PC, Montgomery, AL, Earl Howard Lawson, Jr., Law Office of Earl H Lawson, Jr, Birmingham, AL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
MARK E. FULLER, Chief United States District Judge.

*1 On October 6, 2006, Plaintiff Ashby Shawn Bryant (" Plaintiff" ) filed suit against Wausau Underwriters Insurance Company (" Wausau" ) and Madix, Inc. (" Madix" ) in the Circuit Court of Coosa County.[FN1] On November 3, 2006, Wausau and Madix (collectively " Defendants" ) filed a Notice of Removal in this Court (Doc. # 1). On the same day, Defendants filed a Motion to Sever and Remand (Doc. # 5). On November 22, 2006, Plaintiff filed a Motion to Remand (Doc. # 8). Those motions are presently before the Court. For the reasons set forth below, Defendants' motion is due to be GRANTED and Plaintiff's motion is due to be GRANTED IN PART and DENIED IN PART.

> FN1. Plaintiff also named a number of fictitious defendants. Federal courts do not allow fictitious party practice. *New v. Sports & Recreation, Inc.,* 114 F.3d 1092, 1094 n. 1 (11th Cir.1997) (" [F]ictitious party practice is not permitted in federal court." ). Therefore, the fictional defendants are due to be dismissed. *See, e.g., Wiggins v. Risk Enterprise Mgmt. Ltd.,* 14 F.Supp.2d 1279, 1279 n. 1 (M.D.Ala.1998) (DeMent, J.) (dismissing sua sponte fictional defendants).

**I. Standard of Review**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994); *Wymbs v. Republican State Executive Comm.,* 719 F.2d 1072, 1076 (11th Cir.1983). As such, they only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377. Federal courts have federal question jurisdiction over civil actions that arise " under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction over civil actions between citizens of different states, in which the jurisdictional amount of greater than $75,000, exclusive of interest and costs, is met. *See* 28 U.S.C. § 1332(a)(1).

The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns,* 31 F.3d at 1095. Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that " removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

**II. Background**

Plaintiff claims that on or about March 14, 2006 he suffered a ruptured disc in his neck while performing his job duties as an employee of Madix. He contends that his neck, shoulder, and arm are permanently disabled and that he now suffers permanent total disability.

Count I of the Complaint alleges that Plaintiff is owed workers' compensation benefits from Madix. Plaintiff seeks the " compensation, medical expenses and other benefits to which [he] is entitled under the Workers' Compensation Act of 1992 of the State of Alabama." (Doc. 1 Ex. C at 4.) He also seeks costs and expenses.

EXHIBIT A

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 1159699 (M.D.Ala.)
(Cite as: Slip Copy)

Page 2

Count II alleges that Defendants are liable for the tort of outrage due to their failure to authorize a surgery that an orthopedic surgeon recommended Plaintiff undergo. Plaintiff claims that this failure was intentional or reckless. He alleges that "Defendants' actions are so severe and outrageous that they exceed the bounds of decency." (Doc. 1 Ex. C at 8.) He seeks compensatory and punitive damages, costs, and interest.

### III. Discussion

*2 The parties agree that Count I should be remanded. "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The parties' motions are due to be GRANTED to the extent that they seek to remand Count I of the Complaint.

The parties disagree as to whether Count II should be remanded. Plaintiff does not dispute that Count II was properly removed based on diversity jurisdiction. However, he argues that his claims may not be severed, and therefore that both should be remanded. He contends that the claims may not be severed because they (1) are part of one action, (2) have not been severed in state court, and (3) are intertwined such that severing them would "compromise[ ] both justice and judicial economy." (Doc. 8 at 2.) He does not cite any support for these propositions. The Court is not convinced that it is precluded from severing Plaintiff's claims. It will grant the motion to sever should it determine that Count II is properly before the Court.

Plaintiff argues that 28 U.S.C. § 1445(c) prohibits remand of Count II because his outrage claim arises under Alabama's workers' compensation laws. The Court agrees that Plaintiff's outrage claim may not be removed to this Court if it "arises under" the Alabama Workers' Compensation Act. See 28 U.S.C. § 1445(c). In Reed v. Heil Co., 206 F.3d 1055 (11th Cir.2000), the Eleventh Circuit held that a claim of retaliatory discharge for filing a workers' compensation claim, a statutory cause of action, arose under Alabama's workers' compensation laws. Id. at 1060. The Eleventh Circuit noted that the retaliatory discharge cause of action was "an integral part of Alabama's workers' compensation regime," having been "passed to enhance the efficacy of the overall workers' compensation system" and codified with the rest of the workers' compensation laws. Id. The court stated that cases focusing on whether common law causes of action arise under state workers' compensation laws were inapposite. Id. at 1059. It noted that the Seventh Circuit held that a court-created retaliatory discharge claim for filing for workers' compensation did not arise under the workers' compensation laws. See id. (citing Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.1994)). The court also cited with approval Fourth Circuit precedent holding that an intentional tort action did not arise under state workers' compensation laws for purposes of § 1445(c). See Reed, 206 F.3d at 1060 (citing Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121, 125 (4th Cir.1995)).

Outrage is a common law intentional tort. A cause of action for outrage, even if based on a denial of a workers' compensation claim, is not "an integral part of Alabama's workers' compensation regime." See id. The Court concludes that Plaintiff's outrage claim does not arise under the Alabama Workers' Compensation Act. Therefore, § 1445(c) does not require that Count II be remanded. The Court finds that Count II was properly removed based on diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is due to be DENIED with respect to Count II, and Defendants' Motion to Sever and Remand is due to be GRANTED with respect to severance of Plaintiff's claims.

### IV. Conclusion

*3 For the reasons set forth above, it is hereby ORDERED that
1. Plaintiff's Motion to Remand (Doc. # 8) filed November 22, 2006, is GRANTED IN PART and DENIED IN PART. It is GRANTED as to Count I and DENIED as to Count II.
2. Defendants' Motion to Sever and Remand (Doc. # 5) filed November 3, 2006, is GRANTED.
3. Counts I and II are SEVERED.
4. Count I is REMANDED to the Circuit Court of Coosa County, Alabama.
5. The Clerk is DIRECTED to take appropriate steps to effect the remand.
6. Plaintiff's claims against the fictional defendants are DISMISSED.

DONE.

M.D.Ala.,2007.
Bryant v. Wausau Underwriters Ins. Co.
Slip Copy, 2007 WL 1159699 (M.D.Ala.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy

Slip Copy, 2007 WL 1159699 (M.D.Ala.)

**(Cite as: Slip Copy)**

Page 3

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FILED JUL 20 '01 PM 3:19 USDCALS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| HELEN WHITE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 01-0398-S |
| TRAVELERS INSURANCE CO., et al., | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on the plaintiff's motion to remand. (Doc. 9). The Court has considered the briefs filed by the parties as well as the notice of removal and accompanying documents. (Doc. 1, 9, 12). For the reasons set forth below, the Court concludes that the motion to remand is due to be granted in part and denied in part.

### BACKGROUND

The plaintiff named as defendants Travelers Insurance Company ("Travelers") and Physician's Pain Specialists of Alabama, P.C. ("Physician's").[1] Travelers, the worker's compensation carrier for the plaintiff's employer, is not a citizen of Alabama. Physician's, a provider of certain health care services to the plaintiff, is reported to be an Alabama citizen, as is the plaintiff.[2]

---

[1] The style of the complaint lists several fictitious defendants. Fictitious party practice is not recognized in federal court. *See, e.g., New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094, 1097 (11th Cir. 1997)(trial court did not err in striking fictitious parties); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986); Fed. R. Civ. 10(a). Accordingly, it is **ordered** that all references to fictitious parties are **stricken** from the complaint.

[2] The parties have assumed that the citizenship of Physician's is to be measured as is that of a garden-variety corporation and not by the citizenship of its shareholders. *Compare Carden v. Arkoma Associates*, 494 U.S. 185, 197 (1990)("We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress ....") *with*



According to the complaint, the plaintiff was injured in the course of her employment and obtained a judgment from the Circuit Court of Mobile County in 1990 holding her employer and/or Travelers responsible for payment of all future medical and prescription costs in connection with her workplace injury.[3] Travelers paid for several back surgeries, but the plaintiff remained in significant pain. In the fall of 1999, her treating orthopaedic surgeon referred the plaintiff to Physician's, which recommended that she receive a morphine pump implant, to be followed, managed and periodically refilled by Physician's. Travelers authorized and paid for the implant surgery but subsequently refused to pay Physician's for refiling the morphine pump. On or before April 23, 2001, Physician's dropped the plaintiff as a patient due to Travelers' failure to pay over $11,000 in past due charges and failure to agree to pay for future treatment.

Count Two of the complaint alleges that Travelers violated Alabama's worker's compensation statutes and the state court judgment. Count Three alleges that Travelers committed the tort of outrage, and Count Four alleges that Travelers committed the tort of wantonness. (Complaint at 6-7).

Count One, styled "Request for Injunctive Relief," is the only count directed to Physician's as well as to Travelers. Count One, after incorporating the allegations of the preceding paragraphs set forth above, alleges that the plaintiff is fully morphine dependent, that she will suffer serious and disabling physical and mental injuries if her pump is not refilled immediately, that Physician's is the only area provider of such services, and that Physician's dropped the plaintiff as a patient due to Travelers' failure to pay for past and current services. "[B]ased on the foregoing," the plaintiff seeks "an Order compelling [Physician's] to provide the

---

*Saecker v. Thorie*, 234 F.3d 1010, 1012 (7th Cir. 2000)("primarily to avoid multiplying confusing distinctions within the category of corporations, ... a professional corporation is to be treated the same as a regular business corporation, even if the professional corporation does not protect its principals from personal liability or serve to raise capital from passive investors"). Since it cannot alter the result, it is unnecessary for the Court to determine how to assess the citizenship of an Alabama professional corporation.

[3]The complaint purports to attach a copy of the judgment and of a stipulation entered between the plaintiff, her employer and Travelers. (Complaint at 2). The copy of the complaint attached to the notice of removal does not include these documents, and Travelers' insurer denies they were attached to the complaint as filed. (Doc. 7 at 1-2).

2

treatment requested and refill the Plaintiff's morphine pump, and Plaintiff further asks the Court to enter and [sic] Order requiring [Travelers] to pay for this service." (Complaint at 5).

## DISCUSSION

Travelers removed on the basis of diversity of citizenship. While recognizing that both the plaintiff and Physician's are citizens of Alabama, Travelers argues that the citizenship of Physician's should be ignored for any of these reasons: (1) Physician's was fraudulently joined; (2) Physician's is a nominal or formal party; and (3) Physician's should be realigned as a plaintiff. The plaintiff disputes these contentions. In addition, the plaintiff argues that removal is barred by 28 U.S.C. § 1445(c) and that the removal is procedurally defective because Physician's did not join in or consent to the removal.

**A. Fraudulent Joinder.**

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The burden lies with Travelers to prove that Physician's was fraudulently joined, and the burden "is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). Fraudulent joinder "must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964).

Fraudulent joinder can arise in any of three situations: (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) "when there is outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota*, 154 F.3d at 1287. Travelers addresses only the first of these situations.

"Even if a named defendant is such a citizen [of the state in which the action was brought], however, it is appropriate for a federal court to dismiss such a defendant and retain

3

diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco Co.*, 2001 WL 661180 at *1 (11th Cir. June 13, 2001). As a threshold matter in this analysis, there must in fact be a cause of action stated in the complaint. "'If there is even a possibility that a state court would find *that the complaint states a cause of action* against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Id.* (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983))(emphasis added); *accord Parks v. New York Times*, 308 F.2d at 477 ("The joinder is fraudulent if it is clear that, under the law of the state in which the action is brought, the facts asserted by the plaintiff as the basis for the liability of the resident defendant could not possibly create such liability ...."); *Nabors v. Transouth Financial Corp.*, 928 F. Supp. 1085, 1087 (M.D. Ala. 1996)("The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state.").

Count One on its face does not allege a cause of action. On the contrary, while the captions of Counts Two, Three and Four expressly identify causes of action recognized under Alabama law, Count One simply "request[s] injunctive relief." (Complaint at 5). An injunction is not a cause of action but a remedy. *See, e.g., Jefferson County Commission v. ECO Preservation Services, L.L.C.*, 2000 WL 1171962 at 3 n.1 (Ala. 2000)("An injunction is '[a] court order commanding or preventing an action.'")(quoting Black's Law Dictionary 788 (7th ed. 1999)). The plaintiff's request for an injunction is nothing more than a prayer for relief, not the statement of a cause of action whose establishment would allow the granting of injunctive or other relief. *See, e.g., United Companies Lending Corp. v. Autrey*, 723 So. 2d 617, 625 (Ala. 1998)(Houston, J., concurring in the result)("a 'cause of action' is defined ... as '[a] situation or state of facts which would entitle [a] party to sustain [an] action and give him [the] right to seek a judicial remedy in his behalf.'")(quoting Black's Law Dictionary (6th ed. 1990)).

The plaintiff incorrectly suggests that a cause of action is alleged in the body of Count One even if it is misidentified as a remedy in its caption. Count One does not accuse Physician's of any wrongdoing that could form the basis of relief under any conceivable cause of action. On the contrary, the complaint treats Physician's refusal to eternally supply free morphine at the rate

4

several thousand dollars a year as perfectly legitimate – which it undoubtedly is, absent some contractual or legal obligation to do so, neither of which is alleged.[4]

The plaintiff's extensive briefing fails to come to grips with this fundamental problem. Instead, she posits that, "if the allegations in Count One are proven, which they will be, the Plaintiff will get a judgment for the relief requested against Defendant [Physician's]!" (Doc. 9 at 24, 27). Exclamation points, however, are not a substitute for authority and analysis, and the plaintiff's brief is devoid of either.

Because Physician's was fraudulently joined, it is unnecessary to consider Travelers' alternative arguments that Physician's is a formal or nominal party and that Physician's should be realigned as a plaintiff.

**B. Section 1445(c).**

> A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. § 1445(c).

Count Two expressly invokes Alabama's worker's compensation scheme, and Travelers concedes that Count Two falls within Section 1445(c). (Doc. 12 at 3). The plaintiff relies on *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000), for the proposition that her tort claims in Counts Three and Four also are captured by Section 1445(c).

*Reed*, however, held only that Alabama's statutory cause of action for wrongful discharge in retaliation for filing a worker's compensation claim "arises under" the state's worker's compensation laws. In so doing, the *Reed* Court stressed that this cause of action is based on statute rather than the common law and, moreover, is codified within Chapter 5 of Title 25 of the Alabama Code, the chapter establishing the state's worker's compensation scheme. 206 F.3d at 1059-60. *Reed* provides no support for the plaintiff's argument.

Courts nationwide have routinely held that state causes of action that are creatures of the

---

[4] In her brief, the plaintiff admits that "[t]his case arises out of Travelers' wrongful conduct." (Doc. 9 at 3 (emphasis added)).

5

common law do not "arise under" the worker's compensation laws. *E.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782, 787-89 (5th Cir. 1996)(breach of the common law duty of good faith and fair dealing may "relate to" the worker's compensation laws of Texas, but it does not arise under them); *Ehler v. St. Paul Fire & Marine Insurance Co.*, 66 F.3d 771, 773 (5th Cir. 1995)(action to set aside a worker's compensation settlement for fraud did not arise under the state's worker's compensation laws, because "the focus must be on the source of the right of action" and, while the plaintiff's claim "may require interpretation of rights or benefits under the Texas Worker's Compensation Act, the Act itself does not provide for the specific right of action asserted"); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724 (7th Cir.)(tort of retaliatory discharge does not arise under the worker's compensation laws; "[a] fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it."), *cert. denied*, 513 U.S. 955 (1994); *Hanna v. Fleetguard, Inc.*, 900 F. Supp. 1110, 1116 (N.D. Iowa 1995)("A state could not prevent removal of a tort case by labeling its common law of torts a 'workmen's compensation law.'"); *Gonzales v. City of Mesa*, 779 F. Supp. 1050, 1052 (D. Ariz. 1991) ("[B]oth the substantive right to be free from retaliatory discharge and the remedy must be viewed as an action under Arizona's judicially-created tort law and not as arising under the state's worker's compensation statutes."); *Sorensen v. Holman Erection Co.*, 1991 WL 290670 at 2 (D. Ore. 1991)(Section 1445(c) does not bar removal of a "cause of action based on an independent common law tort"); *Powers v. Travelers Insurance Co.*, 664 F. Supp. 252, 254 (S.D. Miss. 1987)(bad faith action addresses a civil wrong not compensable under Mississippi's worker's compensation act and therefore does not arise under the worker's compensation laws); *Smith v. Union Carbide Corp.*, 664 F. Supp. 290, 292 (E.D. Tenn. 1987)(cause of action for retaliatory discharge is a judicially created tort and therefore does not arise under the worker's compensation laws). *But see Thompson v. Cort Furniture Rental Corp.*, 797 F. Supp. 618, 622 (W.D. Tenn. 1992)(although the cause of action is judicially created, because the right to be free of retaliatory discharge is expressly embedded in the worker's compensation statutes the claim arises under Tennessee's worker's compensation laws).

The legislative history of Section 1445(c) also supports the view that it does not reach the plaintiff's common law causes of action. In discussing the purpose and intended effect of the

6

amendment, the Senate's report describes the Jones Act, the Fair Labor Standards Act and the Railway Employer's Liability Act, which render actions filed thereunder nonremovable to federal court, as "similar to the workmen's compensation *acts* of the states." S. Rep. No. 85-1830 (1958)(emphasis added).

The plaintiff ignores the language of Section 1445(c), its legislative history, and the wealth of cases directly contrary to her position. Instead, she emphasizes an unpublished opinion from the Northern District of Alabama, but Judge Nelson's reasoning that "to determine whether Griner has established the claims of fraud and outrageous conduct, the court will perforce have to resolve whether and to what extent Griner is, in fact, entitled to benefits under Alabama's workers' compensation law," (Doc. 9, Exhibit B at 4), is unaccompanied by analysis of Section 1445(c) or its legislative history or by citation to any authority. As the Fifth Circuit observed in *Patin*, that a claim is "related to" the worker's compensation laws does not establish that it arises under them. 77 F.3d at 789. Rather, as the Fifth Circuit also noted, "the focus must be on the source of the right of action," *Ehler v. St. Paul Fire & Marine*, 66 F.3d at 773, and the source of the plaintiff's right of action for outrage and wantonness is the general tort law of Alabama, not its worker's compensation scheme.

The plaintiff's only other authority in fact confirms that Section 1445(c) is limited to "sections of the [worker's compensation] *act* that were created to facilitate the state compensation scheme." *New v. Sports & Recreation, Inc.*, 947 F. Supp. 453, 457 (S.D. Ala. 1996)(emphasis added), *appeal dismissed*, 114 F.3d 1092 (11th Cir. 1997). Finally, the plaintiff's correct observation that Section 1445(c) was enacted to reduce the congestion of the federal courts provides no license to preclude removal of any case having any tangential connection to the "workmen's compensation laws" of the states.

As noted, Count Two of the complaint does fall within the ambit of Section 1445(c), while Counts Three and Four do not. When a claim made non-removable by Section 1445(c) is joined with one or more over which the federal courts have subject matter and removal jurisdiction, the latter are to be retained in federal court while the former is remanded to state court. *Reed v. Heil Co.*, 206 F.3d at 1061. Accordingly, Count Two of the complaint must be

remanded to state court.[5]

C. Amount in Controversy.

The complaint does not pray for a specific amount of damages. "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75],000 jurisdictional requirement." *Tapscott v. MS Dealers Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).

Assuming that Count One states a cause of action with respect to Travelers, it seeks an injunction compelling Travelers "to pay for this required service." (Complaint at 5). "For amount in controversy purposes, 'the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1309 (11th Cir. 2001)(quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)). To be counted towards the amount in controversy, the value of the requested injunctive relief must be "'sufficiently measurable and certain.'" *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1269 (11th Cir. 2000)(quoting *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 221 (11th Cir. 1997)).

Measured in terms of the cost of providing the service, an injunction compelling Travelers to pay for Physician's future morphine refills and other management of the plaintiff would be sufficiently certain to be considered in assessing the amount in controversy. The plaintiff has alleged that, between the fall of 1999 and April 23, 2001, Physician's post-implant unpaid bills exceed $11,000. At that rate, future charges would exceed $100,000 within approximately twelve years. Even reducing the value of future payments to present value, *see*

---

[5]A federal court ordinarily has the power to hear claims over which it has no independent subject matter jurisdiction if joined with claims over which it does possess such jurisdiction. 28 U.S.C. § 1367(a). That power, however, is qualified by the language, "[e]xcept as ... expressly provided otherwise by Federal statute." *Id.* The *Reed* Court apparently relied on this language. *See* 206 F.3d at 1058; *see also Wall v. Kimberley-Clark*, 2000 WL 1367995 (S.D. Ala. 2000); *Lackey v. Gateway Homes, Inc.*, 944 F. Supp. 870, 871-72 (N.D. Ala. 1996).

8

*Smith v GTE Corp.*, 236 F.3d at 1309, it would appear that the value to the plaintiff of an injunction extending to all future refills and other management by Physician's would alone establish the amount in controversy.

However, the plaintiff has not in Count One requested an injunction compelling Travelers to pay for all future refills, but only for her next "immediate" refill. (Complaint at 5). While Count Two arguably seeks payment for future refills, that count must be remanded to state court and therefore cannot be considered in assessing the amount in controversy.

Counts Three and Four assert claims for outrage and wantonness. The plaintiff does not seek injunctive relief under these counts but only unspecified compensatory and punitive damages for Travelers' allegedly wrongful conduct. It seems doubtful that the plaintiff could recover as compensatory damages the value of Travelers' missed payments for morphine refills as these amounts are due, not to the plaintiff, but to Physician's Accordingly, the Court assumes that Counts Three and Four properly seek damages only for mental anguish, pain and suffering, and punitive damages.

In April 2001, the Alabama Supreme Court affirmed an award of $500,000 to a tort-of-outrage plaintiff whose employer's worker's compensation carrier paid for spinal-fusion surgery but thereafter refused to pay for a hospital bed, a whirlpool tub or psychiatric treatment ordered by an authorized physician. *Travelers Indemnity Co. v. Griner*, 2001 WL 410454 (Ala. April 20, 2001). The facts in *Griner* bear at least a superficial similarity to those alleged in this case, and the plaintiff has offered no reason why her tort claims, if successful, are not worth at least 15% of the amount awarded in *Griner*. Indeed, the plaintiff does not challenge the amount in controversy at all.

Accordingly, the Court concludes that Travelers has met its burden of showing that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs.

### D. Defects in Removal Procedure.

Only the citizenship of defendants "properly joined and served" is relevant in determining removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441(b). Likewise, only those defendants that have been "properly joined and served" need join in or consent to remand.

9

*E.g., Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). A fraudulently joined defendant, by definition, is not a defendant "properly" joined. *E.g., Big B., Inc. v. Miler Brewing Co.*, 663 F.2d 545, 550 (5th Cir. 1981). Therefore, such a defendant need not join in or consent to removal. *E.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Farias v. Bexar County Board of Trustees*, 925 F.2d 866, 871 (5th Cir.), cert. denied, 502 U.S. 866 (1991). Accordingly, the failure of Physician's to join in or consent to removal is immaterial.

## CONCLUSION

Physician's Pain Specialists of Alabama, P.C. is **dismissed** as a party defendant. Count Two of the complaint is **remanded** to the Circuit Court of Mobile County. In all other respects, the plaintiff's motion to remand is **denied**.

DONE AND ORDERED this 20th day of July, 2001.

WILLIAM H. STEELE
UNITED STATES MAGISTRATE JUDGE