**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM CALVIN BULLARD,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No. 3:07-cv-00812-WKW-SRW** |
| **v.** | * | **Removed from the Circuit Court of** |
| | * | **Russell County, Alabama,** |
| **STEVEN GALLAHER, et al.,** | * | **Case No. CV-07-900077** |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM OF LAW**

Comes now, the Plaintiff, William Calvin Bullard, by and through counsel, and moves this Court to remand this case to the Circuit Court of Russell County, Alabama. In support of this Motion, Plaintiff says and states as follows:

**STATEMENT OF FACTS**

Plaintiff filed this action, which bears the state court case number CV-07-900077, in the Circuit Court of Russell County, Alabama on or about August 8, 2007. A copy of the Complaint is attached hereto as Exhibit A. The action centers around a motor vehicle collision, which occurred on June 30, 2006, on U.S. Highway 431/280 in Russell County, Alabama. At the time of the collision, the Plaintiff, William Calvin Bullard, was stopped in traffic on U.S. Highway 431/280 in a tow truck that he was operating on behalf of Defendant Franklin Tire & Auto, Inc. ("Franklin Tire"). While stopped, he was struck from behind by Defendant Stephen Gallaher. Gallaher was operating a tractor trailer owned by Defendants, Rolling Frito Lay Sales LP and Frito Lay, Inc (hereinafter collectively referred to as "Frito Lay").

Based on the above-described collision, Bullard filed negligence and wantonness claims

1

against Frito Lay and Gallaher; negligent and wanton entrustment and negligent and wanton hiring, training, retention, and supervision claims against Frito Lay; and a workers' compensation claim against Franklin Tire.  The Defendants removed this action on the basis that Franklin Tire was fraudulently joined.

Contrary to the Defendants' assertions in their notice of removal and the affidavit of Robert G. Franklin attached thereto, Bullard was an employee of Franklin Tire at the time of the collision.  *See* Affidavit of William Calvin Bullard attached hereto as Exhibit B.  This is clearly demonstrated by the fact that Bullard received a W-2 and not a 1099 from Franklin Tire.  *See id;* *See also* Bullard's W-2 attached hereto as Exhibit C .  A review of Bullard's recent pay stub from Franklin Tire further shows that Franklin Tire takes out federal income taxes from his checks.  See Bullard pay stub attached hereto as Exhibit D.  Bullard promptly notified Franklin Tire that he had been involved in an on-the-job accident.  *See* Affidavit of William Calvin Bullard attached hereto as Exhibit B.

## MEMORANDUM OF LAW

### A.    BURDEN OF PROOF AND STANDARD FOR REMOVAL

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994)*; Wymbs v. Republican State Executive Committee,* 719 F. 2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is so limited, the federal courts favor remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns v. Wisner Ins. Co.*, 31 F.3d 1092, 1095 (1994).

A party seeking removal has a burden of producing facts supporting the existence of

federal subject matter jurisdiction by a preponderance of the evidence. *Hobbs v. Blue Cross/Blue Shield of Alabama*, 276 F. 3d 1236 (11th Cir. 2001). When reviewing the issue of fraudulent joinder, the District Court should resolve all questions of fact and controlling law in favor of the Plaintiff. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

> **For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to Federal Court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant. For a remand, the plaintiff's burden is much lighter than that: after drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved."**

*Crow v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir. 1997) (quoting *Bobby Jones Apt. Inc. v. Suleski*, 391 F. 2d 172-173 (5th Cir. 1968)(emphasis added).[1] All doubts about removal jurisdiction should be resolved in favor of a remand to state court. *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

In alleging fraudulent joinder, the removing party has the burden of proving that either (1) there is no possibility that the Plaintiff can establish a cause of action against a resident Defendant, or (2) Plaintiff has fraudulently pled jurisdictional facts to bring resident Defendant into state court. *Pacheco de Perez v. AT & T Company*, 139 F.3d 1368 (11th Cir. 1998). The claim of fraudulent joinder must be pled with particularity and supported by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

As stated above, the Defendants have the burden of proof to establish jurisdiction before this Court. In its analysis, this Court must also resolve all questions of fact and controlling law in

---

[1] The 11th Circuit adopted all decisions from the former 5th Circuit issued prior to October 1, 1991. *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981).

Bullard's favor.  All that is required by Bullard is to show that there is some **possible** cause of action that he may maintain against the Franklin Tire.  Any doubt and uncertainties regarding the jurisdiction of this Court should be resolved in favor of remand to state courts.  *See University of South Alabama,* 168 F.3d at 405.  Further, this Court has stated that the Eleventh Circuit favors remand whenever federal jurisdiction is not absolutely clear.  *Fitts v. Griffin*, 304 F. Supp.2d 1337, 1341 (2004).[2]

## B.    DEFENDANTS HAVE NOT MET THEIR BURDEN OF PROVING DIVERSITY JURISDICTION.

Defendants allege that Franklin Tire, an Alabama Corporation, has been fraudulently joined because there is no possibility for Bullard to establish a cause of action against Franklin Tire for workers' compensation benefits.  The Defendants base this argument on two allegations: 1) that Bullard is an independent contractor as opposed to an employee for Franklin Tire; and 2) that Bullard did not give notice of his claim to Franklin Tire.  For the reasons set forth below, both of these allegations are factually incorrect.  *See* Affidavit of William Calvin Bullard.  In addition, even if the factual allegations are correct, whether or not Bullard can maintain a cause of action against Franklin Tire is not a question for this Court to decide at the notice-of-removal/motion-to-remand phase, but rather a question of fact for the ultimate fact-finder to decide.

### I.  Bullard was an employee of Franklin Tire.

Bullard is clearly an employee of Franklin Tire as he receives a W-2 from Franklin Tire. *Id.*  If Bullard were an independent contractor as alleged by the Defendants, he would have

---

2 This court has also stated that the burden of proving fraudulent joinder rests with the Defendants.  *Fitts*,  304 F.Supp 2d at 1341. A fraudulent joinder claim must be supported by clear and convincing evidence, and while evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the Plaintiff. *Id.* This Court in *Fitts* also firmly stated that as long as there is a possibility that the Complaint states a valid cause of action against any resident Defendant, then the case should be  remanded to state court. *Id.*

received a 1099 as opposed to a W-2.  Therefore, it is clear that Bullard was indeed an employee of Franklin Tire at all times relevant to this action.  As such, the Defendants' reliance on *Birmingham Post Co. v. Sturgeon*, 149 So. 74 (Ala. 1933) is totally inapplicable to the facts of this case.

Based on the foregoing and "drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff," it is crystal clear that there is a "a reasonable basis for predicting that the state law might impose liability on the facts involved." *See Crow*, 113 F. 3d at 1541-42.  Therefore, the Defendants have not met their heavy burden as the removing party, and this case is due to be remanded to state court.

**II.  Bullard promptly reported his accident to Franklin Tire.**

Bullard promptly reported his accident to Franklin Tire.  *See* Affidavit of William Calvin Bullard attached hereto as Exhibit B.  In the Defendants' own brief in support of removal, the Defendants clearly state that they "do not dispute the fact that Franklin Tire knew an accident had occurred."  This Court needs to look no further than this evidence because if an employer has actual notice of an injury, the notice requirement in Ala. Code § 25-5-78 has been met.

> The Supreme Court of Alabama has stated that the aim of actual notice is "to advise the employer that a certain employee, by name, received a specified injury in the course of his employment on or about a specified time, at or near a certain place specified."  Once the employer has actual notice, it is thereby provided the opportunity presented by statutory notice to investigate the accident in order to protect itself against simulated or exaggerated claims.

*Russell Coal v. Williams*, 550 So. 2d 1007, 1012 (Ala. Civ. App. 1989)(internal citations omitted).     The Defendants rely on *Mid-South Electric Co. v. Jones*, 848 So. 2d 998, 1000 (Ala. Civ. App. 2002) in arguing that Bullard cannot prove his workers' compensation claim against Franklin Tire.  However, a simple reading of *Jones* reveals that it does not stand for the proposition advanced by the Defendants whatsoever.  In *Jones*, the Court was "presented with

5

*undisputed* evidence indicating that the employee told her treating physician that she had injured her back at home trying to pick up her grandchildren and that the employee was on disability leave unrelated to workers' compensation for six months." *Jones*, 848 So. 2d at 1000. *Jones* stands for nothing more than the proposition that an employee is barred from seeking workers' compensation benefits where the employee makes a "deliberate and calculated decision to seek medical treatment under her health insurance coverage and to take disability leave from work instead of filing a workers' compensation claim." *Id.* In this case, there is absolutely no evidence that Bullard took disability leave instead of filing a workers' compensation claim. More importantly, there is no evidence that Bullard informed Franklin Tire that his injury was not work related. On the contrary, there is specific and direct evidence that Bullard informed Franklin Tire that he had experienced an on-the-job injury. *See* Affidavit of William Calvin Bullard.

Based on the foregoing and "drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff," it is crystal clear that there is a "a reasonable basis for predicting that the state law might impose liability on the facts involved." *See Crow*, 113 F. 3d at 1541-42. Therefore, the Defendants have not met their heavy burden as the removing party and this case is due to be remanded to state court.

## CONCLUSION

Drawing all reasonable inferences from the record in Bullard's favor and then resolving all contested issues of fact in his favor, the Defendants have not met their heavy burden of proving that the Plaintiff cannot possibly prove his workers' compensation claim against Franklin Tire. Therefore, there is no fraudulent joinder, and this case is due to be remanded to the Circuit Court of Russell County, Alabama.

6

Respectfully submitted,

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No.  (334) 742-0525

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2007 I electronically filed Plaintiffs Opposition to Defendants' Motion to Sever and Remand in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, and Franklin Tire & Auto, Inc., and a have further served a copy of this document on the 3rd day of October, 2007, by United States Mail, properly addressed and first class postage paid as follows:

Charles A. Stewart, III
Angela R. Rogers
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Ave., Suite 780
Montgomery, AL 36104

Cowin Knowles
Ball, Ball, Mathews & Novak, P.A.
P.O. Box 2148
Montgomery, Alabama 36102

/s/ Michael W. Slocumb_____
OF COUNSEL

7

IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIAM CALVIN BULLARD | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| v. | ) | |
| | ) | |
| ROLLING FRITO LAY SALES, L.P., and | ) | |
| FRITO LAY, INC., and STEVEN GALLAHER, | ) | |
| Individually, and FRANKLIN TIRE & AUTO, | ) | |
| INC., And Fictitious Defendants "A", "B", and | ) | |
| "C", whether singular or plural, those other | ) | |
| persons, corporations, firms or other entities | ) | |
| whose wrongful conduct caused or contributed | ) | |
| to cause the injuries and damages to Plaintiff, | ) | |
| all of whose true and correct names are | ) | |
| unknown to Plaintiff at this time, but will be | ) | |
| added by amendment when ascertained, | ) | |
| | ) | |
| Defendants. | | |

---

## COMPLAINT

This is an action by Plaintiff, William Calvin Bullard, individually, against

Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, individually,

and Franklin Tire & Auto, Inc., for personal injuries and damages sustained by the

Plaintiff as the result of a motor vehicle collision that occurred on June 30, 2006.

### PARTIES, JURISDICTION, VENUE

1.

The Plaintiff, Calvin Bullard, was a resident and citizen of Lee County, Alabama

and employee of Franklin Tire & Auto, Inc., at all times material to the issues in this

case.

2.



Defendant, Rolling Frito Lay Sales, L.P., is a limited partnership organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

3.

Defendant, Frito Lay, Inc., is the general partner of Defendant Rolling Frito Lay Sales, L.P., and is organized under the laws of the State of Delaware, maintains its principal place of business in Plano, Texas and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

4.

Defendant, Steven Gallaher, is a citizen of Bonaire, Georgia and was an employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., and was doing business for said Defendants, Rolling Frito Lay Sale, L.P., and Frito Lay, Inc., in Russell County, Alabama at all times material to the issues in this case.

5.

Defendant Franklin Tire & Auto, Inc., is the employer of Plaintiff, William Calvin Bullard and is organized under the laws of the State of Alabama, maintains its principal place of business in Lee County, Alabama and was doing business by agent in Russell County, Alabama at all times material to the issues in this case.

## ADDITIONAL FACTS APPLICABLE TO ALL COUNTS

6.

On June 30, 2006, Defendant, Steven Gallaher, individually, (hereinafter referred to as "Defendant Gallaher") was operating a tractor trailer owned by Defendants, Rolling

Frito Lay Sales, L.P., (hereinafter referred to as "Frito Lay") and Frito Lay, Inc., in a southerly manner along and upon United States Highway 280 in Russell County, Alabama.

7.

At said time and place, Plaintiff, William Calvin Bullard, was operating a tow truck in a southerly manner, along and upon United States Highway 280 and ahead of the tractor trailer being operated by Defendant Gallaher.

8.

At said time and place, Plaintiff was stopped in traffic on said U.S. Highway 280.

9.

At said time and place, Defendant Rolling Frito Lay Sales, L.P., and Defendant Frito Lay's agent and/or employee, Defendant Gallaher, failed to yield to Plaintiff's stopped tow truck in the southbound lane of said Highway 280, collided with said tow truck Plaintiff was operating, and caused the Plaintiff to suffer and sustain the injuries and damages described and referred to in the Counts that follow hereinbelow.

10.

At the time of the motor vehicle collision that is the subject of this case, Defendant Gallaher was acting within the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

**COUNT ONE**
**(Based On Negligence)**

11.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., Frito Lay, Inc., and Steven Gallaher, individually.

12.

Plaintiff, William Calvin Bullard, re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove as fully and completely as if the same were set forth verbatim herein.

13.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a negligent manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield of said tow truck, (c) cause the rear windshield to shatter as a result of Plaintiff's head striking the same and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 16 hereinbelow.

14.

In causing said tractor trailer to crash into the tractor trailer in which Plaintiff was riding, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., agent and/or employee, Defendant Gallaher:

    (a).    Negligently failed to exercise ordinary care.

    (b).    Negligently failed to keep a proper look out.

    (c).    Negligently failed to maintain proper control of said tractor trailer.

    (d).    Negligently failed to yield the tow truck Plaintiff was operating.

(e)    Otherwise acted in negligent disregard of the rights and safety of the

Plaintiff and others traveling on said public highway at said time and

place.

15.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, on said

occasion constitutes common law negligence. The Plaintiff further avers that the acts and

conduct of the said Defendant Gallaher on said occasion were in violation of one or more

of the following Rules of the Road of the State of Alabama which constitute negligence

as a matter of law:

(a).    Too Fast For Conditions
(b)    Speeding
(c).    Reckless Driving
(d)    Following Too Closely
(e)    Defective Equipment

16.

As the proximate consequence of said negligence, Defendants' agent and/or

employee, Defendant Gallaher, (a) in violating said Rules of the Road, and (b) in

colliding with the tow truck Plaintiff was operating, Plaintiff, Calvin Bullard, was caused

to suffer and sustain the following injuries and damages:

**Plaintiff Calvin Bullard was injured externally and internally. He trauma to the front and back of his neck. He was caused to undergo a cervical fusion and discetomy. He was caused to have foreign material placed in his cervical spine as a result of said cervical fusion, which said foreign material is permanent. He was rendered incapable of performing his normal work functions and his future ability to earn income has been limited. He suffered lost wages and will be caused to suffer lost wages in the future. He was rendered less able to perform his normal daily activities. He suffered physical pain, mental anguish,**

anxiety and emotional distress. He was otherwise injured and
damaged.

17.

The Plaintiff avers that said negligent acts and conduct of the said Defendant

Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales, L.P., and

Defendant Frito Lay, Inc., and Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.,

and Defendant Gallaher, are jointly and severally liable to the Plaintiff for all injuries and

damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain

and suffer in the future, as a results of said negligent acts and conduct of the said

Defendant Gallaher.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against the

Defendants for compensatory damages (general and special) in such an amount as this

Court may award, together with all costs and expenses incurred in the prosecution of this

case.

## COUNT TWO
### (Based On Recklessness and Wantonness)

18.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this

Count are Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher,

individually.

19.

Plaintiff, Calvin Bullard, re-alleges, adopts and incorporates herein by reference

as a part of this Count all of the averments of paragraphs 1 through 10 and Count One

hereinabove as fully and completely as if the same were set forth verbatim herein.

20.

At said time and place, while acting in the line and scope of his employment and/or agency as the employee and/or agent of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., Defendant Gallaher operated said tractor trailer in such a reckless and wanton manner as to (a) collide with the tow truck Plaintiff was operating, (b) cause Plaintiff's head to strike the rear windshield in said tow truck, (c) cause the rear windshield to shatter upon being struck by Plaintiff's head, and (d) to cause the Plaintiff to suffer and sustain the injuries and damages described in paragraph 23 hereinbelow.

21.

In causing said tractor trailer to crash into the tow truck in which Plaintiff was operating, Defendants, Rolling Frito Lay Sales and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher:

(a).    Recklessly and Wantonly failed to exercise ordinary care.

(b).    Recklessly and Wantonly failed to keep a proper look out.

(c).    Recklessly and Wantonly failed to maintain proper control of said tractor trailer.

(d).    Recklessly and Wantonly failed to yield the tow truck Plaintiff was operating.

(e)     Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

22.

The Plaintiff avers that the acts and conduct of Defendants, Rolling Frito Lay

Sales, L.P. and Defendant Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher,

on said occasion constitutes statutory recklessness and wantonness.

23.

As the proximate consequence of said recklessness and wantonness of

Defendants, Rolling Frito Lay Sales, L.P. and Frito Lay, Inc.'s, agent and/or employee,

Defendant Gallaher, in colliding with the tow truck Plaintiff was operating, Plaintiff was

caused to suffer and sustain the following injuries and damages:

**Plaintiff Calvin Bullard was injured externally and internally. He trauma to the front and back of his neck. He was caused to undergo a cervical fusion. He was caused to have foreign material placed in his cervical spine as a result of said cervical fusion and discectomy, which said foreign material is permanent. He was rendered incapable of performing his normal work functions and his future ability to earn income has been limited. He suffered lost wages and will be caused to suffer lost wages in the future. He was rendered less able to perform his normal daily activities. He suffered physical pain, mental anguish, anxiety and emotional distress. He was otherwise injured and damaged.**

24.

The Plaintiff avers that said reckless and wanton acts and conduct of the said

Defendant Gallaher on said occasion are imputed to Defendants, Rolling Frito Lay Sales,

L.P., and Frito Lay, Inc., and Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.,

and Steven Gallaher, are jointly and severally liable to the Plaintiff for all injuries and

damages that the Plaintiff has sustained and suffered, and that the Plaintiff will sustain

and suffer in the future, as a results of said reckless and wanton acts and conduct of the

said Defendant Gallaher.

25.

The Plaintiff claims both compensatory and punitive damages of the Defendants.

26.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that, at said time and place, Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc.'s, agent and/or employee, Defendant Gallaher, consciously or deliberately engaged in reckless, willful and wanton conduct with regard to the Plaintiff.

WHEREFORE, Plaintiff, Calvin Bullard, demands judgment against the Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., and Steven Gallaher, individually, for compensatory damages (general and special) and for punitive damages, in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

### COUNT THREE
### (Based On Negligent and Wanton Entrustment)

27.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

28.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein.

29.

The Plaintiff avers that on the occasion made the basis of this case, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., negligently and wantonly entrusted said tractor trailer to the said Steven Gallaher; that the said Steven Gallaher was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said tractor trailer entrusted to him; and that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., knew, or by the exercise of reasonable care should have known, that the said Steven Gallaher was unsuitable to have said vehicle entrusted to him.

30.

The Plaintiff avers that through the exercise of reasonable care, Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., would have discovered that Defendants' agent and/or employee, Steven Gallaher, had a poor driving history.

31.

The Plaintiff further avers that said negligent and wanton entrustment of said tractor trailer to the said Steven Gallaher (a) is combined with the negligent, reckless and wanton acts and conduct of the said Steven Gallaher, and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiffs, William Calvin Bullard, demands judgment against Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for compensatory and punitive damages in such an amount as this Court may award, together with all costs and expenses incurred in the prosecution of this case.

**COUNT FOUR**
**(Based On Negligent and Wanton Hiring, Training, Retention and Supervision)**

32.

The Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Rolling Frito Lay, L.P., and Frito Lay, Inc.

33.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein.

34.

The Plaintiff avers that Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., hired, trained, retained and supervised Defendant Gallaher as a driver for an 18-wheel tractor-trailer.

35.

The Plaintiff avers that the Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.:

(a).    Acted  in a negligent, reckless and wanton manner in  hiring Defendant Gallaher as a tractor-trailer truck driver,

(b).    Acted in a negligent, reckless and wanton manner in retaining Defendant Gallaher as a tractor-trailer truck driver,

(c).    Acted in a negligent, reckless and wanton manner in failing to properly train, monitor and supervise Defendant Gallaher as a tractor-trailer truck driver, and

(d).    Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Gallaher qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., entrusted to Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

36.

The Plaintiff further avers that his injuries and damages are the proximate result of said negligence and wantonness of Defendants, Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., in negligently, recklessly and wantonly hiring, training, retaining, monitoring and supervising the said Defendant Gallaher as the driver of an 18 wheel tractor-trailer truck on the public highways of Alabama and other states.

WHEREFORE, the Plaintiff, William Calvin Bullard, demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc. (a) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff has suffered and sustained, and that the Plaintiff will suffer and sustain in the future, as the results of said motor vehicle collision, and (b) for all compensatory damages (and all elements of compensatory damages) that it will take to make the Plaintiff fully whole, and (c) for all compensatory damages (and all elements of compensatory damages) that the Plaintiff may be entitled to recover of said Defendants upon the testimony and evidence adduced on the trial of this case in such an amount as this Court may award.

The Plaintiff, William Calvin Bullard, also demands judgment against Defendants Rolling Frito Lay Sales, L.P., and Frito Lay, Inc., for punitive damages in such an amount as this Court may award in order to punish said Defendants and in order to deter said Defendants and others from committing similar acts and conduct in the future.

## COUNT FIVE
### (Workers Compensation)

37.

Plaintiff in this Count is Calvin Bullard. The Defendant in this Count is Franklin Tire & Auto, Inc.

38.

On June 30, 2006, the relationship of employer and employee, or master and servant, existed between Plaintiff and Defendant Franklin Tire and Auto, Inc., and Plaintiff and Defendant were on said dates subject to the Workers' Compensation Act of Alabama, as amended.

39.

Plaintiff further avers that while so employed and engaged in the business of Defendant Franklin Tire & Auto, Inc., and while acting within the line and scope of employment with said Defendant, the Plaintiff suffered injuries and damages which were the proximate result of the motor vehicle collision alleged hereinabove and that said collision arose out of and during the course of Plaintiff's employment by the Defendant as aforesaid. Plaintiff was temporarily totally disabled and was permanently, partially and totally disabled and can no longer complete the requirements of his occupation with the same efficiency as he could prior to these accidents or conditions.

40.

A controversy has arisen as to the benefits to be paid by Defendant Franklin Tire & Auto, Inc., to Plaintiff under the Workers' Compensation Act of Alabama, as amended, and no settlement has been made between Plaintiff and Defendant for and on account of said injuries to Plaintiff.

41.

At the time of the aforesaid injuries on or about June 30, 2006, Plaintiff was performing his duties for Defendant and, in performance of said duties, Plaintiff was caused to suffer permanent injuries to his neck and body as a whole.

42.

Plaintiff further avers Defendant had immediate legal and actual notice or knowledge of said injuries and claims, that Defendant has refused and declined to pay Plaintiff benefits due under the Workers' Compensation Act of Alabama, and that this action is brought in a timely fashion for the purpose of recovering the amounts to which Plaintiff is entitled thereunder, including, but not limited to, reasonable medical expenses incurred for the treatment of said injuries and compensation for permanent total disability.

43.

Plaintiff avers that at the time of the aforesaid collision and resulting injuries and damages, Plaintiff was receiving compensation from Defendant Franklin Tire & Auto, Inc., in the form of wages, salary and other benefits and compensation as a consequence of his employment by and with Defendant. Plaintiff is not now in possession of sufficient information to enable Plaintiff to accurately determine his average weekly wage. Plaintiff will supplement and provide this information once it becomes available to Plaintiff.

WHEREFORE, Plaintiff claims of the Defendant such benefits as Plaintiff is entitled to receive under the Workers' Compensation Act of Alabama, as amended, and Plaintiff prays that this Court will take jurisdiction of this petition for compensation, that notice be given to Defendant of the filing hereof as required by law, and that, upon a final submission, that this Court award to Plaintiff workers' compensation benefits as allowed by law, plus costs of this action.

### COUNT SIX
### (Against Fictitious Defendants)

44.

Plaintiff in this Count is William Calvin Bullard. The Defendants in this Count are Fictitious Defendants "A", "B" and "C".

45.

Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 10 hereinabove and all of the factual averments of Count One, Count Two, Count Three, Count Four and Count Five hereinabove as fully and completely as if the same were set forth verbatim herein.

46.

Fictitious Defendants "A", "B", and "C", whether singular or plural, are

those other persons, firms, corporations, or other entities whose negligent, wanton

reckless and wrongful conduct contributed to cause the injuries to Plaintiff, William

Calvin Bullard, all of whose true and correct names are unknown to Plaintiff at this time,

but will be substituted by amendment when ascertained.

47.

The Plaintiff claims both compensatory and punitive damages.

48.

With regard to the Plaintiff's claim for punitive damages, the Plaintiff avers that,

at said time and place, Fictitious Defendant's "A", "B" and "C", consciously or

deliberately engaged in wantonness with regard to the Plaintiff, within the meaning of

O.C.G.A. § 51-12-5.1, with a reckless and/or conscious disregard for the rights and safety

of the Plaintiff and others.

WHEREFORE, Plaintiff, William Calvin Bullard, demands judgment against

Fictitious Defendants "A", "B" and "C", for all compensatory and punitive damages in

such an amount as this Court may award, together with all costs and expenses incurred in

the prosecution of this case.

This 8th day of August, 2007.

Respectfully submitted,

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

## REQUEST FOR SERVICE OF PROCESS

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Steven Gallaher, by United States Certified Mail, as follows:

Steven Gallaher
115 Brandonshire Lane
Bonaire, Georgia 31005

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Frito Lay, Inc., by United States Certified Mail, as follows:

Frito Lay, Inc.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Rolling Frito Lay Sales, L.P., by United States Certified Mail, as follows:

Rolling Frito Lay Sales, L.P.
C/O The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

The Plaintiffs request that the Summons and Complaint in this case be served upon Defendant, Franklin Tire & Auto, Inc., by United States Certified Mail, as follows:

Franklin Tire & Auto, Inc.
C/O Robert Franklin
1975 East University Drive
Auburn, Alabama 36830

s/ Michael W. Slocumb
MICHAEL W. SLOCUMB
ATTORNEY FOR THE PLAINTIFFS

STATE OF ALABAMA,

LEE COUNTY.

## AFFIDAVIT OF WILLIAM CALVIN BULLARD

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths, William Calvin Bullard, who, after first being duly sworn, deposes and says on oath:

1. My name is William Calvin Bullard. I was born on December 12, 1946 and reside in Auburn, Alabama.

2. On June 30, 2006 I was employed by Franklin Tire & Auto, Inc., as a tow truck driver.

3. On June 30, 2006 I was operating a tow truck owned by Franklin Tire & Auto, Inc., on U.S. Highway 431 in Russell County, Alabama. On said date and occasion, a tractor trailer being operated by Steven Gallaher collided with the rear bumper of the tow truck I was operating.

4. As a result of the collision, my head collided with the rear windshield in the tow truck I was operating. As a result of my head impacting the rear windshield, said windshield was caused to shatter.

5. I reported this accident on the day thereof to my employer, Franklin Tire & Auto, Inc. I reported the accident to Robert Franklin's son, David Franklin.

6. My employer, Franklin Tire & Auto, Inc., informed me they were not going to file this matter with their workers' compensation insurance carrier because, as I was told by David Franklin, the owner of the tractor trailer was responsible for my injuries and medical expenses. To my knowledge, my employer, Franklin Tire & Auto, Inc., never reported this accident to their workers compensation insurance carrier.

7. I have reviewed the pleadings filed in this case and the Affidavit of Robert G. Franklin.

8. I am an employee of Franklin Tire & Auto, evidence of which is supported by my testimony herein and further through the W-2 Forms I am submitting with this Affidavit.

9. My employer, Franklin Tire & Auto, Inc., withheld employee payroll taxes, as evidenced in the W-2's submitted herewith.

10. Further, my employer, Franklin Tire & Auto, Inc., directs the manner in which I perform my job and selects



the vehicles I am instructed to tow, and has final
authority over all vehicles I do tow.

   10.  The workers' compensation lawsuit I have filed
against Franklin Tire & Auto, Inc., was filed within the
applicable two (2) year statute of limitations.


                              *William Calvin Bullard*
                              William Calvin Bullard


Sworn to and subscribed before
me this 2nd day of OCTOBER , 2007.


_____
NOTARY PUBLIC

My Commission Expires Dec 16 2007

| Copy C For EMPLOYEE'S RECORD (See Notice to Employee.) | | **2006** OMB No. 1545-0008 |
|---|---|---|
| a Control number | 1 Wages, tips, other comp. 13477.62 | 2 Federal income tax withheld 1534.41 |
| **4** | 3 Social security wages 13477.62 | 4 Social security tax withheld 835.61 |
| b Employer ID number | 5 Medicare wages and tips 13477.62 | 6 Medicare tax withheld 195.43 |
| 63-1174671 | | |

c Employer's name, address, and ZIP code

FRANKLIN TIRE & AUTO, INC.
P.O. BOX 3807
1975 E. UNIVERSITY DR.
AUBURN                    AL        36830

d Employee's social security number
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

e Employee's name, address, and ZIP code

W. CALVIN BULLARD
1448 SAUGAHATCHEE RD
AUBURN                    AL        36830

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee  14 Other | | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| AL | 337882 | 13477.62 | 434.54 |
|---|---|---|---|
| 15 State Emplr.'s state I.D. # | | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. 13477.62 | 19 Local income tax 130.67 | 20 Locality name AUBURN | |

Form W-2 Wage and Tax Statement        DAA        Dept. of the Treasury – IRS
This information is being furnished to the IRS. If you are required to file a tax return, a negligence penalty/other sanction may be imposed on you if this income is taxable & you fail to report it.

| Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return | | **2006** OMB No. 1545-0008 |
|---|---|---|
| a Control number | 1 Wages, tips, other comp. 13477.62 | 2 Federal income tax withheld 1534.41 |
| **4** | 3 Social security wages 13477.62 | 4 Social security tax withheld 835.61 |
| b Employer ID number | 5 Medicare wages and tips 13477.62 | 6 Medicare tax withheld 195.43 |
| 63-1174671 | | |

c Employer's name, address, and ZIP code

FRANKLIN TIRE & AUTO, INC.
P.O. BOX 3807
1975 E. UNIVERSITY DR.
AUBURN                    AL        36830

d Employee's social security number
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

e Employee's name, address, and ZIP code

W. CALVIN BULLARD
1448 SAUGAHATCHEE RD
AUBURN                    AL        36830

| 7 Social security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code |
| 13 Statutory employee  14 Other | | 12b Code |
| Retirement plan | | 12c Code |
| Third-party sick pay | | 12d Code |

| AL | 337882 | 13477.62 | 434.54 |
|---|---|---|---|
| 15 State Emplr.'s state I.D. # | | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc. 13477.62 | 19 Local income tax 130.67 | 20 Locality name AUBURN | |

Form W-2 Wage and Tax Statement        Dept. of the Treasury – IRS
DAA

Printed on Recycled Paper        FORM 5209

PLAINTIFF'S
EXHIBIT
C

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

| | | | | | | Period beg.: | |
| | | | | | | Period end: | 8/29/2007 |

| Wages | Total Hrs. | Amount | Withholdings | Amount | Deductions | Amount |
|---|---|---|---|---|---|---|
| TOWING | 680.00 | 204.00 | FICA-SS | 12.65 | Employee Loans | 40.00 |
| | | | FICA-Med | 2.96 | | |
| | | | Federal W/H | 15.77 | | |
| | | | State W/H | 6.24 | | |
| | | | Auburn OCC Tax | 2.04 | | |
| Totals | 680.00 | 204.00 | | 39.66 | | 40.00 |
| | | | | | Net Pay | 124.34 |

*Used this check:*

### Year to Date

| Wages | Total Hrs. | Amount | Withholdings | Amount | Deductions | Amount |
|---|---|---|---|---|---|---|
| TOWING | 12597.50 | 4,131.75 | FICA-SS | 256.17 | A/R | 258.80 |
| | | | FICA-Med | 59.91 | Employee Loans | 240.00 |
| | | | Federal W/H | 365.19 | | |
| | | | State W/H | 123.95 | | |
| | | | Auburn OCC Tax | 41.40 | | |
| Totals | 12597.50 | 4,131.75 | | 846.62 | | 498.80 |
| | | | | | Net Pay | 2,786.33 |

*Available:*



**PLAINTIFF'S EXHIBIT**
*D*