IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CALVIN BULLARD,** | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 3:07-cv-00812-WKW-SRW |
| v. | *   Removed from the Circuit Court of |
| | *   Russell County, Alabama, |
| **STEVEN GALLAHER, et al.,** | *   Case No. CV-07-900077 |
| | * |
| **Defendants.** | * |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO SEVER AND REMAND

Comes now, the Plaintiff, William Calvin Bullard, by and through counsel and in response to the Defendants' Motion to Sever and Remand heretofore filed in this case says, and states as follows:

1.  Plaintiff adopts his Motion to Remand and Memorandum of Law filed contemporaneously herewith and specifically the Statement of Facts contained therein and the exhibits attached thereto as if the same were fully set out herein.

2.  The cases cited by the Defendants are easily distinguished from this case by the mere fact that in both cases cited by the Defendants the issue of total diversity was not addressed by the court, as total diversity existed from the outset. In both cases cited by the Defendants, in which total diversity existed from the outset, the Court merely severed the workers' compensation claims from the common law tort claims. In this case, total diversity would only exist upon the severance of the Plaintiff's claim against Franklin Tire & Auto, Inc. ("Franklin Tire"). *See Wausau Underwriters Ins. Co.*, 2007 WL 1159699, __ F. Supp.3d __ (M.D. Ala., Apr. 18, 2007); *White v. Travelers Ins. Co.*, Case No. 01-0398-S.

3.  *Priest v. Sealift Services Intern., Inc.*, 953 F. Supp. 363 (N.D. Ala., Jan. 21, 1997) sets

1

forth the law controlling the facts of this case and dictates that the Defendants' Motion to Sever and Remand is due to be denied. A copy of Judge Acker's memorandum opinion in that case is attached hereto as Exhibit A.

5. Judge DeMent and Judge Albritton of this District have recently followed Judge Acker's rationale in remanding workers' compensation claims properly joined with common law tort claims. *See Mary Ann Brascom. v. Morbark, Inc.*, 01-D-1082-N, Slip Op. at pages 7-8 (M.D. Ala. Nov. 20, 2001)(De Ment, J.); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala., Dec. 12, 2001). 4. In *Priest*, several defendants removed negligence claims against them after they "erroneously assumed that the inhibition against removability contained in 28 U.S.C. § 1445(c), and the absence of complete diversity, both first disappeared with the order of severance and suddenly created a basis for removability and a window of opportunity to remove." *Priest* 953 F. Supp. at 363.

5. The *Priest* Court noted several problems with the removing defendants' position. First, the court noted that at the time of removal, there was just one case and that entire cases are removed and not parts of cases. *Id*.

6. Second, the Court noted that "[a] case does not become removable after having been non-removable unless and except by some *voluntary* act of plaintiff." *Id* at 364.

7. Third, the Court noted the possibility of a double recovery for the Plaintiff due to the fact that the employer (the workers' compensation defendant) has a potential subrogation claim against the third-party tortfeasors (the negligence and removing defendants) if they are found to be liable to the plaintiff and if the employer is also found to be liable to the plaintiff. *Id*.

8. Just as in *Preist*, this Court cannot ignore the fact that the Plaintiff is the master of his Complaint and that he can add all claims and parties related to the same sets of facts. In fact,

doing so is in the interest of judicial economy and will provide all parties with a final resolution in one lawsuit of all claims regarding the same set of facts.

9. Also as in *Preist*, this case did not become removable due to the Defendants' own action of filing a notice of removal. Complete diversity did not exist in the Circuit Court of Russell County and the Defendants cannot create complete diversity simply by filing a motion in this Court. Rather, this Court must look to the affirmative actions of the Plaintiff.

10. Lastly, just as the employer in *Preist* did, Franklin Tire has a potential subrogation claim against its co-defendants if they are found to be liable to the plaintiff, and if Franklin Tire is also found to be liable to the plaintiff.

WHEREFORE, premises considered, Bullard respectfully moves this Court to deny the Defendants' Motion to Sever and Remand.

Respectfully submitted,

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2007 I electronically filed Plaintiffs Opposition to Defendants' Motion to Sever and Remand in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, and Franklin Tire & Auto, Inc., and a have further served a copy of this document on the 3rd day of October, 2007, by United States Mail, properly addressed and first class postage paid as follows:

    Charles A. Stewart, III
    Angela R. Rogers
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Ave., Suite 780
    Montgomery, AL 36104

    Cowin Knowles
    Ball, Ball, Mathews & Novak, P.A.
    P.O. Box 2148
    Montgomery, Alabama 36102

                                        /s/ Michael W. Slocumb_____
                                        OF COUNSEL

Westlaw.

953 F.Supp. 363  
953 F.Supp. 363  
(Cite as: 953 F.Supp. 363)

Page 1

C  
Priest v. Sealift Services Intern., Inc.  
N.D.Ala.,1997.

United States District Court,N.D. Alabama,Middle Division.  
Eddie L. PRIEST, Plaintiff,  
v.  
SEALIFT SERVICES INTERNATIONAL, INC., et al., Defendants.  
Civil Action No. CV 96-AR-3259-M.

Jan. 21, 1997.

Employee brought state court action against employer for workers' compensation benefits and against alleged third-party tort-feasors for negligence. After state court severed workers' compensation claim from tort claims, alleged third-party tort-feasors removed action to federal court on diversity grounds. On employee's motion to remand, the District Court, Acker, J., held that negligence claims did not become removable when state court severed such claims from nonremovable workers' compensation claim.

Motion granted.  
West Headnotes  
[1] Removal of Cases 334 ⇌3

334 Removal of Cases  
　334I Power to Remove and Right of Removal in General  
　　334k3 k. Restrictions by Federal or State Statutes. Most Cited Cases

Removal of Cases 334 ⇌29

334 Removal of Cases  
　334III Citizenship or Alienage of Parties  
　　334k28 Diversity of Citizenship of Coplaintiffs and Codefendants  
　　　334k29 k. In General. Most Cited Cases  
Neither absence of complete diversity, nor statutory inhibition against removal of workers' compensation claim, disappeared when state court severed employee's negligence claims against alleged third-party tort-feasors from his workers' compensation claim against employer, and negligence claims thus did not become removable upon severance. 28 U.S.C.A. § 1445(c).

[2] Removal of Cases 334 ⇌48

334 Removal of Cases  
　334IIIA Separate and Independent Claims; Separable Controversies  
　　334k48 k. Removability in General. Most Cited Cases  
Ordinarily, entire cases, not parts of cases, are removed.

[3] Removal of Cases 334 ⇌15

334 Removal of Cases  
　334I Power to Remove and Right of Removal in General  
　　334k15 k. Condition of Case. Most Cited Cases  
Case does not become removable after having been nonremovable unless and except by some voluntary act of plaintiff.

*363 Michael E. Auffenorde, Auffenorde & Auffenorde P.C., Huntsville, AL, for plaintiff Eddie L. Priest.  
Frederick L. Fohrell, Wilmer & Shepard, Huntsville, AL, J. Geoffrey Ormsby, Patrick J. McShane, Frilot Partridge Kohnke & Clements L.C., New Orleans, LA, for defendant Sealift Services International, Inc.  
James B. Carlson, Rives & Peterson, Birmingham, AL, for defendant Trefilarbed, Inc.  
G. Thomas Yearout, Law Offices of G. Thomas Yearout P.C., Birmingham, AL, for defendant M.G. Maher & Co., Inc.

*MEMORANDUM OPINION*  
ACKER, District Judge.  
The court has for consideration a motion by plaintiff, Eddie L. Priest, to remand the above-entitled action to the Circuit Court of Marshall

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

PLAINTIFF'S EXHIBIT A

953 F.Supp. 363
953 F.Supp. 363
(Cite as: 953 F.Supp. 363)

Page 2

County, Alabama, from which it was removed on diversity grounds by three out of the four original defendants. The non-joining defendant, Faithway Feed Company, Inc., is plaintiff's employer named in the first count of the original complaint as an entity allegedly liable for workers' compensation benefits. This claim against the employer was not only non-removable pursuant to 28 U.S.C. § 1445(c), but the employer is an Alabama citizen as is plaintiff.

[1] The removal occurred after the state court, on motion of Faithway, severed the workers' compensation count from the tort count. The removing defendants, who are the subject of a claim of negligence that allegedly caused plaintiff's injuries, have erroneously assumed that the inhibition against removability contained in 28 U.S.C. § 1445(c), and the absence of complete diversity, both first disappeared with the order of severance and suddenly created a basis for removability and a window of opportunity to remove.

[2][3] The removing defendants are faced with several insurmountable jurisdictional hurdles. First, despite the severance, this was, at the time of the removal, still one case. Ordinarily, entire cases are removed and not parts of cases. See *Maseda v. Honda Motor Company, Ltd.*, 861 F.2d 1248, 1252 (11th Cir.1988). Either (1) the entire case was removed, or (2) none of it was removed, or (3) the removal of a part of it was untimely. If to be effectual it was necessary*364 to remove the entire case, it follows that the employer must have joined in the removal. The employer has not done so because of the obvious limitations imposed by 28 U.S.C. § 1445(c). Second, the severance was not plaintiffs' voluntary act. A case does not suddenly become removable after having been non-removable unless and except by some *voluntary* act of plaintiff. This court understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials.

This state court's act of severance may well present a legitimate issue for possible appeal by plaintiff within Alabama's system for judicial review. This court, if removal were allowed, cannot provide an adequate means of reviewing the adverse ruling on this issue. Third, the employer here has a potential subrogation claim against the third-party tortfeasors *if* they are liable to plaintiff *and if* the employer is also liable to plaintiff. If this court should take jurisdiction only of the negligence claim and if plaintiff should prevail here before his workers' compensation claim is concluded in the state court, plaintiff theoretically could spend the proceeds of his tort recovery without his employer ever having an opportunity to stick its hand out. To allow partial removal would make it more than possible for plaintiff to obtain duplicative recoveries. Last, if it was improper for plaintiff to name his employer as a party-defendant in the first instance, the employer-defendant could have been ignored by the other defendants just like a fictitious or fraudulently joined non-diverse party, and the 30-day period for removal began to run when the first diverse defendant was served. That theoretical 30 days expired before this removal, a fact that would make the removal untimely.

For the foregoing separate and several reasons, plaintiff's motion to remand will be granted by separate order.

N.D.Ala.,1997.
Priest v. Sealift Services Intern., Inc.
953 F.Supp. 363

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.