IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CALVIN BULLARD,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Case No. 3:07-cv-812-WKW-SRW |
| | * |
| **STEVEN GALLAHER; FRITO LAY,** | * |
| **INC.; ROLLING FRITO LAY SALES,** | * |
| **L.P.; FRANKLIN TIRE & AUTO, INC.,** | * |
| | * |
| Defendants. | * |

## REPLY TO PLAINTIFF'S RESPONSE TO
## FRITO LAY'S MOTION TO SEVER AND REMAND

**Frito Lay Inc., Rolling Frito Lay Sales LP** and **Steven Gallaher** (collectively referred to as "Frito Lay") reply as follows to Plaintiff's Opposition to Defendants' Motion to Sever and Remand:

1.  Frito Lay notes initially that its Motion to Sever and Remand was filed as a request for alternative relief, since the motion will become moot if the Court determines that Franklin Tire & Auto Inc. has been fraudulently joined to this lawsuit. *See Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) ("[I]f a defendant shows that 'there is no possibility the plaintiff can establish a cause of action against the resident defendant,' then the plaintiff is said to have fraudulently joined the non-diverse defendant…. In that situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court") (citations omitted).

2.  If the Court determines that Franklin Tire has been fraudulently joined after considering Plaintiff's admission about not pursuing his claim and his deliberate decision to receive extensive medical treatment from doctors of his own choosing (*see* Frito Lay's Resp. to

Pl.'s Mot. To Remand), Franklin Tire will be dismissed, leaving no basis for severance or remand.

3. If the Court determines that Franklin Tire & Auto Inc. has not been fraudulently joined, Frito Lay asks the Court to retain jurisdiction over the claims against Frito Lay and sever and remand the workers' compensation claim against Franklin Tire.

4. In arguing against Frito Lay's request to sever and remand the workers' compensation claim, Plaintiff asserts that the two cases cited in Frito Lay's motion are easily distinguished because total diversity existed from the outset in those cases. However, that is not the case. In *White v. Travelers Ins. Co.*, Case No. 01-0398-S from the Southern District of Alabama, Judge Steele severed a workers' compensation claim from tort claims and remanded it to state court. Travelers Insurance Company, a defendant that was sued for violation of the workers' compensation act, outrage, and wantonness, was not an Alabama citizen. The plaintiff and the remaining defendant were Alabama citizens. Thus, complete diversity did not exist at the outset.

5. In *Bryant v. Wausau Underwriters Ins. Co.*, 2007 WL 1159699 (M. D. Ala. Apr. 18, 2007), the plaintiff sued one company for workers' compensation benefits and outrage. The Court allowed removal of the outrage claim and remand of the workers' compensation claim. The Plaintiff did not challenge diversity jurisdiction because the only defendant was a non-resident defendant. More important, however, the plaintiff in *Bryant* argued that his claims "may not be severed because they (1) are part of one action, (2) have not been served in state court, and (3) are intertwined such that severing them would 'compromise[ ] both justice and judicial economy.'" *Id.* at *2. These arguments are similar to some of the Plaintiff's arguments in this case. In *Bryant*, even though the plaintiff joined a tort claim with a workers' compensation

claim, which may not be removed pursuant to 28 U.S.C. §1445(c), Judge Fuller allowed the removal, retained jurisdiction of the outrage claim, and then severed and remanded the workers' compensation claim. *Id.* In fact, the Court allowed the removal even though the *Bryant* plaintiff was suing the same defendant for separate causes of action arising out of the same set of facts, where the claims would have been at least as intertwined as the claims in this case. *Id.*

6. Both of the above cases relied on by Frito Lay were decided more recently than the Alabama district court cases cited by the Plaintiff and reflect the Court's ability to sever a workers' compensation claim from a removable claim.

7. Additionally, most of the factors considered by Judge Acker in *Priest v. Sealift Serv. Inter. Inc.*, 953 F. Supp. 363 (N. D. Ala. 1997), on which the overwhelming majority of the Plaintiff's opposition is based, are not applicable to this case. For example, in *Priest*, despite the severance, the case was still one case when it was removed, but the defendants removed only part of the case, prompting the Court to note that "[o]rdinarily, entire cases are removed and not parts of cases." *Id* at 363-64. In this case, there has been no severance in state court; Frito Lay removed the entire case to federal court and is asking the federal court to sever the workers' compensation claim. In *Priest*, the Court noted that the state court's severance was involuntary by the plaintiff and may have presented a legitimate issue on appeal for the plaintiff. *Id.* at 364. Again, however, there is no state court severance at issue in the instant case. In *Priest*, the employer would have had a potential subrogation claim if both the third-party tortfeasor and the employer were found liable, and the Court noted that it would be possible for the plaintiff to obtain duplicative recoveries if the cases were tried in separate courts. *Id.* In this case, the Plaintiff has made it clear that he has no intention of pursuing his claims against Franklin Tire (*see* Frito Lay's Resp. to Pl.'s Mot. To Remand), so there are no

issues of subrogation or duplicative recovery.  Finally, in *Priest*, defendants waited until the claims were severed in state court and then removed the case, which was more than thirty days after the first diverse defendant was served.  *Id.*  The Court noted that, if the employer had been improperly named in the first instance, the other defendants could have ignored the employer-defendant just like a fictitious or fraudulently joined non-diverse party and filed the removal within thirty days after the first diverse defendant was served. *Id.* at 364.  In this case, Frito Lay filed its Notice of Removal within this thirty-day deadline.  Thus, the facts of *Priest* differ from the instant case, and the reasons for which Judge Acker granted the plaintiff's motion to remand in *Priest* do not exist here.

WHEREFORE, premises considered, in the event that the Court rules that Franklin Tire has not been fraudulent joined, as asserted in Frito Lay's Notice of Removal and its response to Plaintiff's Motion to Remand, Frito Lay moves this Court to retain jurisdiction over the claims against Frito Lay and to sever and remand the Plaintiff's workers' compensation claim.

Respectfully submitted,

/s/ Angela R. Rogers
Charles A. Stewart III (CAS067)
Angela R. Rogers (RAI017)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
Email:  cstewart@bradleyarant.com
Email: arogers@bradleyarant.com

CERTIFICATE OF SERVICE

    I hereby certify that on October 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Michael Slocumb, Esq.
    Slocumb Law Firm LLC
    2006 Executive Park Drive, Suite A
    Opelika, AL 36801

    Cowin Knowles, Esq.
    Ball, Ball, Mathews & Novak, P.A.
    P. O. Box 2148
    Montgomery, AL 36102-2148

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

    s/ Angela R. Rogers
    Angela R. Rogers (RAI017)
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Avenue, Suite 780
    Montgomery, AL 36104
    Telephone: (334) 956-7700
    Facsimile: (334) 956-7701
    E-mail: arogers@bradleyarant.com