IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CALVIN BULLARD,** | * |
| | * |
| Plaintiff, | * |
| | * Case No. 3:07-cv-812-WKW-SRW |
| v. | * |
| | * |
| **STEVEN GALLAHER, et al.,** | * |
| | * |
| Defendants. | * |

## PLAINTIFF'S MOTION TO STRIKE

Comes now, the Plaintiff, William Calvin Bullard, by and through counsel, and respectfully moves this Court to strike any arguments in any of the Defendants' pleadings that rely on Exhibit C to the Defendants' Response to Plaintiff's Motion to Remand (Doc. 12-4). As grounds for this motion, the Plaintiff says and states as follows:

1. The Defendants attached a settlement demand letter as Exhibit C to their Response to Plaintiff's Motion to Remand.

2. Rule 408 of the *Federal Rules of Evidence* clearly provides that such a letter is inadmissible evidence. Specifically, Rule 408 provides as follows:

> Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> > (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> > (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

Fed. R. Evid. 408(a); *see also* Ala. R. Evid. 408 ("Evidence of (1) furnishing or offering or

1

promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." ).

3. Despite this well-established evidentiary rule, the Defendants have introduced a settlement demand letter (Document 12-4) from the undersigned.

4. The Defendants have absolutely no justification for their blatant violation of Rule 408 of the *Federal Rules of Evidence*.

WHEREFORE, premises considered, the Plaintiff respectfully requests this Honorable Court to strike Exhibit C to the Defendants' Response to Plaintiff's Motion to Remand and any arguments that rely on said exhibit.

Respectfully submitted,

/s/ Michael W. Slocumb_____
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No.  (334) 742-0525

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2007 I electronically filed Plaintiff's Motion to Strike in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, and Franklin Tire & Auto, Inc., to the following counsel of record:

>Charles A. Stewart, III
>Angela R. Rogers
>Bradley Arant Rose & White LLP
>The Alabama Center for Commerce
>401 Adams Ave., Suite 780
>Montgomery, AL 36104
>
>Cowin Knowles
>Ball, Ball, Mathews & Novak, P.A.
>P.O. Box 2148
>Montgomery, Alabama 36102

>/s/ Michael W. Slocumb
>OF COUNSEL