IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CALVIN BULLARD,** | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 3:07-cv-812-WKW-SRW |
| v. | * |
| | * |
| **STEVEN GALLAHER, et al.,** | * |
| | * |
| Defendants. | * |

**REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S MOTION TO REMAND**

Comes now, the Plaintiff, William Calvin Bullard, by and through counsel, and replies as follows to the Defendants' Response to Plaintiff's Motion to Remand (Doc. # 12):

1. The Defendants' Response to Bullard's Motion to Remand is entirely inconsistent with the applicable law. Therefore, it is due to be denied.

2. The Defendants make two arguments in their Response to Plaintiff's Motion to Remand. However, both of these arguments are clearly disputed questions of fact, which must be decided in favor of remand. *See Cabalceta v. Standard Fruit Co.*, 83 F. 2d. 1553 (11th Cir. 1989)*; Crow v. Cullman*, 113 F. 3d. 1536, 1541 (11th Cir. 1997); *Bobby Jones Apt. Inc. v. Suleski*, 391 F. 2d. 172-173 (5th Cir. 1968); *University of South Alabama v. American Tobacco Company,* 168 F. 3d. 405 (11th Cir. 1999).

3. The existence of a question of fact dictates that this case be remanded. *See id*. Moreover, both of the Defendants' arguments are both factually and legally incorrect. The Defendants first argue that the notice given by the Plaintiff was somehow insufficient. However, Bullard "immediately notified Frantklin Tire & Auto, Inc. of the collision" underlying this action. *See* Exhibit A at ¶ 8 (Affidavit of William Calvin Bullard). In fact, Franklin Tire & Auto, Inc.

("Franklin") paid for Bullard's initial doctor visit and has demanded that the Plaintiff repay Franklin for the $1,700 bill associated with this visit. *See* Exhibit A at ¶ 9.

4. Thereafter, approximately one "week after the collision, [Bullard] informed David Franklin that [his] neck was still injured and that [he] needed to see a doctor." *See* Exhibit A at ¶ 10.

5. At that point, David Franklin informed Bullard that the owner of the tractor trailer that caused the collision would be responsible for paying his medical bills, and that Franklin would not and that they were not going to file a workers' compensation claim with their workers' compensation carrier because Franklin was not responsible for the injury. *See* Exhibit A at ¶ 11.

6. David Franklin later told Bullard again that Franklin was not going to contact its workers' compensation carrier, but that Bullard himself would be in charge of calling the tractor trailer company's insurance carrier and demanding that his medical bills be paid. *See* Exhibit A at ¶ 12.

7. Based on the foregoing, it is clear that Franklin had actual notice that Bullard had been involved in an on-the-job accident.

8. "The purpose of the notice requirement is to enable an employer to provide immediate medical diagnosis and treatment in an effort to minimize the seriousness of the injury and to facilitate the earliest possible investigation of the facts." Robert W. Lee & Steven W. Ford, *Alabama Workers' Compensation Law and Handbook* § 8.02 (2d ed. 2004).

9. "Once actual knowledge of an accident and injury is imparted to an employer, the opportunity for investigation of the accident and injury and to protect against simulated and exaggerated claims is presented. **The statute does not require further notice nor continuing information be provided by the claimant without request.**" *Beatrice Foods Co. v. Clemons,*,

306 So. 2d 18, 21 (1975)(emphasis added).

10. The Defendants cite *Mid-South Elec. Co. v. Jones*, 848 So. 2d 998 (Ala. Civ. App. 2002) in their Notice of Removal and Response to Plaintiff's Motion to Remand as authority that this case is due to be removed because of the notice requirement of the Alabama Workers' Compensation Statute. However, contrary to the Defendants' assertions, *Jones* is totally inapplicable to this case.

11. In fact, several of the Defendants' assertions in paragraph 5 of their Response are blatant misstatements of the facts and holding of *Jones*.

12. The Defendants' state that "there is nothing in *Jones* to indicate that the plaintiff in that case informed her employer that the accident was not work related." However, the plaintiff in *Jones* admitted that she "concealed that she had a work-related injury for several reasons. First, she testified that she did not want to file a workers' compensation claim because she 'wanted to go back to work.' Second she testified that she wanted to be treated by Dr. White, who eventually performed three back surgeries on her, 'because he had done my surgery before and I was back at work within eight weeks.' The employee admitted that she did not want to be treated by a physician selected by the employer."

13. The Court went on to hold that:

> **The employee's deliberate decision to conceal the fact that she suffered a work-related injury defeats [the purpose of the notice requirement] because the employer did not have the opportunity to investigate the employee's injury and did not have the opportunity to monitor or manage the employee's medical treatment. Therefore, we conclude that the employee is now barred from seeking workers' compensation benefits after she made a deliberate and calculated decision to seek medical treatment under her health insurance coverage and to take disability leave from work instead of filing a workers' compensation claim.**

*Id* at 1001.

14. Based on the foregoing, the Defendants' reliance on *Jones* is clearly mistaken.

15. The facts in this case show that Franklin had actual notice of Bullard's work-related injury. Thus, the notice requirement is satisfied and it is up to Franklin, not Bullard, to investigate the accident and provide for medical treatment.

16. However, rather than doing so, Franklin has repeatedly told Bullard that they will not be filing a claim with its workers' compensation carrier. Based on this conduct, it is Franklin, not Bullard, that is attempting to conceal the accident's work-related nature.

17. The fact that Franklin paid for Bullard's initial medical treatment is even more evidence that they had notice of Bullard's accident, and that they knew that it was work related.

18. Furthermore, all of the allegations of improper notice are being levied by counsel for Frito Lay, Incl, Rolling Frito Lay Sales, LP, and Steven Gallaher, not by Franklin.

19. The Defendants' second argument is based on an argument that Bullard "has no intention of pursuing his claims against Franklin."

20. This argument is totally inconsistent with Bullard's affidavit (Exhibit A).

21. Furthermore, certainly the fact that Bullard has filed a lawsuit against Franklin in this very case, has repeatedly requested that Franklin file a claim with its workers' compensation carrier, and has repeatedly requested that Franklin provide him with medical care indicates that Bullard intends to pursue his claims against Franklin and others who remain responsible for compensating Plaintiff for his injuries and damages and that Franklin was not fraudulently joined.

WHEREFORE, premises considered, the Plaintiff respectfully requests this Honorable Court to grant Plaintiff's Motion to Remand.

Respectfully submitted,

/s/ Michael W. Slocumb
MICHAEL W. SLOCUMB (SLO010)
ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No.  (334) 742-0525

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007 I electronically filed Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, and Franklin Tire & Auto, Inc., to the following counsel of record:

 Charles A. Stewart, III
 Angela R. Rogers
 Bradley Arant Rose & White LLP
 The Alabama Center for Commerce
 401 Adams Ave., Suite 780
 Montgomery, AL 36104

 Cowin Knowles
 Ball, Ball, Mathews & Novak, P.A.
 P.O. Box 2148
 Montgomery, Alabama 36102

/s/ Michael W. Slocumb
OF COUNSEL

STATE OF ALABAMA,

LEE COUNTY.

### AFFIDAVIT OF WILLIAM CALVIN BULLARD

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths, William Calvin Bullard, who, after first being duly sworn, deposes and says on oath:

1. My name is William Calvin Bullard. I was born on December 12, 1946 and reside in Auburn, Alabama.
2. I am aware that Robert Franklin previously submitted an affidavit in this lawsuit and I am aware that David Franklin has now submitted an affidavit as well.
3. Both affidavits contain misrepresentations and falsehoods and I am compelled to submit this affidavit in order to correct the untrue statements made by the Franklins.
4. In the affidavit submitted by Robert Franklin, he stated that I was an independent contractor and not an employee of Franklin Tire & Auto, Inc. This was untrue and proven to be untrue by the W-2 Forms I submitted with my first affidavit illustrating that I was an employee of Franklin Tire & Auto, Inc. The W-2 Forms revealed that Franklin Tire & Auto, Inc. withheld employee payroll taxes from my paychecks.
5. In the same affidavit, Robert Franklin further stated that I never asked to be referred to a workers' compensation doctor. This statement is simply a convenient misrepresentation and a lie.
6. In the affidavit submitted by David Franklin, he states that I told him the only reason I included Franklin Tire & Auto, Inc. in this lawsuit was to keep this case in a certain court. This is another convenient misrepresentation and a lie.
7. On June 30, 2006 I was involved in a motor vehicle collision in Russell County, Alabama while operating a tow truck owned by Franklin Tire & Auto, Inc. At the time of the collision, I was acting within the line and scope of my employment with Franklin Tire & Auto, Inc.
8. I immediately notified Franklin Tire & Auto, Inc. of the collision.
9. As a result of the collision, my head struck the rear windshield in the tow truck and caused the windshield


PLAINTIFF'S EXHIBIT A

to shatter. I had a headache and my neck was injured. Therefore, I immediately reported to Auburn Urgent Care in Auburn, Alabama. Auburn Urgent Care referred me to East Alabama Medical Center for a CT Scan of my brain. It is my understanding that Franklin Tire & Auto, Inc. paid for this initial visit and CT Scan from company funds but did not report the claim to their workers' compensation insurance company. I know this because David Franklin has told me on numerous occasions that I owe Franklin Tire & Auto, Inc. over $1,700.00 for paying my initial medical expenses to Auburn Urgent Care and East Alabama Medical Center.

10. Approximately one (1) week after the collision, I informed David Franklin that my neck was still injured and that I needed to see a doctor.

11. David Franklin informed me that the owner of the tractor trailer that caused the collision would be responsible for paying for my doctors' bills and that I should therefore make an appointment with my own family doctor. David Franklin told me that they were not going to file a workers' compensation claim because the tractor trailer caused the collision, my injuries and damages, and that they (Franklin Tire & Auto), were not responsible.

12. Robert Franklin told David Franklin, in my presence, not to file this claim with their workers compensation insurance company. Later that week, David Franklin told me to call the insurance company for the tractor trailer because he said the insurance company told him that they would pay for my medical bills, injuries, and damages.

13. I am not a lawyer and am not familiar with the workers' compensation laws in the State of Alabama. I believed what David Franklin told me. David Franklin never explained to me that I had the right to be seen by a workers' compensation doctor. If David Franklin or anyone associated with Franklin Tire & Auto, Inc. had offered to send me to a workers' compensation doctor, I would have made an appointment with such doctor.

14. I then returned to Auburn Urgent Care and they referred me to Herring Chiropractic in Opelika, Alabama. Herring Chiropractic agreed to treat my condition without payment until I recovered against the person(s) responsible for my injuries.

15. After treating with Herring Chiropractic for several weeks, I did not see any improvement in my neck.

16. I then attempted to make an appointment with another doctor. I contacted numerous doctors and each such doctor informed me they could not see me because they would

not handle third party insurance claims, meaning they would not send the bill to the insurance company for the tractor trailer company. I had no other means to pay for the treatment so I was unable to make an appointment.

17. I then reported to David Franklin that no family doctor would agree to treat me because I did not have insurance and they were unwilling to send the bill to the insurance company for the owner of the tractor trailer that caused the collision.

18. After learning this information, David Franklin still refused to report this claim to his workers' compensation insurance company and again instructed me that I would have to see my own family doctor. David Franklin rhetorically asked me if "I could go about this a different way". Again, I am unfamiliar with the workers' compensation laws in the State of Alabama and believed what my employer told me and I continued trying to seek treatment for my injuries on my own, as this was my only alternative.

19. I continued treating with Herring Chiropractic, who later referred me to Dr. Frazier Jones at The Orthopaedic Clinic in Opelika, Alabama.

20. In the Fall 2006 I hired attorney Dan Goldberg to represent me. Mr. Goldberg never informed me of my right to see a workers' compensation doctor. In fact, Mr. Goldberg failed to communicate with me regarding any issue in my case. Therefore, in 2007 I terminated Mr. Goldberg as my lawyer.

21. After terminating Mr. Goldberg as my attorney, I retained attorney Michael Slocumb to represent me in this case.

22. Immediately after retaining Mr. Slocumb as my new lawyer, I was made aware that Mr. Goldberg had attempted to settle my case with the tractor trailer company for a very small amount.

23. I was surprised to learn that Mr. Goldberg had tried to settle my case because I was still receiving medical treatment from Herring Chiropractic and Dr. Frazier Jones. In fact, in February 2007, after Mr. Goldberg attempted to settle my case without my consent, I underwent an anterior cervical fusion.

24. Prior to undergoing the cervical fusion, I informed David Franklin that my lawyer, Mr. Slocumb, instructed me to file my injuries with Franklin Tire & Auto's workers' compensation insurance company.

25. David Franklin told me he would not agree to file this matter with his workers' compensation insurance company.

26. After undergoing the cervical fusion, Mr. Slocumb obtained my medical records and expenses and mailed a settlement demand to the insurance company for the owner of the tractor trailer that caused the collision.

27. The insurance company rejected the settlement demand. I was surprised to learn that the owners of the tractor trailer that caused the collision would refuse the settlement demand because in July 2006, David Franklin and the insurance company told me they would pay for my damages.

28. I then instructed Mr. Slocumb to file a lawsuit against those parties responsible for compensating me for the injuries and damages I sustained as a result of the collision on June 30, 2006, including Franklin Tire & Auto, Inc., Rolling Frito Lay Sales, L.P., and Frito Lay, Inc.

29. From the time the lawsuit was filed against Franklin Tire & Auto, Inc., David Franklin has harassed me, attempted to intimidate me, cut my hours, made me return a company cell phone and taken numerous other measures with the effect of making my employment miserable. I can only conclude that Mr. Franklin is taking these actions in retaliation for filing a workers' compensation lawsuit against Franklin Tire & Auto, Inc. and making my working conditions difficult to the point that I have no other alternative but to terminate said employment. I do not want to terminate my employment with Franklin Tire & Auto, Inc. and had enjoyed working there until I filed a workers' compensation lawsuit against them.

30. My medical bills have not been paid by anyone and the lawsuit I have filed against Franklin Tire & Auto, Inc., Rolling Frito Lay Sales, L.P., and Frito Lay, Inc. is necessary if I am to be compensated and made whole for my injuries and damages.

_William Calvin Bullard_
William Calvin Bullard

Sworn to and subscribed before me this 30th day of October, 2007.

_____
NOTARY PUBLIC

My Commission Expires Dec 16 2007