IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM CALVIN BULLARD,** | * |
| Plaintiff, | * |
| v. | * Case No. 3:07-cv-812-WKW-SRW |
| **STEVEN GALLAHER, et al.,** | * |
| Defendants. | * |

**REPLY TO DEFENDANTS'
REPLY TO PLAINTIFF'S OPPOSITION
TO FRITO LAY'S MOTION TO SEVER AND REMAND**

Comes now, the Plaintiff, William Calvin Bullard, by and through counsel and in reply to the Defendants' Reply to Plaintiff's Response to Frito Lay's Motion to Sever and Remand heretofore filed in this case says, and states as follows:

1. Plaintiff adopts his Response to Defendants' Motion to Sever and Remand previously filed in this matter.

2. Defendants' Motion to Sever and Remand is without any legal basis and Defendant continues to cite and misapply case law that is factually and legally distinguishable from the present case.

3. *Priest v. Sealift Services Intern., Inc.*, 953 F. Supp. 363 (N.D. Ala., Jan. 21, 1997) sets forth the law controlling the facts of this case and dictates that the Defendants' Motion to Sever and Remand is due to be denied. A copy of Judge Acker's memorandum opinion in that case was furnished to the Court as Exhibit A to Plaintiff's Opposition to Defendants' Motion to Sever and Remand.

4. Judge DeMent and Judge Albritton of this District have recently followed Judge

1

Acker's rationale in remanding workers' compensation claims properly joined with common law tort claims. *See Mary Ann Brascom. v. Morbark, Inc.*, 01-D-1082-N, Slip Op. at pages 7-8 (M.D. Ala. Nov. 20, 2001)(De Ment, J.); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala., Dec. 12, 2001). Plaintiff relies on the arguments set forth in Plaintiff's Opposition to Defendants' Motion to Sever and Remand as the basis that Defendants' Motion is due to be denied and this matter is due to be remanded in its entirety.

5.      Defendant, Frito Lay, again relies upon *Wausau Underwriters Ins. Co.*, 2007 WL 1159699, __ F. Supp.3d __ (M.D. Ala., Apr. 18, 2007) and *White v. Travelers Ins. Co.*, Case No. 01-0398-S in support of its Motion to Sever and Remand. However, the two cases relied upon by Defendant are distinguishable from the present case as neither case addresses the issue of complete diversity as required by U.S.C. §1441 as complete diversity existed in both cases. Both cases relied upon by the Defendants address the issue of severing claims, not parties (as Defendant would have this Court do), only after all non-diverse parties had been dismissed from the case.

6.      The cases cited by Defendant, Frito Lay, have no legal or factual relevance to the present case. In *Wausau Underwriters Ins. Co.*, 2007 WL 1159699, __ F. Supp.3d __ (M.D. Ala., Apr. 18, 2007), complete diversity existed from the outset. Each defendant in the case was a non-resident. Therefore, complete diversity existed from the outset. The plaintiff alleged the tort of outrage and claimed workers' compensation benefits. *Id* at 2. The Court rightfully severed the state workers' compensation claim (on the basis of U.S.C. § 1445(c)) and remanded the same to the Circuit Court of Coosa County. If either defendant in Wausau had been a resident, the Court would have followed the holding of *Priest* and remanded the case and all claims in its entirety. **The Court did not sever and remand non-diverse parties**, as Defendants' would have this

Court do, but **merely severed and remanded claims** against diverse defendants in a case in which complete diversity already existed. *Id.*

7. In *White v. Travelers Ins. Co.*, Case No. 01-0398-S, the second case cited by Defendant, Frito Lay, in support of its Motion to Sever and Remand, the Court simply held that the resident defendant had been fraudulently joined and therefore properly dismissed them from the case. *Id* at 5. It was only after dismissing the sole resident defendant on the basis of fraudulent joinder that the Court severed and remanded the state workers' compensation claims from the outrage claims. *Id* at 10. Again, just as in *Wausau*, the Court did not sever and remand non-diverse parties, but merely severed and remanded claims against a single, non-resident party. In *Travelers*, if the Court had not dismissed the only resident defendant on grounds of fraudulent joinder, the Court would have followed *Priest* and remanded the case and all claims in its entirety.

8. Defendant, Frito Lay, is attempting to create diversity by severing a resident defendant from the non-resident defendants. In the context of removal and remand, there is no cases law that exists, and Defendant, Frito Lay, cites no case law, in which a Court has created diversity by severing resident defendants from non-resident defendants and remanding the resident defendant to state court while maintaining control over those claims brought against the non-resident defendants. Doing so would nullify the intent of §1441(a) and simply provide diverse defendants in future cases an avenue of creating complete diversity in making otherwise non-removable cases removable. As argued hereinabove, in the cases relied upon by Defendant, Frito Lay, complete diversity existed and only addressed the issue of severing and remanding claims against a diverse defendant.

9. In this case, total diversity would only exist upon the severance of the Plaintiff's claim against Franklin Tire & Auto, Inc., a non-diverse party. For the reasons set forth

hereinabove and the previously filed pleadings, Franklin Tire & Auto is a properly joined Defendant. Therefore, complete diversity is not present as required by §1441 and Defendant, Frito Lay, cannot create diversity simply by severing Franklin Tire & Auto as a party to the entire case.

WHEREFORE, premises considered, Bullard respectfully moves this Court to deny the Defendants' Motion to Sever and Remand.

                                  Respectfully submitted,

                                  /s/ Michael W. Slocumb
                                MICHAEL W. SLOCUMB (SLO010)
                                ATTORNEY FOR THE PLAINTIFF

OF COUNSELL:

SLOCUMB LAW FIRM, LLC
2006 Executive Park Drive
Suite A
Opelika, Alabama 36801
Tel. No. (334) 741-4110
Fax No. (334) 742-0525

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2007 I electronically filed Plaintiffs Reply to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Sever and Remand in the Clerk of Court using the CM/ECF system which sent notice of such filing to counsel for Defendants, Rolling Frito Lay Sales, L.P., Frito Lay, Inc., Steven Gallaher, and Franklin Tire & Auto, Inc., to the following counsel of record as follows:

    Charles A. Stewart, III
    Angela R. Rogers
    Bradley Arant Rose & White LLP
    The Alabama Center for Commerce
    401 Adams Ave., Suite 780
    Montgomery, AL 36104

    Cowin Knowles
    Ball, Ball, Mathews & Novak, P.A.
    P.O. Box 2148
    Montgomery, Alabama 36102

                                            /s/ Michael W. Slocumb
                                            OF COUNSEL